UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY ZIMMERMAN

V.                                                                  CASE NO. 3:02CV00181(AVC)

GARY COHEN

## PRETRIAL ORDER

The parties shall jointly submit in duplicate and in one continuous document to be signed by all counsel a trial memorandum. This form shall be submitted by no later than <u>May 28, 2004</u>. The trial memorandum shall contain the following information:

1) **TRIAL COUNSEL:** the names, addresses and telephone numbers of the attorneys who will try the case;

2) **JURISDICTION:** the basis for federal jurisdiction;

3) **JURY/NON-JURY:** whether the case is to be tried to a jury or to the court;

4) **LENGTH OF TRIAL:** an estimate of the number of trial days required;

5) **FURTHER PROCEEDINGS:** the necessity of any further proceedings prior to trial;

6) **NATURE OF CASE:** the factual basis for each cause of action, articulated separately, and the relief sought;

7) **TRIAL BY MAGISTRATE JUDGE:** appended agreement, if any, authorizing Magistrate Judge Thomas P. Smith to preside at trial;

8) **LIST OF WITNESSES:** the names and addresses of each witness to be called at trial and the number of hours they will testify, including cross-examination, with a brief summary of the anticipated testimony. Witnesses not included in this list-- except those used for rebuttal or impeachment--shall not be permitted to testify at trial, except for good cause shown.

9) **EXHIBITS:** a list of all exhibits--including a brief description of their contents--to be offered at trial on the case-in-chief. Exhibits not listed, except those used in rebuttal or for impeachment, will not be admissible at trial; except for good cause shown. Exhibits shall be marked numerically for the plaintiff and the defendant with exhibit tags to be provided by the clerk's office. Copies of the actual exhibits shall be exchanged no later than fourteen (14 days) prior to trial, and the original set of exhibits shall be submitted to Courtroom Deputy Jo-Ann Walker on the day of trial.
Any objection to the admissibility of any exhibit, other than on the grounds of relevance, shall be filed with the court in writing within three (3) days prior to the trial together with a

memorandum of authorities in support of the objection.  If no objection is made, the exhibit may be admitted without further offer;

    10) **TRIAL TO COURT/JURY:** a written stipulation of uncontroverted facts and law;

      a) **Court:** proposed findings of fact and conclusions of law, as to each opposing view, citing relevant authority where appropriate;

        b) **Jury:**

          i) **Proposed Voir Dire Questions:** a list of questions to be submitted to the jury panel;

          ii) **Proposed Jury Instructions:** requests for jury instructions (in writing and on disc formatted in Word Perfect).  General jury instructions which, for example, instruct the jury on its role, evidence in general, witness credibility; etc., are <u>not</u> required.

        c) **Opening Statements**: Local Rule 83.4 (as amended July 18, 2003) permits counsel in civil jury trials to make an opening statement subject to the limitations imposed by the Judge.  Counsel wishing to make an opening statement shall so indicate in the joint trial memorandum.  Opening statements are not to exceed fifteen (15) minutes except by advance leave of the Court.

Dated at Hartford, Connecticut, this 28th day of April, 2004.

                                    /s/ AVC  
                                  Alfred V. Covello  
                                United States District Judge