## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY ZIMMERMAN | : | No.:302 CV 0181 (AVC) |
| *Plaintiff* | : | |
| | : | |
| VS. | : | |
| | : | |
| GARY COHEN | : | |
| *Defendant.* | : | April 30, 2004 |

## AFFIDAVIT OF GARY ZIMMERMAN IN SUPPORT OF MOTION FOR RECONSIDERATION

1. I am Gary Zimmerman. I currently reside in Las Vegas, Nevada.

2. On or about August 4, 2000, I retained attorney Gary Cohen to represent my interests in a divorce proceeding against my then wife. I paid Gary Cohen an initial retainer fee in the amount of $20,000. I signed a written retainer letter, a true and accurate copy of which is attached hereto as Exhibit "A".

3. I paid various additional retainer fees to Gary Cohen, when requested by Gary Cohen during the course of my representation. In total I paid Attorney Cohen over $100,000 of hourly fees and I believe he kept an additional $46,000 of my retainer which was not billed against.

4. Attorney Cohen, at my request, pursued an existing divorce action in the Superior Court of the State of Connecticut for me.

5. My wife initiated a competing divorce action against me in the State of Nevada and Attorney Cohen assisted in my representation in that matter through Nevada counsel.

6. On or about May 17, 2001, I paid Attorney Cohen, an additional retainer fee of $25,000, which was requested just prior to a scheduled mediation conference to be held in Chicago, Illinois.

7. On or about May 21, 2001, I along with Attorney Cohen met with my wife, and her attorney, in Chicago for a formal one-week mediation in an attempt to reach a settlement , and to end the litigation proceeding in both Connecticut and Nevada (the "Chicago Mediation").

8. Beginning on May 21, 2001 and continuing through May 25, 2001, Attorney Cohen represented me at the Chicago Mediation.

9. When I hired Attorney Cohen, I believed and relied upon the fact that he had accepted the <u>duty</u> and <u>obligation</u> to represent me diligently and faithfully and to meet the standard of care and abide by the ethical rules applicable to attorneys representing clients in divorce proceedings.

10. Beginning on May 24, 2001, Attorney Cohen due to what I believe was a conflict of interest, that being his desire to charge me additional fees, failed to remain with the scope of the representation as defined by me and abide by my decisions

concerning my divorce, when my decisions were well within the parameters prescribed by law.

11.     From on May 21, 2001 onward, Attorney Cohen's representation of me was blatantly adverse to my interests, in that it appeared to me that Attorney Cohen's ultimate goal was to coerce an additional $300,000 from me and as part of that coercion to pay an additional $300,000 to my wife's lawyer.  At various times he used threatening language, hung up phones on me and walked away from me all while I was paying him to be my lawyer.

12.     In particular, Attorney Cohen on Wednesday, May 23, 2001 and Thursday, May 24, 2001 at various times demanded of me and pressured me to pay to him and to my wife's lawyer $600,000 of additional fees for work never performed.

13.     During this one-week mediation attempt in Chicago, Illinois, in particular on Wednesday, May 23rd and Thursday, May 24th, 2001, Attorney Cohen demanded that I pay him a $300,000 in addition to approximately $150,000 of legal fees already paid by me, or billed by the him for his representation in the divorce proceeding upon the actual or implicit threat of withdrawal of his representation unless I agreed.

14.     Attorney Cohen clearly implied to me that he would divulge to opposing counsel certain information related to the divorce action in Connecticut which would be

3

detrimental to my best interests, which information was in fact withheld from me until the time of the mediation unless I paid the additional fees.

15.  During the Chicago Mediation, Attorney Cohen demanded that I make a $300,000 payment to my wife's counsel.

16.  Attorney Cohen told me and also told others including a lawyer in Chicago I consulted for help, that should I not agree to pay the requested fees, he would leave Chicago, and "Shelve" the mediation and any possibility of settlement.

17.  Attorney Cohen's demand for $300,000 is a sum far in excess of any fees I agreed or was obligated to pay by the Retainer Agreement and created a conflict of interest, forcing me to attempt to retain an attorney admitted to practice in the State of Illinois, to represent me in my discussions with Attorney Cohen. I was in the impossible and untenable situation of having to hire an attorney to talk to my attorney for me all the while being pressured to pay sums I did not owe or face imminent disaster.

18.  I was so fearful of Attorney Cohen's threats that I would not allow the Attorney I contacted in Chicago to step into the case because when Attorney Cohen found out that I spoke with another lawyer he became angry and reiterated his implied threat to disclose adverse information to opposing counsel.

19.  When the attorney I consulted in Chicago informed Attorney Cohen I did not wish to pay him the demanded $300,000 or pay my wife's attorney $300,000,

4

Attorney Cohen's angry response was that the $600,000 would then have to go to my wife. That result was clearly contrary to my best interests and was clearly a threat to make me give in and pay him the money he wanted.

20. As a result of the threats and intimidation I was coerced and frightened into paying the $600,000 to Attorney Cohen and to Attorney Grund, my wife's lawyer. It is important to note that I never spoke directly with Attorney Grund about his $300,000. It was Attorney Cohen who made demand for Attorney Grund.

21. Also, when I refused to pay Attorney Cohen demanded the $300,000 Attorney Cohen failed to follow my instructions and remove provisions from the settlement agreement that discussed the payment of the funds.

22. Attorney Cohen designated the $600,000 as a fee paid for "tax advice", while I was told in a letter dated May 24, 2001 that no such advice was given. In addition, the settlement agreement that I objected to held a provision disclaiming liability relative to "tax advice". Finally, the tax structure of the separation agreement was defective as it actually caused me to incur taxes for distribution to my wife.

23. While Attorney Cohen was coercing me into paying him the $300,000 and to pay Attorney Grund $300,000, Attorney Cohen out of nowhere told me there was a serious jurisdictional defect in my Connecticut case which threatened his ability to obtain a valid property division in Connecticut. He implied he would disclose this fact

to my wife's attorney if I did not capitulate and I believed him. I did not hear of this problem until I was in Chicago and it did not come up until I objected to paying him and paying Attorney Grund each $300,000.

24. In addition, Attorney Cohen failed to secure for me in my divorce proceeding any one of four (4) family homes despite at least one of the four (4) family homes being available to me at the beginning of negotiations.

25. Attorney Cohen failed to provide any tax advice at all to me during the course of the divorce despite claiming over $300,000 in legal fees for tax advice. His bills to me and his time records produced in this case reveal only .5 hours spent reviewing a tax return.

26. Attorney Cohen failed to promptly and diligently pursue my divorce action allowing my wife to obtain an earlier trial date in Nevada subjecting me to a potential property division in a community property state.

27. Attorney Cohen never took any action to correct or even disclose to me the jurisdictional issue he raised in Chicago. If he knew what the problem he never told me about it until he was trying to make me agree to pay him $300,000.

28. Attorney Cohen to-date has failed to submit any invoices reflecting any invoices reflecting any activity on the Plaintiff's account since May 7, 2001. I had on

6

deposit with Attorney Cohen over $40,000 in retainer funds which were neither billed against nor applied by Attorney Cohen against billings.

29. Attorney Cohen entered into a Retainer Agreement with me which provided for the non-refundability of unexpended and unearned retainer funds, in this case a total of more than $46,000. A copy of that Retainer Agreement is attached hereto as Exhibit A. The Retainer Agreement did not require me to pay anything to Attorney Cohen beyond his hourly billing.

30. As result of Attorney Cohen's conduct I have been damaged. In particular, I lost a large portion of my assets including at least one of the family homes, incurred unnecessary attorney fees, was forced into paying large sums of money under threat, coercion, misrepresentation and intimidation and I did not want to pay. I to-date have not been provided with a final accounting of the charges incurred and amounts paid to Attorney Cohen and have been deprived of over $46,000 in retainer funds which represent payment of unearned fees.

31. Attorney Cohen made various statements and representations to me during the course of my divorce which were untrue, and were clearly designed to benefit him and not me including the fact that the Connecticut Divorce action was jurisdictically defective. Attorney Cohen has never told me why that was so. Moreover, Attorney Cohen told me he had a two step process by which the distributions from

Zimmerman Properties, Inc. to my wife would be tax fee.  He never told me what that method was.

      32.    Attorney Cohen's statement that jurisdictional basis for the Connecticut divorce action was flawed and that he would disclose the facts to opposing counsel was untrue, unsupported and designed to mislead me or threaten me.

      33.    Attorney Cohen's statement that if another attorney appeared for me he would cause the mediation to fail was untrue or designed solely to threaten me.

      34.    Attorney Cohen's statement in the Separation Agreement he prepared that the $300,000 fee can be treated as "tax advice"

and be deductible was untrue.  In fact, the Separation Agreement he and Attorney Grund drafted specifically denied that tax advice was being given.  Attorney Cohen also sent me or gave me a letter dated May 24, 2001 in which he claimed I received no tax advice.  A true and accurate copy of that Separation Agreement is attached hereto as Exhibit B.  A true and accurate copy of that letter is attached hereto as Exhibit C.

35. I reasonably relied upon the statements and representations of the Gary Cohen all to my detriment.  I relied upon these statements and upon Attorney Cohen to represent my best interests.

36. Most of Attorney Cohen's actions asserted above relates solely to the business relationship between us and not his representation of me.

37. I have sustained ascertainable loss of money and property, and it is substantial in nature including $600,000 in payments to Attorney Cohen and Attorney Grund, $200,000 in taxes, $46,000 in excess retainer funds, attorney fees for my Chicago attorney and legal fees in pursuing this action.

38. I believe Attorney Cohen's wrongful acts established principles and concepts of unfairness.  He acted deceptively and unfairly.  He charged unreasonable fees and demanded sums upon threats for in excess to which he was entitled.

39.     Attorney Cohen's unfair and deceptive acts and practices as alleged herein, directly and proximately caused my injuries and losses.

40.     I have spoken to other former clients of Attorney Cohen's and their experiences with him are not unlike mine.

_____
Gary Zimmerman

Subscribed and sworn to before me this \_\_\_\_\_ day of April 2004.

_____
Commissioner of the Superior Court/
Notary Public

My Commission Expires:

*CERTIFICATION*

      This is to certify that a copy of the foregoing was mailed, postage prepaid, on this, the 30th day of April, 2004, to the following counsel of record:

Robert Scott Slifka, Esq.
Katherine C. Callahan, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street, Suite 2400
P.O. Box 231277
Hartford, CT 06123-1277

Christopher P. McClancy, Esq.
1051 Post Road, Suite 3
P.O. Box 1124
Darien, CT 06820-1124

                                                    Kenneth A. Votre,