UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY ZIMMERMAN<br>Plaintiff | : | CIVIL ACTION NO.:<br>3:02 CV 0181 (AVC) |
| VS. | : | |
| GARY COHEN<br>Defendant | : | MAY 21, 2004 |

### DEFENDANT GARY COHEN'S OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

The defendant, Gary Cohen ("defendant"), respectfully objects to the Motion for Reconsideration ("Motion"), dated April 30, 2004, filed by the plaintiff, Gary Zimmerman ("plaintiff"). The plaintiff's Motion requests that the Court reconsider its grant of Summary Judgment to the defendant on three counts of plaintiff's Complaint. In a decision dated April 23, 2004 ("Decision"), the Court (Covello, J.) ruled that, as a matter of law, the plaintiff had failed to raise a genuine issue of fact as to whether the defendant made any intentional or reckless misrepresentations to the plaintiff or engaged in any conduct constituting a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes §§ 42-110b (a) et seq. Plaintiff now seeks reconsideration of that order.

362828

Plaintiff's Motion is baseless. Motions for reconsideration are appropriate only where the moving party can point to newly discovered facts, an intervening change in the law or the existence of law that the Court has failed to consider. None of these conditions are present in this matter. The mere attachment to the Motion of an affidavit echoing the allegations in the Complaint does not meet the standard of newly discovered evidence. Moreover, plaintiff's primary argument in support of the Motion, that he misunderstood the scope of the Motion for Partial Summary Judgment, holds little weight. Plaintiff responded to the Motion for Partial Summary Judgment, and attached certain documents allegedly supporting his Objection. That the Court found his documentary evidence and arguments inadequate to create an issue of material fact does not give plaintiff the opportunity to relitigate the summary judgment motion. A Motion for Reconsideration is not the proper avenue for plaintiff to "rescue" his inadequate and incomplete reply to the original motion.

362828

Therefore, as is more fully set forth in the attached Memorandum of Law in Support of defendant's Objection to Plaintiff's Motion for Reconsideration, the defendant respectfully requests that the Court sustain his objection and deny plaintiff's Motion. Should the Court grant plaintiff's Motion, defendant requests that court grant defendant the opportunity to respond on the merits to arguments and evidence plaintiff has now made in opposition to the Motion for Partial Summary Judgment.

RESPECTFULLY SUBMITTED,
DEFENDANT,
GARY COHEN

By: _____
    KATHERINE C. CALLAHAN, ESQ.
    Federal Bar Number ct06126
    R. SCOTT SLIFKA, ESQ.
    Federal Bar Number ct21407
    UPDIKE, KELLY & SPELLACY, P.C.
    One State Street
    P.O. Box 231277
    Hartford, CT  06123-1277
    Tel. No. (860) 548-2600

362828

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been mailed, postage prepaid, this 21st day of May, 2004, to all pro se parties and counsel of record as follows:

Kenneth A. Votre, Esq.
Hurwitz, Cooper, Silverman & Votre, P.C.
667 State Street
New Haven, CT  06511

BY: _____
R. SCOTT SLIFKA, ESQ.
Updike, Kelly & Spellacy, P.C.

362828

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY ZIMMERMAN<br>Plaintiff | : | CIVIL ACTION NO.:<br>3:02 CV 0181 (AVC) |
| VS. | : | |
| GARY COHEN<br>Defendant | : | MAY 21, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MOTION FOR RECONSIDERATION

### I. BACKGROUND

The plaintiff, Gary Zimmerman ("plaintiff"), commenced this action by Writ, Summons and Complaint dated January 30, 2002 against the defendant, Gary Cohen ("defendant"), his former attorney. Complaint, First Count, ¶ 6. The gravamen of the plaintiff's Complaint against the defendant is his sudden dissatisfaction with the outcome of his marital dissolution proceedings, during which the defendant provided legal services to him. Id., First Count, ¶ 6, 29. On or about May 6, 2003, defendant filed a Motion for Partial Summary Judgmenton the Fourth, Fifth and Seventh Counts of the Complaint, sounding in intentional and reckless misrepresentation and CUTPA. On or about June 23, 2003 plaintiff filed an Objection to defendant's Motion for Partial Summary Judgment.

362828

On April 23, 2004, the Court (Covello, J), issued a Ruling on the Defendant's Motion for Partial Summary Judgment ("Ruling"). Therein, the Court granted defendant's Motion for Partial Summary Judgment as to all three counts set forth above, stating generally that the plaintiff failed to raise an issue of material fact on any of the counts. On or about April 30, 2004, plaintiff filed a Motion for Reconsideration ("Motion"), requesting that the Court review its Ruling, because "Plaintiff's counsel erroneously believed the defendant's Motion to be essentially a Federal Rules of Civil Procedure Fed R. Civ. R. (sic) 12(b)(6) motion." Motion at 10. Plaintiff further stated that "Either the plaintiff's counsel or the court misunderstood the Defendant's motion." Motion at 15. More specifically, plaintiff suggests that his response to the Motion for Partial Summary Judgment was narrow and lacking because he misunderstood the burdens required by a Motion for Summary Judgment and a response thereto. The gall of plaintiff's Motion for Reconsideration is matched only by its baselessness.

## II. ARGUMENT

### A. PLAINTIFF'S MOTION FOR RECONSIDERATION IS IMPROPER, AS PLAINTIFF HAS FAILED MEET ANY OF THE REQUIREMENTS FOR FILING A MOTION FOR RECONSIDERATION

"The standard for granting a motion for reconsideration is strict." Scott v. Town of Monroe, 2004 U.S. Dist. LEXIS 4294 at *1 (U.S. Dist. 2004) (copy attached as Exhibit A) *citing* Channer v. Brooks, 2001 U.S. Dist. LEXIS 25065, 2001 WL 1094964 at *1 (D. Conn. 2001); Shrader v. CSX

362828                                              2

Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is neither a "second bite at the apple" nor "a vehicle for relitigating old issues, presenting the case under new theories, [or] securing a rehearing on the merits." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Put more definitively, a party moving for reconsideration "must demonstrate that newly discovered facts exist that require consideration, that there has been an intervening change in the law, or that the court has overlooked and thus failed to consider an aspect of the law presented by the [moving party] which, if left unredressed, would resulted in clear error or cause manifest injustice." Weinstock v. Wilk, 2004 U.S. Dist. LEXIS 2844 at *3-4 (U.S. Dist. 2004) (copy attached as Exhibit B). Here, plaintiff has offered no newly discovered facts, indicated no changes in the law and has failed to indicate any aspect of the law overlooked by the Court. Thus, plaintiff has failed to meet a single requirement necessary to sustain a motion for reconsideration. Rather, plaintiff is hoping for a second bite of the apple in an effort to reverse the Court's decision, belatedly provide alleged evidentiary support for plaintiff's Objection to defendant's Motion for Partial Summary Judgment and obtain a reversal of the Court's decision.

In support of his Motion, plaintiff provides pages of deposition testimony, an affidavit, correspondence between plaintiff and defendant and a copy of the Martial Settlement Agreement which is the genesis of this matter. None of these documents can be considered newly discovered facts. Other than the affidavit of the plaintiff, all of these documents were in existence long before the

362828                                  3

Motion for Partial Summary Judgment was decided. In fact, the correspondence and Marital Settlement Agreement were submitted to the Court along with the plaintiff's opposition. Moreover, the affidavit contains no new information. Rather, it merely restates plaintiff's earlier representations by way of stale allegations, which could have been invoked in an affidavit filed in support of plaintiff's original objection.

"A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the underlying motion." Seaboard Stamford Investor Assoc. v. Thinkdirectmarketing, Inc., 2004 U.S. Dist. LEXIS 1688 at *3-4 (U.S. Dist. 2004) (copy attached as Exhibit C) *quoting* Lo Sacco v. Middletown, 822 F. Supp. 870, 877 (D. Conn. 1993). All of the evidence provided by plaintiff in support of the Motion was available to plaintiff well before the Court's decision. The plaintiff cannot now, after the Ruling, submit dated evidence in an effort to overturn that ruling. Plaintiff's Motion fails to meet the newly discovered evidence test for a Motion for Reconsideration.

Plaintiff can no more point to changes in the law than he can to newly discovered evidence. In support of his Motion, plaintiff cites such venerable cases as Celetex Corporation v. Catrett, 477 U.S. 317 (1986) and Farid v. Smith, 850 F. 2d 917 (1988) to set forth the standards and burdens incumbent on the moving party in a Motion for Summary Judgment. The plaintiff also quotes extensively from Rule 56(e) of the Federal Rules of Civil Procedure setting forth the Court rules for

the attachment of affidavits to a Motion for Summary Judgment. The defendant submits that plaintiff cannot represent these citations as either groundbreaking or representative of a dramatic change in the law. Plaintiff's Motion is based on his "fundamental misunderstanding of the Court's view of the Defendant's Motion…" Motion at 17. It is not based on any fundamental changes in the standards for summary judgment. Plaintiff's Motion fails to meet the intervening change in law test for a Motion for Reconsideration.

Plaintiff cannot satisfy either of the first two prerequisites for a Motion for Reconsideration. Plaintiff also cannot meet the third prerequisite. Plaintiff must show that the Court overlooked an aspect of the law presented by the moving party, and that such failure resulted in a manifest injustice. See, e.g., Weinstock v. Wilk, 2004 U.S. Dist. LEXIS 2844 at *3-4 (U.S. Dist. 2004) (Exhibit B). Plaintiff dedicates significant portions of his Motion to establishing the standards and burdens that apply to a motion for summary judgment. The Court thoroughly addressed these standards and burdens in its Ruling (see, e.g., the portion of the Ruling captioned "Standard"). In fact, both the Motion and the Ruling rely heavily on Celetex Corporation v. Catrett, 477 U.S. 317 (1986), when addressing the standards for summary judgment motions. Clearly, plaintiff cannot make an argument that the Court failed to consider this aspect of law in rendering its Ruling, and, in fact, plaintiff has not done so. Moreover, plaintiff has not argued, nor can he, that a manifest injustice has resulted

362828                                                                 5

from the Ruling. There is no evidence to support that contention, and plaintiff's Motion should be denied.

Having failed to meet the exacting standards required by the Court when considering a motion for reconsideration, plaintiff's Motion reads more like a revised objection to defendant's Motion for Summary Judgment. Plaintiff fails to set forth any standards for a motion for reconsideration, and provides no basis for reconsideration. Plaintiff sets forth the facts, sets forth the procedural status, restates the summary judgment standard and restates his argument against defendant's original Motion for Partial Summary Judgment. Plaintiff is simply using the Motion in an attempt to relitigate matters already decided upon by the Court. This is the type of conduct specifically prohibited by the Second Circuit in motions for reconsideration. See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). "Reconsideration of a previous ruling is appropriate where there has been an intervening change in controlling law, new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice." MM Global Servs. v. Dow Chem. Co., 2004-1 Trade Cas. (CCH) P74, 2004 U.S. Dist. LEXIS 4139 (U.S. Dist. 2004) (copy attached as Exhibit D) *quoting* United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994). In the case at bar, plaintiff has failed to meet this strict standard, and thus plaintiff's Motion should be denied.

### B. PLAINTIFF'S ADMITTED SELF INFLICTED WOUND IS AN INSUFFICIENT BASIS FOR RECONSIDERATION

While attempting to put forth a legal basis for his Motion, plaintiff admits that the true basis of the Motion is his own mistake. "Plaintiff's counsel erroneously believed the defendant's motion be essentially a Fed R. Civ. R. (sic) 12(b)(6) motion … The motion filed by the defendant although in the guise of a Rule 56 (b) motion, is, in fact, a Rule 12(b)(6) motion." See Motion at 10. Such a claim borders on the absurd. Defendant's underlying motion is entitled "Motion for Partial Summary Judgment." Defendant supported his Motion with documentary evidence and specifically alerted the plaintiff to the burden he faced. See Defendant's Memorandum of Law in Support of Summary Judgment, at 7 ("To survive summary judgment, 'the plaintiff must offer concrete evidence raising genuine disputes of material fact tending to show that his version of events is more than fanciful'" citations omitted). Plaintiff's response to the Motion for Summary Judgment is entitled "Objection to Motion for Partial Summary Judgment." Attached to that Objection were a Memorandum in Opposition, with documentary evidence attached, and a Statement of Material Facts to Which There Is a Dispute. Unquestionably, plaintiff understood his obligations in responding to defendant's Motion for Summary Judgment. How plaintiff can now claim a misunderstanding is mystifying.

If this claim of mistake is not fatuous enough, plaintiff then goes on to the extreme of blaming the Court for his mistake. "The point is that either the plaintiff's counsel or the Court misunderstood the defendant's motion." Motion at 15. The true point, which plaintiff fails to acknowledge, is that

plaintiff has received an adverse ruling and now is desperately seeking the opportunity to relitigate the matter based on nothing more than his dissatisfaction with his initial effort. If this insulting premise is allowed as a basis for reconsideration, then no ruling by a court of law will ever be considered final.

In summary, the extremely questionable basis for plaintiff's Motion appears to be that he misunderstood the notion of summary judgment and the nature of the summary judgment standards. This is not a valid basis for a Motion for Reconsideration. Plaintiff was given ample opportunity to contest defendant's Motion for Partial Summary Judgment, and in fact, did so. Plaintiff made an affirmative decision to include certain materials in his Objection and to exclude others. It is that decision that the plaintiff seeks to revisit, and it is that decision that cannot be the basis for a Motion for Reconsideration.

362828                                           8

### III. CONCLUSION

For the foregoing reasons, defendant Gary Cohen respectfully requests that the Court deny plaintiff's Motion for Reconsideration. Should the Court grant plaintiff's Motion, defendant requests that the court grant defendant the opportunity to respond on the merits to the evidence and arguments plaintiff has now submitted in opposition to the Motion for Partial Summary Judgment.

        RESPECTFULLY SUBMITTED,

        DEFENDANT,
        GARY COHEN

By: _____
    KATHERINE C. CALLAHAN, ESQ.
    Federal Bar Number ct06126
    R. SCOTT SLIFKA, ESQ.
    Federal Bar Number ct21407
    UPDIKE, KELLY & SPELLACY, P.C.
    One State Street
    P.O. Box 231277
    Hartford, CT 06123-1277
    Tel. No. (860) 548-2600

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been mailed, postage prepaid, this 21st day of May, 2004, to all pro se parties and counsel of record as follows:

Kenneth A. Votre, Esq.
Hurwitz, Cooper, Silverman & Votre, P.C.
667 State Street
New Haven, CT  06511

BY: _____
R. SCOTT SLIFKA, ESQ.
Updike, Kelly & Spellacy, P.C.