Get a Document - by Citation - 2004 U.S. Dist. LEXIS 1688    Page 1 of 5

Case 3:03-cv-00181-AVC   Document 46-4   Filed 05/24/2004   Page 1 of 5

Service: **Get by LEXSEE®**
Citation: **2004 U.S. Dist. LEXIS 1688**

*2004 U.S. Dist. LEXIS 1688, **

SEABOARD STAMFORD INVESTOR ASSOC., INC., Plaintiff, -vs- Civil THINKDIRECTMARKETING, INC. F/K/A DIGITAL ASSET MANAGEMENT, INC. Defendant.

No. 3:03cv1110 (PCD)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2004 U.S. Dist. LEXIS 1688

February 6, 2004, Filed

**PRIOR HISTORY:** Seaboard Stamford Investor Assoc. v. Thinkdirectmarketing, Inc., 2003 U.S. Dist. LEXIS 23900 (D. Conn., Dec. 24, 2003)

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff landlord sought damages based on defendant tenant's arrears and the contract provision permitting it to seek 36 months rent in the event of default. The court found that the only clear damages the landlord suffered arose from the tenant's failure to pay rent during the time the tenant occupied the property. The landlord's motion for default judgment was granted in part and denied in part. The landlord moved for reconsideration.

**OVERVIEW:** The court found that the record did not show that the landlord acted to mitigate damages. The landlord argued that the tenant bore the burden to prove that the landlord had not undertaken reasonable efforts to mitigate damages. In a breach of lease action, an injured party was under a duty to mitigate its damages. The injured party also had the burden of proving the damages resulting from the breach. Upon reconsideration, the court found that the breaching party bore the burden of producing evidence to demonstrate that the injured party had failed to use reasonable care to mitigate its damages. The tenant failed to produce any evidence showing that the landlord failed to mitigate damages. Accordingly, the landlord, having offered evidence of its efforts, though unsuccessful, to rent the property, was entitled to the amount of damages based on the 36 months damage provision in the lease.

**OUTCOME:** The landlord's motion for reconsideration was granted. The ruling on the landlord's motion for default judgment was vacated to the extent that it limited damages for breach of contract.

**CORE TERMS:** reconsideration, mitigate, injured party, rent, default judgment, moving party, prejudgment interest, contract provision, reasons stated, default, vacated, lease

### LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Relief From Judgment > Motions to Alter & Amend
**HN1** ♣ The standard for granting a motion for reconsideration is strict. Reconsideration will generally be denied unless a moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. More Like This Headnote

Civil Procedure > Relief From Judgment > Motions to Alter & Amend
HN2 Reconsideration is appropriate when a need is shown to correct a clear error of law or to prevent manifest injustice. More Like This Headnote

Civil Procedure > Relief From Judgment > Motions to Alter & Amend
HN3 A motion to reconsider should not be granted where a moving party seeks solely to relitigate an issue already decided. More Like This Headnote

Civil Procedure > Relief From Judgment > Motions to Alter & Amend
HN4 A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the underlying motion. More Like This Headnote

Civil Procedure > Relief From Judgment > Motions to Alter & Amend
HN5 The scope of review on motions for reconsideration is limited to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging gaps of a lost motion with additional matters. More Like This Headnote

Contracts Law > Breach > Causes of Action
Contracts Law > Remedies > Avoidable Consequences
Contracts Law > Types of Contracts > Lease Agreements
HN6 In a breach of lease action, an injured party is under a duty to mitigate its damages. The injured party also has the burden of proving the damages resulting from the breach. More Like This Headnote

Contracts Law > Remedies > Avoidable Consequences
Evidence > Procedural Considerations > Burdens of Proof
HN7 A breaching party bears the burden of producing evidence to demonstrate that the injured party has failed to use reasonable care to mitigate its damages. More Like This Headnote

Contracts Law > Remedies > Avoidable Consequences
HN8 To claim successfully that a plaintiff failed to mitigate damages, the defendant must show that the injured party failed to take reasonable action to lessen the damages; that the damages were in fact enhanced by such failure; and that the damages which could have been avoided can be measured with reasonable certainty. More Like This Headnote

**COUNSEL:** **[*1]** For Seaboard Stamford Investor Assoc, LLC, PLAINTIFF: Stephanie A McLaughlin, Sandak Hennessey & Greco, Stamford, CT USA.

For Thinkdirectmarketing, Inc FKA Digital Asset MGMT, Inc, DEFENDANT: J Michael Cantore, Jr, Cantore & Tropsa, Stamford, CT USA.

**JUDGES:** Peter C. Dorsey United, States District Judge.

**OPINIONBY:** Peter C. Dorsey

**OPINION: RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff moves for reconsideration of the Ruling on Plaintiff's Motion for Default Judgment [Doc. No. 18]. For the reasons stated herein, Plaintiff's motion is **granted**.

Get a Document by Citation - 2004 U.S. Dist. LEXIS 4688                    Page 3 of 5

Case 3:03-cv-00181-AVC    Document 46    Filed 05/24/2004    Page 3 of 5

## I. Background n1

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Familiarity with all previous Rulings is presumed.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

On December 24, 2003, Plaintiff's motion for default judgment was granted in part and denied in part [Doc. No. 18]. Plaintiff sought $ 326,926.80 based on Defendant's arrears and the contract provision permitting it to seek 36 months rent in the event of default, plus $ 23,198.11 prejudgment interest. The Court found the record did not show that Plaintiff acted **[*2]** to mitigate damages, and that the only clear damages Plaintiff suffered arose from Defendant's failure to pay rent from December 1, 2002 (when the breach started) through April 28, 2003 (when Defendant vacated the property). Accordingly, Plaintiff was awarded $ 31,791,65 in damages for arrears in unpaid rent.

## II. Standard

*HN1* The standard for granting a motion for reconsideration is strict. Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995), see also United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994) (granting *HN2* reconsideration is appropriate when a "need is shown to correct a clear error of law or to prevent manifest injustice."). *HN3* A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257. *HN4* "A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing **[*3]** new evidence that could have been adduced during the pendency" of the underlying motion. Lo Sacco v. Middletown, 822 F. Supp. 870, 877 (D. Conn. 1993). *HN5* "The scope of review on motions for reconsideration is limited to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging gaps of a lost motion with additional matters." Id. (quotation omitted).

## III. Discussion

Plaintiff moves for reconsideration, arguing that Defendant bears the burden to prove that Plaintiff has not undertaken reasonable efforts to mitigate damages. Pl. Mem. at 2. Plaintiff contends that not awarding it the entire 36 months of rent, as permitted by the lease, "is manifestly unjust because it places a heavy financial burden on Plaintiff, the injured party, while allowing Defendant to escape full responsibility for its breach." Id. Defendant has not filed a response and apparently does not contest Plaintiff's motion. Plaintiff argues that reconsideration is appropriate because "Defendant never raised a claim that Plaintiff did not act to mitigate its damages," Pl. Mem. at 5, apparently contending that Plaintiff did not **[*4]** have notice that this would be at issue and thus was not given an opportunity to respond.

The default judgment Ruling correctly stated that *HN6* "in a breach of lease action, the injured party is under a duty to mitigate its damages. The injured party also has the burden of proving the damages resulting from the breach. Upon reconsideration, it is found that *HN7* the breaching party bears the burden of producing evidence to demonstrate that the injured party has failed to use reasonable care to mitigate its damages. Newington v. General Sanitation Service Co., 196 Conn. 81, 86, 491 A.2d 363 (1985). *HN8* "To claim successfully that the

Get a Document by Citation - 2004 U.S. Dist. LEXIS 1688    Page 4 of 5

Case 3:03-cv-00181-AVC    Document 46-4    Filed 05/24/2004    Page 4 of 5

plaintiff failed to mitigate damages, the defendant must show that the injured party failed to take reasonable action to lessen the damages; that the damages were in fact enhanced by such failure; and that the damages which could have been avoided can be measured with reasonable certainty." Preston v. Keith, 217 Conn. 12, 22, 584 A.2d 439 (Conn. App. 1991).

Defendant has failed to produce any evidence showing that Plaintiff has failed to mitigate damages. n2 Accordingly, Plaintiff, having offered evidence of its efforts, though unsuccessful, [*5] to rent the property, is entitled to the amount of damages initially sought, $ 326.926.80 for the 36 months damage provision in the lease.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 As noted, Defendant has failed to respond at all.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

## IV. Conclusion

For the reasons stated herein, Plaintiff's motion for reconsideration [Doc. No. 22] is **granted**. The Ruling on Plaintiff's Motion for Default Judgment [Doc. No. 18] is **vacated** to the extent it limited damages for breach of contract to $ 31,791,65. Consistent with this Ruling, Plaintiff is hereby awarded $ 326,926.80 based on Defendant's arrears and the contract provision permitting it to seek 36 months rent in the event of default. n3 Plaintiff shall file its motion and memorandum regarding prejudgment interest on or before February 20, 2004.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 This award is in addition to the $ 4498.04 previously awarded to Plaintiff for attorneys fees and costs [See Doc. No. 18].

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*6]

SO ORDERED.

Dated at New Haven, Connecticut, February, 2004.

Peter C. Dorsey

United States District Judge

Service: **Get by LEXSEE®**
Citation: **2004 U.S. Dist. LEXIS 1688**
View: Full
Date/Time: Friday, May 21, 2004 - 2:18 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
▲ - Caution: Possible negative treatment
◆ - Positive treatment is indicated

- Citing Refs. With Analysis Available
- Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.