## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY ZIMMERMAN | : | CIVIL ACTION NO.: |
|     Plaintiff | : | 302CV0181 (AVC) |
| | : | |
| VS. | : | |
| | : | |
| GARY COHEN | : | |
|     Defendant | : | JUNE 25, 2004 |

### JOINT TRIAL MEMORANDUM

Pursuant to the Court's Pretrial Order dated April 28, 2004, the parties hereby submit this

Joint Trial Memorandum.

**1.    TRIAL COUNSEL**

For Plaintiff:      KENNETH A. VOTRE, ESQ.
Federal Bar Number ct05981
Votre & Rini
201 Orange Street
New Haven, CT 06510
Tel: (203) 498-0065
Fax (203) 821-3595

For Defendant:     KATHERINE C. CALLAHAN, ESQ.
Federal Bar Number ct06126
R. SCOTT SLIFKA, ESQ.
Federal Bar Number ct21407
Updike, Kelly & Spellacy, P.C.
P.O. Box 231277
One State Street
Hartford, CT 06123
Tel: (860) 548-2600
Fax (860) 548-2680

364703-v2

2.     **JURISDICTION**

Diversity Jurisdiction pursuant to U.S.C.A. §1332(a)(1)

3.     **JURY/NON-JURY**

Jury

4.     **LENGTH OF TRIAL**

Five to seven days

5.     **FURTHER PROCEEDINGS**

Plaintiff's Motion for Reconsideration of the Court's Ruling on Defendant's Motion for

Partial Summary Judgment, dated April 30, 2004 and Defendant's Objection to Motion for

Reconsideration, dated May 21, 2004 remain pending before the Court.

6.     **NATURE OF CASE**

This is a claim for legal malpractice, breach of contract, breach of the covenant of good faith

and fair dealing, and negligent misrepresentation brought by plaintiff, Gary Zimmerman, against

Attorney Gary Cohen.  The case arises out of Attorney Cohen's representation of plaintiff, Gary

Zimmerman, in divorce proceedings between Mr. Zimmerman and his then-wife, Joan Zimmerman.

Mr. Zimmerman claims that on or about August 4, 2000, he retained Attorney Gary Cohen to

represent him in a divorce proceeding against his wife, Joan Zimmerman.  The divorce action had

already been filed by another attorney.  Attorney Cohen was hired to replace Mr. Zimmerman's prior

counsel.  At Attorney Cohen's request, Mr. Zimmerman executed a written retainer agreement.

Pursuant to the retainer agreement executed between Mr. Zimmerman and Attorney Cohen, Mr.

Zimmerman paid the Defendant an initial retainer fee in the amount of $20,000.  Gary Zimmerman

thereafter paid various additional fees to Attorney Cohen.  Attorney Cohen, at the plaintiff's request,

pursued the existing divorce action in the Superior Court of the State of Connecticut.  Shortly

thereafter, however, the plaintiff's then-wife initiated a divorce action against the plaintiff, Gary

Zimmerman, in the State of Nevada.  Attorney Cohen participated in the defense of that action as

well through local counsel.  Attorney Cohen represented Mr. Zimmerman in the defense of a motion

to dismiss filed in Connecticut and assisted, but was not primary counsel, in prosecuting a motion to

dismiss filed in the Nevada action.  After both motions to dismiss were denied and both divorce

actions proceeded, the parties agreed to mediate their dispute.

On or about May 21, 2001, the plaintiff and his attorney, Gary Cohen, the plaintiff's then-wife

and her attorney, met in Chicago for a one-week mediation in an attempt to reach a divorce

settlement agreement, and to end the litigation proceedings in both Connecticut and Nevada.  The

mediation took place from May 21, 2001 to May 25, 2001.  At the conclusion of the mediation, a

Marital Settlement Agreement was executed by Mr. Zimmerman and Mrs. Zimmerman.

The plaintiff claims that during the mediation Attorney Gary Cohen failed to remain within

the scope of the representation and abide by the plaintiff's decisions concerning said representation.

The plaintiff further alleges that Mr. Cohen proceeded to represent Mr. Zimmerman despite an

alleged obvious conflict of interest.  The plaintiff also alleges that during the mediation the defendant

made negligent misrepresentations to him regarding fees, information about the divorce action in

Connecticut, and the scope of the representation.

The plaintiff further alleges that the defendant, Gary Cohen, failed to secure one of the family

homes for the plaintiff.  The plaintiff also claims Attorney Cohen failed to properly serve or to

reserve and file the divorce action in Connecticut so as to properly assert personal jurisdiction over

the plaintiff's then-wife.  The plaintiff also claims that Attorney Cohen's conduct with respect to the

fees paid is a breach of contract, breach of the covenant of good faith and fair dealing, and/or legal

malpractice.  Finally, the plaintiff claims that, as a result of the defendant's conduct, the plaintiff was

damaged.  The plaintiff's damage claims include the alleged loss of a portion of his estate and the

alleged payment of unnecessary attorney fees.

The defendant denies the plaintiff's claims of legal malpractice, breach of contract, breach of

the covenant of good faith and fair dealing, and negligent misrepresentation.  Attorney Cohen further

claims that the plaintiff's alleged damages are without basis in fact or law.

**7.      TRIAL BY MAGISTRATE JUDGE**

The parties do not consent to trial by a Magistrate Judge.

364703-v2                                              - 4 -

8.    **LIST OF WITNESSES**

      A.      Plaintiff's Witnesses (list as provided by plaintiff's counsel):

            1.     Gary Zimmerman

            2.     Gary Cohen

            3.     Joan Zimmerman

            4.     Mary Ferrari, J.D., LLM

            5.     Geoffrey Hazard, J.D.

            6.     Andrew D. Eichner

            7.     Andrew M. Savage

            8.     Rodney J. Crotty

            9.     Linda Shafran

            10.    Stephen King, C.P.A.

            11.    David I. Grund

      B.      Defendant's Witnesses:

            1.     Gary Cohen, Esq.

Brief Summary of Testimony:  Attorney Cohen will testify regarding his representation of the plaintiff, the divorce proceedings and the mediation proceedings of May 2001.

Anticipated Duration of Testimony:  One – two days

2.    Donald J. Cantor, Esq.

Brief Summary of Testimony:  Attorney Cantor will testify regarding his expert report in this matter dated ___.  Attorney Cantor may offer additional testimony concerning the reports and testimony of plaintiff's expert witnesses, in particular Geoffrey Hazard and Mary Ferrari.

Anticipated Duration of Testimony:  One day

3.    Douglas Joseph, CPA

Brief Summary of Testimony:  Mr. Joseph will testify regarding his expert report in this matter dated ___.  Mr. Joseph may offer additional testimony concerning the reports and testimony of plaintiff's expert witnesses, in particular Geoffrey Hazard and Mary Ferrari.

Anticipated Duration of Testimony:  2-3 hours

4.    Joan Zimmerman

Brief Summary of Testimony:  Ms. Zimmerman will testify regarding her divorce action against the plaintiff which underlies the subject lawsuit.  In particular, Ms. Zimmerman will testify to the events leading up to the May 2001 mediation and the mediation proceedings.

Anticipated Duration of Testimony:  2-3 hours

5.    David Grund, Esq., 812 North Dearborn Street, Chicago, Illinois, 60610-3317

Brief Summary of Testimony:  Attorney Grund will testify regarding his representation of Joan Zimmerman in her divorce action against the plaintiff which underlies the subject lawsuit.  In particular, Attorney Grund is expected to testify to the events leading up to the May 2001 mediation and the mediation proceedings.

Anticipated Duration of Testimony:  2-3 hours

6.    Jim Jimmerson, Esq., 415 South Sixth Street, Suite 100, Las Vegas, NV 89101

Brief Summary of Testimony:  Attorney Jimmerson will testify regarding his representation of Gary Zimmerman in his divorce action against the plaintiff which underlies the subject lawsuit.

Anticipated Duration of Testimony:  2-3 hours

7.    John Jones, Esq., 415 South Sixth Street, Suite 100, Las Vegas, NV 89101

Brief Summary of Testimony:  Attorney Jones will testify regarding his representation of Gary Zimmerman in his divorce action against the plaintiff which underlies the subject lawsuit.

Anticipated Duration of Testimony:  2-3 hours

8.    Andrew Eichner, Esq.

Brief Summary of Testimony: Attorney Eichner will testify regarding his involvement in the mediation of May 2001.

Anticipated Duration of Testimony:  2-3 hours

9.    Arthur Balbirer, Esq,  339 Crane Hollow Road, Bethlehem, CT 06751

Brief Summary of Testimony: Attorney Balbirer will testify regarding the events of the May 2001 mediation at which he served as a mediator.

Anticipated Duration of Testimony:  2-3 hours

10.    Arthur Berman, Esq, 10 South LaSalle Street, Suite 24, Chicago, Illinois 60603

Brief Summary of Testimony: Attorney Berman will testify regarding the events of the May 2001 mediation at which he served as a mediator.

Anticipated Duration of Testimony:  2-3 hours

9.     **EXHIBITS**

    A.    Plaintiff's List of Exhibits

        1.    Retainer Agreement

        2.    Protocol for Mediation of Issues

        3.    Marital Settlement Agreement

        4.    E-mail correspondence of May 17, 2001

        5.    E-mail correspondence of May 14, 2001

        6.    E-mail correspondence of May 10, 2001

        7.    E-mail correspondence of May 9, 2001

        8.    E-mail correspondence of May 7, 2001

        9.    E-mail correspondence of May 4, 2001

        10.    E-mail correspondence of May 3, 2001

        11.    E-mail correspondence of May 1, 2001

        12.    E-mail correspondence of May 1, 2001

        13.    Facsimile correspondence of April 29, 2001

        14.    E-mail correspondence of April 26, 2001

        15.    E-mail correspondence of April 12, 2001

        16.    E-mail correspondence sent March 27, 2001

17.    E-mail correspondence sent March 26, 2001

18.    E-mail correspondence sent March 22, 2001

19.    E-mail correspondence of March 21, 2001

20.    E-mail correspondence of March 20, 2001

21.    E-mail correspondence of March 11, 2001

22.    E-mail correspondence of March 10, 2001

23.    E-mail correspondence of March 5, 2001

24.    E-mail correspondence of March 5, 2001

25.    E-mail correspondence of February 8, 2001

26.    E-mail correspondence of February 26, 2001

27.    E-mail correspondence of February 24, 2001

28.    E-mail correspondence of February 16, 2001

29.    E-mail correspondence of February 14, 2001

30.    E-mail correspondence of February 12, 2001 entitled "misc"

31.    E-mail correspondence of February 12, 2001 entitled "Las Vegas Motion to Reconsider was denied"

32.    Five page facsimile correspondence sent February 6, 2001

33.   E-mail correspondence sent February 1, 2001 entitled "ask for in chambers conference"

34.   E-mail correspondence of January 15, 2001

35.   E-mail correspondence sent January 14, 2001 entitled "Trip to Las Vegas: is Schoonmaker on board"

36.   E-mail correspondence sent January 14, 2001 entitled "Goodman Lumber Co., site"

37.   E-mail correspondence sent January 14, 2001 entitled "Ct trial date based on time needed to complete discovery"

38.   E-mail correspondence sent January 14, 2001 entitled "see Tom Standish letter to John Jones of dec 20"

39.   E-mail correspondence of January 13, 2001

40.   E-mail correspondence of January 10, 2001

41.   E-mail correspondence of January 9, 2001

42.   Facsimile sent January 5, 2001

43.   Facsimile sent January 4, 2001

44.   Correspondence sent June 4, 2001

45.   Correspondence sent January 23, 2001

46.   E-mail correspondence of December 8, 2000

47.   E-mail correspondence of December 7, 2000

48.   E-mail correspondence of December 6, 2000

49.   E-mail correspondence of November 15, 2000

50.   E-mail correspondence of November 14, 2000

51.   E-mail correspondence of November 13, 2000

52.   E-mail correspondence of November 10, 2000

53.   E-mail correspondence of November 8, 2000

54.   E-mail correspondence of November 4, 2000 entitled "Alison"

55.   E-mail correspondence of November 4, 2000 entitled "Sat morning Nov 4"

56.   E-mail correspondence of November 4, 2000 entitled "one more thing: Joan
      wrote that she wants to come to Fl to visit my dat"

57.   E-mail correspondence of October28, 2000 entitled "our upcoming phone call"

58.   E-mail correspondence sent October 18, 2000 entitled "taxes"

59.   E-mail correspondence sent October 28, 2000 entitled "my father's condition"

60.   E-mail correspondence of October 18, 2000 entitled "Allison; you will not
      have to let my goats out"

61.   Correspondence sent October 18, 2000

62.    Correspondence sent October 17, 2000

63.    Correspondence sent October 16, 2000

64.    Correspondence sent  September 28, 2000

65.    Correspondence sent September 21, 2000

66.    Correspondence sent September 13, 2000

67.    Correspondence sent September 12, 2000

68.    Correspondence sent September 12, 2000

69.    Correspondence sent September 2, 2000 entitled "call me to discuss my calls with John"

70.    E-mail correspondence of September 2, 2000 entitled 'flights'

71.    E-mail correspondence sent August 25, 2000

72.    E-mail correspondence sent August 6, 2000

73.    Correspondence sent May 24, 2001

74.    Deposition of Gary Cohen

75.    Deposition of Gary Zimmerman

76.    Mary Ferrari J.D., LL.M. Curriculum Vitae

77.    Geoffrey Hazard, J.D. Curriculum Vitae

78.    Gary Cohen letter of May 24, 2001

79.   Marital Settlement Agreement

80.   Expert Report: Mary Ferrari, J.D. LL.M.

81.   Expert Report: Geoffrey Hazard, J.D.

82.   Income Tax Returns Zimmerman Properties, Inc. 1999-2003

83.   Income tax returns Gary Zimmerman 1999-2003

84.   Mediation Position Papers: Gary Zimmerman and Joan Zimmerman

85.   Gary Cohen Billing Summary

86.   Bank Wire Transfer Records

87.   Deeds evidencing transfer of real estate from Zimmerman Properties, Inc.

B.   Defendant's List of Exhibits

1.   Retainer Agreement dated August 1, 2000 and signed by both the plaintiff and the defendant.

2.   Protocol for Mediation of issues dated May 10, 2001.

3.   Marital Settlement Agreement executed May 25, 2001.

4.   E-mail from plaintiff to defendant dated May 29, 2001 titled "two properties that Joan may need to sign to transfer to me."

5.   E-Mail from defendant to plaintiff dated May 17, 2001 titled "Re: misc."

6.   E-mail from plaintiff to defendant dated May 14, 2001 titled "hotel."

7.   E-mail from plaintiff to defendant dated May 10, 2001 titled "settlement preparation."

8.   E-mail from plaintiff to defendant dated May 9, 2001 titled "Dates."

9.   E-mail from plaintiff to defendant dated May 7, 2001 titled "misc."

10.  E-mail from plaintiff to defendant dated May 4, 2001 titled "settlement conference."

11.  E-mail from plaintiff to defendant dated May 3, 2001 titled "Re: depositions."

12.  E-mail from plaintiff to defendant dated May 1, 2001 titled "lead counsel."

13.  E-mail from plaintiff to defendant dated May1, 2001 titled "Steve King."

14.  Correspondence from plaintiff to defendant dated April 28, 2001.

15.  E-mail from plaintiff to defendant dated April 26, 2001 titled "Thanks for the call."

16.  E-mail from plaintiff to defendant dated April 12, 2001 titled "(no subject)."

17.  E-mail from plaintiff to defendant dated March 27, 2001 titled "Plaintiff's Final Reply Memorandum."

18.  E-mail from plaintiff to the following dated March 26, 2001 titled "Smith v. Smith."

19. E-mail from plaintiff to defendant dated March 26, 2001 titled "Joan's final brief on Motion to Dismiss."

20. E-mail from plaintiff to defendant dated March 23, 2001 titled "I will be in Court Monday morning."

21. E-mail from plaintiff to defendant dated March 22, 2001 titled "I need the transcripts and the appeal/stay."

22. E-mail from plaintiff to defendant dated March 21, 2001 titled "Joan's appeal and stay re: Grund."

23. E-mail from plaintiff to defendant dated March 21, 2001 titled "itinerary."

24. E-mail from plaintiff to defendant dated March 11, 2001 titled "Re: please respond."

25. E-mail from plaintiff to defendant dated March 10, 2001 titled "Re: please respond."

26. E-mail from plaintiff to defendant dated March 5, 2001 titled "misc."

27. E-mail from plaintiff to defendant dated March 5, 2001 titled "$25,000 gift to Federation."

28. E-mail from plaintiff to defendant dated February 28, 2001 titled "transcript from Feb 9 hearing."

29. E-mail from plaintiff to defendant dated February 26, 2001 titled "Re: John Bass."

30. E-mail from plaintiff to defendant dated February 24, 2001 titled "Re: John Bass."

31. E-mail from plaintiff to defendant dated February 16, 2001 titled "Letter to Mr. Jackson."

32. Correspondence from defendant to Rob Jackson dated February 14, 2001.

33. E-mail from plaintiff to defendant dated February 12, 2001 titled "misc."

34. E-mail from plaintiff to defendant dated February 12, 2001 titled "Las Vegas Motion to Reconsider was denied."

35. Correspondence from plaintiff to defendant dated February 6, 2001.

36. E-mail from plaintiff to defendant dated February 1, 2001 titled "ask for in chambers conference."

37. E-mail from plaintiff to defendant dated January 15, 2001 titled "call me if you have a chance before you leave: 203-938-5660."

38. E-mail from plaintiff to defendant dated January 14, 2001 titled "trip to Las Vegas: Is Schoonmaker on board."

39.   E-mail from plaintiff to defendant dated January 14, 2001 titled "Goodman Lumber ci site."

40.   E-mail from plaintiff to defendant dated January 14, 2001 titled "Ct trial date based on time needed to complete discovery."

41.   E-mail from plaintiff to defendant dated January 14, 2001 titled "see Tom Standish letter to John Jones of dec 20."

42.   E-mail from plaintiff to defendant dated January 13, 2001 titled "call me after you speak to Jimmerson or Egbert 954-426-8793."

43.    E-mail from plaintiff to defendant dated January 10, 2001 titled "motion."

44.   E-mail from plaintiff to defendant dated January 10, 2001 titled "I have conference call with Jim Jimmerson tomorrow."

45.   E-mail from plaintiff to defendant dated January 9, 2001 titled "yesterday phone conversation."

46.   Fax from Zimmerman Properties to defendant dated January 5, 2001 regarding Franchise Tax Board Forms.

47.   Fax from Zimmerman Properties to defendant dated January 4, 2001 regarding Franchise Tax Board.

48.  Fax from Zimmer Properties, Inc. to defendant dated June 4, 2001 regarding 85 Diamond Hill Road.

49.  Fax from Zimmerman Properties to defendant dated January 23, 2001.

50.  E-mail from plaintiff to defendant dated December 8, 2000 titled "Re: do you want notice of intent to file writ."

51.  E-mail from plaintiff to defendant dated December 7, 2000 titled "do you want notice of intent to file writ."

52.  E-mail from plaintiff to defendant dated December 6, 2000 titled "How are you?"

53.  E-mail from plaintiff to defendant dated November 15, 2000 titled "motion to dismiss memorandum."

54.  E-mail from plaintiff to defendant dated November 14, 2000 titled "Nov 9 Las Vegas hearing."

55.  E-mail from plaintiff to defendant dated November 13, 2000 titled "advised not to pay Ct taxes until motion is heard."

56.  E-mail from plaintiff to defendant dated November 10, 2000 titled Hearing on Joan's Motion continued until November 30."

57.    E-mail from plaintiff to defendant dated November 8, 2000 titled "please update me on when I can expect draft of you response."

58.    E-mail from plaintiff to defendant dated November 4, 2000 titled "Alison."

59.    E-mail from plaintiff to defendant dated November 4, 2000 titled "Sat morning Nov 4."

60.    E-mail from plaintiff to defendant dated November 4, 2000 titled "one more thing: Joan wrote that she wants to come to fl to visit my dat."

61.    E-mail from plaintiff to defendant dated October 28, 2000 titled "our upcoming phone call."

62.    E-mail from plaintiff to defendant dated October 18, 2000 titled "taxes."

63.    E-mail from plaintiff to defendant dated October 28, 2000 titled "my father's condition."

64.    E-mail from plaintiff to defendant dated October 18, 2000 titled "Alison: you will not have to let my goat's out."

65.    Fax from Zimmerman Properties to defendant dated October 18, 2000.

66.    Fax from Zimmerman Properties to defendant dated October 17, 2000.

67.    Fax from Zimmerman Properties to defendant dated October 16, 2000 regarding 3260 S. Valley View, Las Vegas, NV.