68.    Fax from Zimmerman Properties to defendant dated September 28, 2000.

69.    Correspondence from plaintiff to defendant dated September 21, 2000.

70.    E-mail from plaintiff to defendant dated September 13, 2000 tiled "REPLACES PAGE ONE OF MY AFFIDAVIT."

71.    E-mail from plaintiff to defendant dated September 12, 2000 titled "John Jones need copy of actual commissions."

72.    E-mail from plaintiff to defendant dated September 12, 2000 titled "good morning."

73.    E-mail from plaintiff to defendant dated September 1, 2000 titled "call me to discuss my calls with John."

74.    E-mail from plaintiff to defendant dated August 31, 2000 titled "flights."

75.    E-mail from plaintiff to defendant dated August 25, 2000 titled "depositions in Las Vegas."

76.    E-mail from plaintiff to defendant dated August 6, 2000 titled "Steve King in Las Vegas."

77.    Correspondence from defendant to plaintiff dated May 24, 2001 regarding Zimmerman vs. Zimmerman.

78.  Fax from defendant to plaintiff dated January 7, 2001 regarding "Nevada trial dates."

79.  E-mail from plaintiff to defendant dated February 1, 2001 titled "delay until feb 5."

80.  E-mail from plaintiff to defendant dated February 14, 2001 titled "RE: see below."

81.  E-mail from defendant to plaintiff dated February 19, 2001.

82.  E-mail from plaintiff to defendant dated February 19, 2001 titled "Motion to Compel completion of testimony."

83.  E-mail from plaintiff to defendant dated February 19, 2001 titled "Re: Motion to Compel completion of testimony."

84.  E-mail from plaintiff to defendant dated February 20, 2001 titled "Message from Internet."

85.  E-mail from plaintiff to defendant dated March 28, 2001 titled "no document attached."

86.  E-mail from plaintiff to defendant dated April 14, 2001 titled "misc."

87.  Correspondence from defendant to plaintiff dated May 1, 2001 regarding Zimmerman vs. Zimmerman.

88. E-mail from plaintiff to defendant dated May 3, 2001 titled "I am sending you Perry's letter again."

89. Fax from defendant to plaintiff dated May 10, 2001 regarding Master's Conference in Chicago.

90. E-mail from plaintiff to defendant dated May 12, 2001 titled "Message from Internet."

91. E-mail from plaintiff to defendant dated April 16, 2001 titled "misc."

92. Deposition transcript of the deposition of Gary Zimmerman dated April 2, 2004

93. 2001 Schedule K-1 of Gary A. Zimmerman as shareholder of Zimmerman Properties, Inc., with attachments.

94. Form 1120S, S Corporation tax return for Zimmerman Properties, Inc. for 2001 with attachments.

95. Expert report of Donald J. Cantor dated December 12, 2003.

96. Tax Research Memorandum prepared by Douglas A. Joseph, CPA dated May 1, 2003.

97. E-mail from plaintiff to defendant dated December 8, 2000 titled "Re: do you want notice of intent to file writ."

98.   E-mail from plaintiff to defendant dated December 7, 2000 titled "do you want notice of intent to file writ."

99.   E-mail from plaintiff to defendant dated November 15, 2000 titled "motion to dismiss memorandum."

100.  E-mail from plaintiff to defendant dated November 14, 2000 title4d "Nov 9 Las Vegas hearing."

101.  E-mail from plaintiff to defendant dated November 13, 2000 titled "advised not to pay Ct taxes until motion is heard."

102.  E-mail from plaintiff to defendant dated November 10, 2000 titled "Motion on Joan's Motion continued until Nov 30."

103.  E-mail from plaintiff to defendant dated November 8, 2000 titled "please update me on when I can expect draft of your response."

104.  E-mail from plaintiff to defendant dated September 26, 2000 titled "flowers."

105.  E-mail from plaintiff to defendant dated October 4, 2000 titled dinner or lunch together."

106.  E-mail from plaintiff to defendant dated October 16, 2000 titled "Re: Responding to your 10/13/00 E-Mail."

107.  E-mail from plaintiff to defendant dated November 6, 2000 titled "No subject."

108.  Fax from plaintiff to defendant regarding Rod Crotty and Perry Muscelli."

109.  Memo from defendant to Jim Jimmerson dated August 6, 2000 regarding Wednesday's hearing."

110.  E-mail from plaintiff to defendant dated October 16, 2000 titled "E-mail sent to Jason Sills."

111.  Memo from defendant to Samuel V. Schoonmaker dated December 15, 2000 regarding Zimmerman.

112.  Fax from Zimmerman Properties to defendant dated September 16, 2000.

## 10.    TRIAL TO COURT/JURY

A.    Court

As this matter is a jury case, this section is not applicable.

B.    Jury

1.    <u>Proposed Voir Dire Questions</u>:

Plaintiff's Proposed Voir Dire:  See Exhibit A, attached hereto.

Defendant's Proposed Voir Dire:  See Exhibit B, attached hereto.

2.    <u>Proposed Jury Instructions</u>:

Plaintiff's Proposed Jury Instructions:  See Exhibit C, attached hereto.

Defendant's Proposed Jury Instructions:  See Exhibit D, attached hereto.

C.    Opening Statement:

Counsel for both parties request the opportunity to make opening statements.

DEFENDANT,
GARY COHEN

By: _____
KATHERINE C. CALLAHAN, ESQ.
Federal Bar Number ct06126
R. SCOTT SLIFKA, ESQ.
Federal Bar Number ct21407
UPDIKE, KELLY & SPELLACY, P.C.
One State Street
P.O. Box 231277
Hartford, CT  06123-1277

PLAINTIFF,
GARY ZIMMERMAN

BY: _____
       Kenneth A. Votre (ct 05981)
       Counsel for the Plaintiffs
       Votre & Associates, P.C.
       201 Orange Street
       New Haven, CT 06511
       Tel: 203.498-0065
       Fax: 203.821-3595

## EXHIBIT A - PLAINTIFFS PROPOSED VOIR DIRE QUESTIONS

1.      Is there anything in particular that you do not like about our judicial system, whether it may be with the courts themselves or the lawyers, or even service on the jury?  If you have any such thoughts, please explain them.

2.      Have you or has any member of your family or a close friend had legal training?  If yes, when?  How extensive?

3.      Have you or has anyone close to you ever worked for a lawyer or with the legal profession, in any way?  (If yes, get details.)

4.      Have any of you ever been separated, divorced or widowed?

5.      If divorced, did you consult an attorney?  Was this a different attorney from the one your spouse used?  Did you consider your divorce to be contested?

6.      This is a civil suit.  Do you understand that Gary Zimmerman does not claim the defendant did anything criminal, but he does claim that he gave him legal advice, which resulted in great losses to him later during a divorce proceeding?

7.      Do you use or have you ever used the services of an attorney?  If yes, do you feel that the attorneys you have consulted have been responsible?

8.      Do you depend on your attorney's recommendations on legal matters and follow those recommendations?

364703-v2

9.      Is there any one of you who, when or if you went to a licensed attorney, would not trust that attorney to know the best way to handle your legal concerns?

10.      Do any of you feel that lawyers or judges or other members of the legal community should be judged by different standards of responsibility and care in the performance of their jobs than other professionals?  How so?

11.      Do any of you feel that attorneys or other members of the legal community are above the law or that they should not have to answer for their professional acts or irresponsibility in a court of law?

12.      If your attorney says something is okay, do you feel its okay?

13.      Was this a so-called family attorney whom you rely on for all your legal concerns, or was this someone you contacted only once or twice?  If the latter, how did you choose this attorney?

14.      How would you characterize the care you received from the attorney you consulted?

15.      Are you aware that the defendant's license to practice is not in danger in this proceeding?

16.      Do you have any objection to persons coming to court and asking to be compensated with money for injury or damage that has been done to them?

17.    Do you feel that greed is the primary motivation for filing a lawsuit or can you accept that this plaintiff, Gary Zimmerman, is only asking for justice and that you, as a jury, will decide what justice is?

18.    Gary Zimmerman claims that he is entitled to recover a substantial amount to compensate him for the substantial losses he incurred as a result of his lawyer's actions.  There are two decisions to be made by this jury—first, was the defendant negligent; second, assuming the defendant was negligent, how much money will fairly, adequately, and justly compensate Gary Zimmerman for the losses he has suffered as a result of that negligence?  Do any of you have any confusion about this two-stage process?

19.    Under our system of law, if Gary Zimmerman proves his case, the members of the jury are required to determine what constitutes just, adequate, and reasonable compensation.  Do you find any quarrel whatsoever with that system?  Do you believe you would be able to arrive at a fair, just, and adequate amount to compensate Gary Zimmerman for his losses?

20.    If you find liability on the part of the defendant, then it will be your duty to determine the amount of compensation, using and applying the evidence, whether that evidence dictates a large or small amount.  Is there anyone on the panel who feels that he or she would be reluctant to follow and apply the evidence?  Would it be equally as easy to arrive at a substantial amount as it would be to arrive at a moderate amount?

21.    If the evidence justifies a large award, is there any juror who would be reluctant to award a large sum of money simply because the amount is large?

22.    To put it another way, are there any jurors on the panel who feel that they have fixed ideas on what a maximum award should be?  By that I mean that you may say in your mind that, regardless of what the plaintiff lost, and without letting anyone else know, that you will simply say to yourself that I will not award more than X dollars, whatever that figure may be.  Does anyone feel that way?

23.    Is there anything in your background or beliefs that would keep you from returning a substantial verdict to compensate the plaintiff for his losses if he proves under the law and the evidence that he is entitled to recover for such losses?

24.    This case must be tried on the evidence and testimony produced for you in this courtroom and not on information or any prejudgments that you bring with you as you come into this case.  Are there any of you who would have trouble in focusing only on the material taken down by the court reporter?

25.    The court will instruct you that there are certain elements for which the plaintiff is entitled to receive compensation.  Will you, as a member of this jury, examine each element to determine the full amount of compensation to which the plaintiff is entitled for that one element and

then go on to the next element and make the same determination in order to arrive at the total amount of compensation to which the client is entitled?

26.    Is there anyone who would determine the compensation based on their personal prejudices—for instance, that doctors' wives just get accustomed to too high a lifestyle and ought to see what it's like for the rest of us—rather than on the law and the facts presented in this court on this case.

27.    Do any of you have any fault with the law that says that a person who takes the witness stand, regardless of profession or education or age or sex, has equal dignity with any other person and with every other person who takes the witness stand?

28.    Do you, as you sit here now, have any reason why you couldn't listen to the evidence and render a fair and impartial verdict in this particular case, either because of something we have asked you or other jurors or something we haven't even mentioned yet?  Is so, please share that reason with me.

## EXHIBIT B – DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

1.      The plaintiff in this case is Gary Zimmerman.  To the best of your knowledge, are you or any member of your family acquainted with Mr. Zimmerman?

2.      The defendant in this case is Attorney Gary Cohen.  To the best of your knowledge, are you or any member of your family acquainted with Mr. Zimmerman?

3.      The attorneys in this case are Kenneth Votre, who represents the plaintiff, and Katherine Callahan and Scott Slifka, who represent Attorney Cohen.  Attorneys Callahan and Slifka are attorneys with the law firm Updike, Kelly & Spellacy, P.C..  To the best of your knowledge, are you or any member of your family acquainted with either Attorneys Votre, Callahan or Slifka or the law firm Updike, Kelly & Spellacy, P.C.?

4.      The following individuals may be witnesses in this case:

      a.      Joan Zimmerman, who is Mr. Zimmerman's ex-wife;

      b.      Donald Cantor, a Connecticut attorney;

      c.      Douglas Joseph, CPA;

      d.      David Grund, an Illinois attorney;

      e.      James Jimmerson, a Nevada attorney;

      f.      John Jones, a Nevada attorney;

      g.      Andrew Eichner, an Illinois attorney;

h.    Arthur Balbirer, a Connecticut attorney; and

i.    Arthur Berman, an Illinois attorney.

To the best of your knowledge, are you or any member of your family acquainted with any of these individuals?

5.    Are you or any member of your family an attorney?

6.    Do you or any member of your family work for an attorney?

7.    Have you or any member of your family been divorced?

a.    If so, were you or your family member represented by counsel in those proceedings?

b.    If so, were you or your family member satisfied with the representation?

8.    Have you or any member(s) of your family ever sued or made a claim for damages against an attorney?  If so, please advise the Court.

9.    Have you or any member(s) of your family ever sued or made any formal complaint against an attorney?  If so, please advise the Court.

10.    Have you or any member(s) of your family been involved in what you would consider to be a negative or unpleasant situation with an attorney?  If so, please advise the Court.

11.    Do you feel that your previous involvement in any of these situations would be likely to affect your ability to be completely objective and impartial in this case?

12. If you are selected as a juror, the court will instruct you that you must not come to any conclusion about the case until all the evidence has been presented. Do you believe that you can keep an open mind until all the evidence has been presented?

13. Do you understand that Attorney Cohen does not have to disprove the claims that plaintiff is making against him?

14. Do you make any assumptions about Attorney Cohen simply because he has been sued?

15. Do you understand that the jurors will determine the facts of this case based upon the evidence presented? Are you comfortable with that role?

16. Do you also understand that the Court will instruct the jurors on the rules of law that apply to this case? Do you believe you can follow those rules of law even if you might disagree with one or more of those rules?

17. If the Court instructs you that sympathy cannot be a factor in your decisions about the case, do you believe that you can set aside sympathy in deciding this case?

18. Would you treat an attorney who has been sued any differently than you would a non-attorney who has been sued?

19. Is there any matter that you would prefer to discuss privately with the judge?

20.    If you are selected to sit on this jury, the Court will instruct you on the law which you must apply to the facts of this case as you find them to be.  One of the Court's instructions will inform you that the burden of proof for all material facts rests with the plaintiff.  Do you understand that it is the plaintiff's responsibility to prove every fact essential to his case?

21.    Do you have any problems at home or work that might interfere with your ability to concentrate on the case during trial?

22.    Do you have a medical condition that would make it difficult for you to serve as a juror?

23.    What is the condition of your hearing?  Of your eyesight?

24.    As of today, have you formed any opinions about this case?

25.    Is there any particular reason that you would like to be a juror on this case, or would not like to be a juror on this case?

26.    If the Court were to instruct you that the law applied to this case could result in your having the duty to send the plaintiff away with no recovery, would you have any difficulty in making that decision?

27.    Is there any matter not covered by these questions that you think should be brought to the attention of the Court because it would affect your ability to be a fair and impartial juror?

### EXHIBIT C – PLAINTIFF'S PROPOSED CHARGE TO JURY

**Legal Malpractice**

a.      An attorney-client relationship is established when the advice and assistance of the attorney is sought and received in matters pertinent to his profession.

b.      Once the relationship is established, the attorney is bound to discharge his duties to his client with the strictest fidelity, to observe the highest and utmost good faith towards him, and to inform his client promptly of any known information important to him.

c.      An attorney has the duty to exercise the same degree of care, skill and diligence which other attorneys ("in the same or similar locality") in the same line of practice would have exercise in similar circumstances.

d.      The first issue to be determined by you is whether or not the defendant, Gary Cohen was, in fact, hired by the Plaintiffs, Gary Zimmerman and Zimmerman Properties, Inc. to represent him in an action for divorce from Joan Zimmerman.  As to this, the plaintiff has the burden of proving such hiring.  If the plaintiff fails to prove such hiring by the fair preponderance of the evidence, then I charge you that you should deliberate no longer and bring in a verdict for the defendant.

e.      The relationship of attorney and client commences from the date of employment of the attorney; that is, from the time when the agreement or contract is consummated.

f.    Now, of course, this agreement does not have to be in writing.  We often think of

contracts as being writing, but they do not have to be in writing.

g.    The contract of employment consists of an offer, or request, by a client; and the

acceptance, or assent, by the attorney.  It is for you to review the evidence and then to conclude

whether or not there was an employment.  On this score, of course, you are to consider all the

surrounding circumstances.

If you decide that Gary Cohen was retained by Gary Zimmerman, you next must decide

whether Gary Cohen breached the applicable standard of care as described earlier and whether the

breach of the standard of care was the proximate cause of the injure, suffered by the plaintiff.  If you

find that the plaintiff has proven both of these, you must come back with a plaintiff's verdict

**Breach of Contract**

The plaintiff claims that he/she/it entered into a contract with the defendant. A contract is an

agreement enforceable at law. Contracts may be express or implied.  If the agreement is shown by the

direct words of the parties, spoken or written, the contract is an express one.  If such agreement can

only be shown by the acts and conduct of the parties, interpreted in the light of the subject matter and

of the surrounding circumstances, then the contract is an implied one.

**AUTHORITY**

*Boland v. Catalano*, 202 Conn. 333, 338-39 (1987); *Skelly v. Bristol Savings Bank*, 63 Conn. 83, 87 (1893); *Atlas v. Miller*, 20 Conn. App. 680, 683 (1990); *Hale v. Benvenuti, Inc.,* 38 Conn. Sup. 634, 638-39 (1983); 1 Restatement (Second), Contracts §§ 1, 4.

If you are unable to determine the intent of the parties from the language and the surrounding circumstances, you may construe that language against Gary Cohen, the party who wrote the contract. However, you should not construe the contract against Gary Cohen, the party who drafted the contract, if it leads you to a result that was not intended by the parties or if it leads you to a result that is not a reasonable meaning of the contract.

**AUTHORITY**

*Sturman v. Socha*, 191 Conn. 1, 9 (1983); *Southern New England Contracting Co. v. State,* 165 Conn. 644, 656 (1974); *Ravitch v. Stollman Poultry Farms, Inc.,* 165 Conn. 135, 145-46 (1973). When determining the intent of the parties, you should consider all relevant provisions of the contract. Assume that all language of the contract is necessary, unless this would be unfair or unreasonable.

**AUTHORITY**

*White v. Kampner,* 229 Conn. 465, 473 (1994); *Barnard v. Barnard*, 214 Conn. 99, 109 (1990); *Lar-Rob Bus Corp. v. Fairfield*, 170 Conn. 397, 407 (1976).

**Negligent Misrepresentation**

The plaintiff, Gary Zimmerman, claims that the defendant, Gary Cohen, made a negligent misrepresentation in that the various statements and representations made by the defendant to the plaintiff during the course of his representation were factually untrue, and were designed to benefit the defendant and not the client. First, the plaintiff must prove that the defendant supplied false information. Second, the plaintiff must prove that the defendant failed to exercise reasonable care in obtaining or communicating the information. Third, the plaintiff must prove that the defendant supplied the information to induce the plaintiff to act on it. Fourth, the plaintiff must prove that the plaintiff justifiably relied on the information to his/her/its injury.

AUTHORITY

*Daley v. Aetna Life & Casualty Co.*, 249 Conn. 766, 791-94 (1999); *D'Ulisse-Cupo v. Board of Directors of Notre Dame High School*, 202 Conn. 206, 217-219 (1987), citing 3 Restatement (Second) Torts § 552 (1979).

Breach of Duty of Good Faith and Fair Dealing

Every contract contains an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other party to receive benefits of the contract. The concept is essentially a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. It is not a separate contractual

claim and the covenant cannot be applied to achieve a result contrary to the clearly expressed terms of the contract between the parties.

Here, the defendant had an obligation to exercise good faith when performing the following contract terms:

1.    Charging reasonable fees for services rendered;

2.    in failing to return the unexpended retainer monies;

3.    in negotiating a bonus for himself and making the settlement of the case conditional on such bonus;

4.    in failing to abide by the reasonable instructions of the plaintiff; and

5.    in threatening to withdraw from representation of the plaintiff;

You must decide whether Gary Cohen fulfilled that obligation to exercise good faith.

Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party. Good faith and fair dealing mean an attitude or state of mind denoting honesty of purpose and freedom from intention to defraud. It means being faithful to one's duty and obligation under the contract.

Good faith is defined as the opposite of bad faith. If the defendant engaged in bad faith you must find that he did not fulfill the covenant. Bad faith generally implies a design to mislead or to

deceive another or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties. Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose. Bad faith contemplates a state of mind affirmatively operating with furtive design or ill will.

### AUTHORITY

*Habetz v. Condon*, 224 Conn. 231, 238 (1992); *Eis v. Meyer*, 213 Conn. 29,, 36 (1989); *Warner v. Konover*, 210 Conn. 150, 154 (1989); *Buckman v. People Express, Inc.*, 205 Conn. 166, 171-72 (1987) (specifically holding that the trial court's instruction was not in error); *Foley v. Huntington Co.*, 42 Conn. App. 712, 727 n.6 (1996) (quoting instruction on the implied covenant of good faith and fair dealing); *Feinberg v. Berglewicz*, 32 Conn. App. 857, 861 (1993); Conn. Gen. Stat. §§ 42a-1-203 (obligation of good faith), 42a- 2-103(1)(b) (definition of good faith).

**Intentional Misrepresentation**

The plaintiff, Gary Zimmerman, claims that the defendant, Gary Cohen, committed fraud when he intentionally made false statements and representations to his client, Gary Zimmerman. The plaintiff, Gary Zimmerman, must prove fraud by clear, precise and convincing evidence. First, the plaintiff must prove that the defendant made a false representation as to a statement of fact. Second, the plaintiff must prove that the statement was untrue and known to be untrue by the defendant or that the defendant made the statement with reckless disregard for the truth of the matter. Third, the

plaintiff must prove that the defendant made the statement to induce the plaintiff to act on it. Fourth, the plaintiff must prove that the plaintiff did act on the statement to his injury.

## AUTHORITY

*Miller v. Appleby*, 183 Conn. 51, 54-55 (1981).

**Reckless Misrepresentation**

a.    Now, what we really have then is an action based on an alleged fraudulent representation, or deceit. This is an action for fraud, and the plaintiff is seeking to recover damages for fraudulent representations which he claims the defendant made to him.

b.    The cause of action is based, first, upon your finding that there was in fact a representation made, as alleged in the plaintiff's complaint.

c.    Second, you must find that this representation was of fact, as distinguished from merely opinion; a fact with respect to the present situation—not something with respect to some conduct that might follow in the future.

d.    Third, you must find that such representation was untrue, and either known by the defendant to be untrue or made without belief in its truth, or in reckless disregard as to whether it was true or false.

e.    Fourth, the representation must have been made for the purpose of inducing the plaintiff to act upon it.

f.     And, fifth, the plaintiff must have been in fact induced to enter upon the conduct that he did enter upon because of the representation which was made to him.

g.     In other words, I can state it to you in this manner:  as far as the elements are concerned, first of all, there must be a false representation, which must have been with respect to the material matter.  Now, the law is simply this with respect to certain statements that may be construed to be fraudulent:  an untrue statement is fraudulently made where one who has the best means of knowledge makes the untrue statement to secure a benefit to himself, even though the falsity of said statement is not actually known to him.

h.     A fraudulent representation in law is one that is knowingly untrue, or made without belief in its truth, or recklessly made for the purpose of inducing action upon its.  See Smith v. Frank, 165 Conn. 200, 202 (1973).

i.     Now, the word "recklessly" is not a hard word for you to understand.  It means disregard of consequences, and an indifference as to whether or not damage mat result. It does not mean that damage must actually result, but it is an indifference as to whether damage may result.  It is something more than the word "negligence," which is the doing or failure to do an act which a reasonably prudent person would do or fail to do under the same or similar circumstances.

j.     A reckless act, as distinguished from a merely negligent act, is a disregard of consequences, an indifference to consequences. It means to be destitute of heed or concern for