consequences; acting foolishly; to be heedless of danger; to act in a headlong, rash manner, without caring or noting; and an indifference to the rights of others.

k.    Then, you must find that the defendants made the statement for the purpose of inducing Mr. Zimmerman to act upon it. Now, there is no exact way of your peering into a man's mind to find out what the motive was. But, you can find from the evidence that this was Gary Cohen's business, to advise people with respect to their legal problems. There were representations made, and they caused Gary Zimmerman to take action to his detriment.

l.    You can find, in other words, a motive, if you find that the statement was made without reasonable grounds, or that it was made recklessly. Deception accompanied by false statements is not excused by a groundless belief in their truth on the part of the man who makes them, and amounts to a legal fraud if they are uttered to induce action on the part of another, from which loss naturally results.

**CUTPA**

The plaintiff claims that the defendant Gary Cohen violated the Connecticut Unfair Trade Practices Act, a Connecticut law commonly known as CUTPA. The plaintiff Gary Zimmerman must prove this claim by a preponderance of the evidence. The plaintiff must prove that the defendant engaged in an unfair method of competition or an unfair or deceptive act or practice in the conduct of trade or commerce and that this caused the plaintiff to sustain an ascertainable loss.

## AUTHORITY

General Statutes § 42-110b (a).

The plaintiff asserts that the defendant's actions in his representation of Gary Zimmerman constituted an unfair trade practice because it "offends public policy." The public policy of the State of Connecticut is for attorneys to represent the best interest of their clients. You must decide whether the defendant's conduct offended that public policy.

## AUTHORITY

*Willow Springs Condo. Assoc., Inc. v. Seventh BRT Dev. Corp.*, 245 Conn. 1, 43 (1998); *Jacobs v. Healey Ford-Subaru, Inc.*, 231 Conn. 707, 727 (1995); *Normand Josef Enterprises v. Connecticut National Bank*, 230 Conn. 486, 524-25 (1994); *Weglarz v. Plaza Ford, Inc.*, Superior Court, judicial district of Middlesex, Docket No. CV 94 0071519 (August 30, 1995).

The plaintiff asserts that the defendant's conduct constituted an unfair trade practice because it was "immoral, unethical, oppressive or unscrupulous." You need to determine whether the defendant's conduct was "immoral, unethical, oppressive or unscrupulous."

## AUTHORITY

*Walk v. Lupia Renovating Co, Inc.*, Superior Court, Judicial District of New Britain, Docket No. CV 00 0504205 (April 18, 2001).

The plaintiff claims that the defendant's actions were deceptive and that he therefore violated CUTPA. The plaintiff must prove three requirements. First, there must be a representation, omission, or other practice likely to mislead consumers. The plaintiff does not have to prove that the defendant intended to deceive those consomers or that the defendant knew that his statement or act was false. Second, the consumers must interpret the message reasonably under the circumstances. Third, the misleading representation, omission, or practice must be material -- that is, likely to affect consumer decisions or conduct.

## AUTHORITY

*Cheshire Mortgage Service, Inc. v. Montes*, 223 Conn. 80, 106 and n.36 (1992); *Caldor, Inc. v. Heslin*, 215 Conn. 590, 597 (1990), cert. denied, 498 U.S. 1088 (1991), citing *Figgie International, Inc.*, 107 F.T.C. 313, 374 (1986); *Web Press Serv. Corp. v. New London Motors, Inc.*, 203 Conn. 342, 362-63 (1987).

## EXHIBIT D – DEFENDANT'S PROPOSED JURY INSTRUCTIONS

I.   CARE REQUIRED OF AN ATTORNEY

A.   The plaintiff has alleged that an attorney-client relationship existed between him and Attorney Cohen. In order to succeed in a legal malpractice action, the plaintiff must prove by a preponderance of the evidence that an attorney-client relationship existed. Invariably, any theory of legal malpractice must rest upon an attorney-client relationship. 2 Mallen and Smith, Legal Malpractice, §8.1, p. 403.

B.   Before the plaintiff can recover a verdict against Attorney Cohen on his claim of legal malpractice, he must establish first, that an attorney-client relationship existed between himself and Attorney Cohen. If you find that an attorney-client relationship did not exist then your deliberations are complete on this count and you must find for the defendant. If you find that such an attorney-client relationship exists, then the plaintiff must still prove that, second, a breach of the professional standard of care has occurred; and third, that the breach was the proximate cause of the injuries suffered by the plaintiff. 2 Mallen and Smith, Legal Malpractice, §8.10, p. 428; Somma v. Gracey, 15 Conn. App. 371, 374-75 (1988). Such proof must be made by a preponderance of the evidence. Id. at 375.

C.   If you find that an attorney-client relationship exists, the scope of that relationship is a question of fact for you to determine. Somma v. Gracey, 15 Conn. App. 371, 379 (1988). The

364703-v2

existence of an attorney-client relationship between the plaintiff and the defendant creates a duty owed by the defendant to the plaintiff. Id. It is axiomatic, however, that the duty of the attorney to act does not extend to the business of the client in general. Id.; Erickson v. Civic Plaza Nat. Bank, 422 S.W. 2d 373 (1967). The obligation of the attorney is to provide the service for which he was hired. Id.; 7 Am. Jur. 2d, Attorney at Law §129.

    D.    To prove that Attorney Cohen was negligent, that Attorney Cohen's conduct showed a want of proper skill, care and diligence, the plaintiff must prove that Attorney Cohen's actions fell below the standard of care for attorneys. If you find that Attorney Cohen exercised the care, skill and diligence that an attorney under the conditions and circumstances that you find existed would exercise, then your deliberations are complete and you must find for the defendant. Id.

    E.    An attorney is not bound to possess or exercise the highest degree of skill, care and diligence, nor is he an insurer or guarantor of his work. It is his duty to bring to the client's business the ordinary legal knowledge and skill common to members of the legal profession and to exercise that reasonable care and diligence which is usually exercised by lawyers. Slade v. Harris, 105 Conn. 436, 441 (1927).

However, if you find that Attorney Cohen did not exercise the care, skill and diligence outlined above, then you must continue on to determine whether the plaintiff has established the third

essential element of his claim, that Attorney Cohen's negligence proximately caused the plaintiff's injuries.

## II. LEGAL CAUSE

To prevail on a negligence claim, the plaintiff must establish that the defendant's conduct legally caused the injuries. Doe v. Manheimer 212 Conn. 748, 757 (1989). The first component of legal cause is causation in fact. The test for cause in fact is, simply, would the injury have occurred were it not for Attorney Cohen's conduct. Id. The second component of legal cause is proximate cause.

## III. PROXIMATE CAUSE

A. The plaintiff must also prove that Attorney Cohen's negligence was a substantial factor or proximate cause of the plaintiff's losses. Therefore, if you should find that Attorney Cohen's treatment of the plaintiff fell below the standard of care for attorneys that would not necessarily afford the basis of recovery for the plaintiff. The plaintiff must go further: he must prove to you by a fair preponderance of the evidence that the negligence caused the losses complained of. I would caution you at this point not to use a "cart before the horse" process of reasoning. Remember, you must first find that Attorney Cohen's conduct was negligent by a preponderance of the evidence before the issue or proximate cause may be considered. Krause v. Bridgeport Hospital, 169 Conn. 1, 9 (1975). The plaintiff can only recover for those losses proximately caused by the negligent act or

acts of Attorney Cohen. Much learning has been expended by courts of law in attempting to arrive at a correct and reasonably understandable test for determining whether the negligence of a party was the cause of the losses which resulted from a happening and the Courts have formulated a test in a brief statement which can understood and applied by the average juror. Mahoney v. Beatman, 110 Conn. 184 (1929). It is this: was the negligence a substantial factor in producing those injuries?

B.     When an event produces a result which follows in natural sequence, it may be said that the event is the cause of the result. Monroe v. Hartford St. Rv. Co., 76 Conn. 201, 207 (1903); Santini v. Lenin, 100 Conn. 248, 252 (1929). By natural sequence, I mean a sequence which proceeds in accordance with the common experiences of life. Lombardi v. Wallad, 98 Conn. 510, 517 (1923); Corey v. Phillips, 126 Conn. 246, 255 (1939). Not only must the plaintiff prove that the defendant was negligent, but he must also prove that such negligence was a substantial factor in bringing about the losses he suffered. Thus, if the loss would have happened even though the defendant had not been negligent, the defendant's negligence cannot be held to be a cause of the injury. 1 Wright, Connecticut Jury Instructions, Section 110.

IV.    CAUSAL CONNECTION

The rule that the burden of proof is upon the plaintiff to satisfy you as to losses and damage implies not merely that he shall prove to you that the plaintiff has suffered the damages he claims, but also that he shall prove to you that such damages were caused by these allegations which we are

investigating. If anything else has caused his damages, if his loss was due to any other cause than this particular conduct, you will dismiss the claims in this case from your minds. When I say "cause" to you in this connection, I mean that there must be the same causal connection between the allegations of negligence and the loss as I explained to you earlier. In other words, you must find that the conduct of the defendant was negligent and that the defendant's negligence was a substantial factor in bringing about the losses claimed by the plaintiff. If and only if you are satisfied by a fair preponderance of the evidence that the elements of damage claimed were due to the defendant's alleged negligence, will you compensate the plaintiff for them. See Mourison v. Hansen, 128 Conn. 62, 66 (1941).

V.   PROOF BY EXPERT TESTIMONY

A.   To recover, the plaintiff must prove that Attorney Cohen as his attorney failed to meet the standard of care expected of a reasonably prudent attorney under the circumstances. As a general rule, for a plaintiff to prevail in a legal malpractice case in Connecticut, he must present expert testimony to establish the standard of proper professional skill or care, and the breach of that standard. Davis v. Margolis, 215 Conn. 408, 416 (1990).

B.   The rule admitting opinion or expert evidence is founded upon necessity, because the law recognizes that a jury is composed of laymen who cannot be presumed to be as familiar with complex issues and facts such as those which must be determined in a legal malpractice case as

experts on the subject would be. Thus, expert testimony is presented to inform the jury, not to decide the case for the jury. No matter how certain a particular witness may be in his opinion concerning a fact in the case, such opinion is subject to your review. It is in no way binding upon you. John v. Fuller, 190 Conn. 552, 556 (1983). The weight to be accorded the testimony of an expert witness depends upon your conclusion as to the proof and completeness of the facts considered by him in drawing his conclusions and your conclusions as to his qualifications as an expert and credibility as a witness. If you do not feel that the facts underlying an expert's conclusions have been proven, you must reject his or her opinion. State v. One 1977 Buick Auto, 196 Conn. 471, 484 (1985); Nash v. Hunt, 166 Conn. 418, 425, 426 (1975). 1 Wright, Connecticut Jury Instructions, §§324, 325 (3rd. ed. 1981).

    C.    Also, in weighing and considering the testimony of legal experts, you are to apply to them the same rules that you would apply to any other witnesses regarding the witness' interests and bias, prejudice, appearance and demeanor, frankness, and candor upon the witness stand. Expert witnesses have appeared in this trial because of their expertise, their possession of peculiar and exclusive knowledge and experience in a specialized field. The value that you attach to their testimony and the weight to be accorded it would, of course, depend upon many other things: upon the expert's actual skill; the experience he has had; the training he has had; whether this experience and training has been long or brief; and whether he has acquired a skill greater than that of others;

whether he has an interest in the outcome of the trial . 1 Wright, Connecticut Jury Instructions, §§324, 325 (3rd. ed. 1981).

D.    There are other considerations you must bear in mind when weighing the testimony of any expert witness. The value of the opinions they give necessarily depends upon the truth and completeness of the facts they are asked to assume as the basis of their opinions.

So, your first considerations must be: were those facts proven, and were all of the facts material in arriving at a sound conclusion included in the question? If any facts were included which you do not find to be proven, or if any material facts were omitted, the value of their opinions may be entirely destroyed or seriously affected. Experts' statements are, after all, just statements of opinion. You must decide whether to accept or reject each person's opinion, depending on whether you agree or disagree with them, in whole or in part. You are the ones who must ultimately decide the question. Expert witnesses cannot decide for you. Ask yourself whether the witness had produced before you a rational and reasonable basis in support of the opinion given. You may conclude that you should partially or entirely disregard an expert's opinion. 1 Wright, Connecticut Jury Instructions, §124 (3rd. ed. 1981).

VI.    DAMAGES - PLEADING AND BURDEN OF PROOF

A.    You must not speculate or guess as to the nature and extent of the injuries. You cannot award any damages for any injury which may only possibly have resulted from the

occurrence. Damages can only be awarded for those injuries which the plaintiff has proved, by a fair preponderance of the evidence, as having resulted from Attorney Cohen's conduct with reasonable probability. It is only if you find the relation of cause and effect between the negligence, if any, of Attorney Cohen and any one or more of the claimed results that you can consider such results in awarding damages. That is, if the plaintiff suffered injury due to the negligence on the part of Attorney Cohen, such negligence must also have been a substantial factor in producing the damages alleged.

B. Now, unless or until you come to the conclusion that the defendant was negligent and that such negligence was the proximate cause of the plaintiff's injuries, you have no occasion whatsoever to consider the question of damages. I speak of damages only in the event that you get that far in your considerations. You must turn to the question of damages only if you come to the conclusion that the defendant was negligent, and that such conduct was the proximate cause of the injuries in the given case. In that regard, just as in regard to every other disputed matter before you, you can only award the plaintiff damages if he is justified by the pleadings and the proof.

It is incumbent upon the plaintiff to satisfy you, by a fair preponderance of the evidence, as I have defined that to you, as to the extent and nature of the injury which he suffered and the amount which ought to be recovered as damages. It is not the burden of the defendant to disprove the claimed injuries.

C.  The fundamental rule and principle as to damages is that the amount awarded should be just, fair and reasonable compensation, no more and no less, for losses suffered, if any, as a direct and proximate result or consequence of a defendant's negligence. The burden or proving what, if any, these injuries and losses were, and their extent, of course, rests on the plaintiff. The purpose of an allowance of damages is not in any way to punish or penalize the defendant. The true theory is to compensate the plaintiff. Finally, not only is the plaintiff limited in the amount he may recover by his allegations, but, he must satisfy you by a fair preponderance of the evidence, as I have defined that to you, of the amount he is entitled to receive as damages.

D.  You are to give the plaintiff damages only if you find he has proven actionable negligence on the part of the defendant and then you should allow only such damages as he proves were a proximate consequence of his injuries. In order to allow any given item, you should find that it was proximately caused by negligence on the part of the defendant in producing the resulting injuries. Wright, <u>Connecticut jury Instructions</u>, Section 226.

E.  Economic damages are defined as compensation for pecuniary or money losses.

F.  If you determine that the plaintiff is entitled to compensatory damages, you must then consider whether he failed to mitigate his damages. Sand, <u>Instructions</u> §77-7. A person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate", or minimize, those damages.

G.   The law imposes on an injured person the duty to take advantage of reasonable opportunities he or she may have to prevent the aggravation of his or her injuries, so as to reduce or minimize the loss or damage.

H.   You and you alone are to determine a fair, just and reasonable amount to compensate the plaintiff for his economic losses. You have been provided with jury interrogatories and verdict forms to assist you in your task.

VII.   BREACH OF CONTRACT

In order to form a valid contract, certain elements must be present. There must be an offer by Attorney Cohen and acceptance of that offer by the plaintiff. 2 Wright, Connecticut Jury Instructions §500 (4th ed. 1993). There must also be consideration given by plaintiff in exchange for Attorney Cohen's promise. Fisher v. Jackson, 142 Conn. 734 (1955). To constitute consideration for a promise, an act or promise must not only be a detriment to plaintiff but must be bargained for and given in exchange for Attorney Cohen's promise. An act done prior to the promise cannot later be said to be in consideration for the promise. Dick v. Dick, 167 Conn. 210 (1975).

In order to form a binding contract, there must also be mutual assent or a meeting of the minds on all of the essential contract terms. Finely v. Aetna Life & Cas. Co., 202 Conn. 190 (1987); Ubysz v. DiPietro, 185 Conn. 4751 (1981); 2 Wright, Connecticut Jury Instructions § 500 (4th ed. 1993). There can be no meeting of the minds if Attorney Cohen did not intend to enter into a

contract. <u>Curry v. Burns</u>, 225 Conn. 782 (1993); <u>D'Ulisse-Cupo v. Board of Directors Notre Dame High School</u>, 202 Conn. 206, 214 (1987); <u>Finley v. Aetna</u>, 202 Conn. 190, 199 (1987), <u>rev. on other grounds</u>. You must find that each of these essential elements existed in order to find that there was a contract between plaintiff and Attorney Cohen to provide legal services.

The plaintiff has alleged that Attorney Cohen breached a contract in his representation of the plaintiff. In order to succeed in a breach of contract action against an attorney based on negligence, a plaintiff must prove by a preponderance of the evidence that the attorney agreed to or warranted a specific result, as opposed to a situation where the attorney made a generalized statement that the result would be good. If the plaintiff has not established, by a fair preponderance of the evidence, a failure by Attorney Cohen to perform a specific or express agreement, then you must find in favor of Attorney Cohen.

<u>Shuster v. Buckley</u>, 5 Conn. App. 473, 478 (1985)
<u>Giambosi v. Peters</u>, 127 Conn. 380, 386-87 (1940)

VIII.   <u>NEGLIGENT MISREPRESENTATION</u>

The plaintiff is seeking to recover damages for negligent misrepresentations which he claims the defendant made to him, and which he claims induced him to enter into the Marital Settlement Agreement. I propose first to state to you in somewhat general terms the elements which, as applied to this case, are necessary to make up a cause of action for negligent misrepresentations, and later I shall comment in more detail upon the particular elements. The essential elements of this action: are

(1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury. Suffield Development Associates Ltd. Partnership v. National Loan Investors, L.P., 260 Conn. 766, 777-78, 802 A.2d 44 (2002).

Your first question then, is: did the defendant make to the plaintiff a representation which, as reasonably understood by the plaintiff, was definite and certain, which was a representation of fact, not an expression of opinion, not a promise, unless made with a present intention not to keep it, and not an assurance of something to take place in the future, unless it was made when the defendant knew or had reason to believe it would not come true, or unless it was made without any belief that it would come true or in disregard as to whether it would or would not become true.

In what I have just said to you I have stated the circumstances under which a promise or an assurance of future events would be a basis for an action of fraud. Now I want to speak particularly of representations of fact and of the requirements that such representations be untrue. The representation of fact, to be the basis of this action, must in the first place, be untrue; if they are true, no action can be based on them. But it is not enough for the plaintiff merely to prove that they were untrue; he must also prove that they were known by the defendant when he made them to be untrue or that he made them without any belief in their truth or in disregard of their truth or falsity.

The representation must have been made with an intent to induce the plaintiff act upon it. A further element which the plaintiff must prove is that any representation made by the defendant did in fact induce the plaintiff to enter into the transaction in question. If the plaintiff did rely upon the truth of the representation, and if that reliance materially contributed to his entering into the transaction, this necessary element is established. Wright, Connecticut Jury Instructions, Section 340.

IX. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff has also claimed that Attorney Cohen has breached the implied covenant of good faith and fair dealing embodied his contract with the plaintiff. Every contract carries an implied duty of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. Habetz v. Condon, 224 Conn. 231, 238 (1992). To prevail on this claim, plaintiff must prove that Attorney Cohen acted in "bad faith." Bad faith in general implies both "actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." Id. at 237. Bad faith means more than mere negligence; it involves a dishonest purpose. Id. at 237.

Plaintiff has claimed that Attorney Cohen has breached this covenant by (1) charging excessive fees, (2) providing that any unexpended retainer monies would be paid at the conclusion of the representation to Attorney Cohen, (3) arranging for additional fees to be paid at the conclusion of

the settlement of the divorce, (4) failing to abide by plaintiff's instructions and (5) implying that he would withdraw from representing plaintiff. Plaintiff, therefore, must prove to you, by a preponderance of the evidence, that (1) Attorney Cohen breached the contract or the Letter Agreement and (2) that Attorney Cohen breached the breached the contract in bad faith; in other words, a sinister motive or dishonest purpose. If you find that Attorney Cohen did not breach the contract, you must find in favor Attorney Cohen on this claim. If you find that Attorney Cohen did breach the contract of representation, then you must determine whether Attorney Cohen acted with a sinister motive or dishonest purposes in his charging of fees and/or representation of plaintiff at the divorce mediation. If you find that Attorney Cohen did not act with a sinister motive or dishonest purposes in his representation of plaintiff, you must enter a verdict in favor of Attorney Cohen.