# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY ZIMMERMAN | : | No.:302 CV 0181 (AVC) |
| *Plaintiff* | : | |
| | : | |
| VS. | : | |
| | : | |
| GARY COHEN | : | |
| *Defendant.* | : | OCTOBER 1, 2004 |

## OBJECTION TO MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA

Gary Zimmerman hereby objects to the Defendant's Motion for Protective Order and Motion to Quash Subpoena which was improperly filed under the above captioned docket number.  Mr. Zimmerman caused a subpoena to be issued and served with a notice of deposition seeking the deposition of Gary Cohen for use in an action now pending in the United States District Court, Northern District of Illinois, Eastern Division entitled Zimmerman Properties, Inc. and Gary Zimmerman v. David Grund and Grund and Starkopf, P.C. n/k/a Grund, Starkopf & Leavitt, P.C.  Said subpoena was issued from the United States District Court for the District of Connecticut pursuant to Fed. R. Civ. P. 45(a)(2).  The Motion to Quash was improperly filed under the under the above caption and must be denied solely for that reason.

On September 13, 2004 Gary Cohen was served with a subpoena to appear at the Law Offices of Votre & Rini on September 15, 2004.  Mr. Cohen's Connecticut counsel, and indeed, his counsel in a separate Connecticut action in which Mr. Cohen is a party, communicated Mr. Cohen's wish to postpone the deposition due to the Jewish holiday. After discussions with Mr. Cohen's counsel it was agreed that the deposition would not take place on that date.  It was represented that Mr. Cohen's only availability would be on Monday, September 20, 2004, and only if the deposition would not begin until 3:00 P.M. and only if it were to take place in Mr. Cohen's office.  Counsel for Mr. Zimmerman immediately agreed to this arrangement with every desire to accommodate Mr. Cohen's request.  Counsel for Mr. Zimmerman was then told a few days later that Mr. Cohen was not available on September 20th and that other possible dates would be forthcoming. Counsel is well aware that "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45(c).   Counsel has made every attempt to be flexible with Mr. Cohen. It is his inflexibility that is at issue.  Counsel for Mr. Zimmerman received no dates from Counsel for Mr. Cohen and facing a discovery deadline renoticed and resubpoenaed Mr. Cohen for a deposition to be held on September 28, 2004.  Only then was a potential date provided.  That was on December 8, 2004, nearly 10 weeks from the date set in the subpoena.

The request to delay the deposition until December is not feasible because the action for which this deposition is to be taken has a discovery deadline of September 30, 2004.  After attempting to make accommodations to Mr. Cohen and his schedule, counsel re-noticed the deposition and issued a subpoena for September 29, 2004 in an attempt to give Mr. Cohen as much notice as possible.  The Plaintiff has taken reasonable steps to ensure that Mr. Cohen is not unduly burdened.  Mr. Cohen's actions apparently prove the old adage that "no good deed shall go unpunished."

Attorney Cohen is a key witness in the Plaintiffs' claims against Grund & Starkopf.  Moreover, because Attorney Cohen is outside the jurisdiction of the United States District Court for the Northern District of Illinois his deposition must be taken to preserve his testimony for use in trial. Attorney Cohen's testimony will be offered by way of deposition.  Therefore, the Defendant in the Chicago litigation <u>must</u> be given the opportunity to examine Attorney Cohen.

Wherefore the Plaintiff hereby objects to Gary Cohen's Motion to Quash Subpoena and Motion for Protective Order.[1]

---

[1] This objection has been certified to all counsel in the Chicago action as well as Mr. Cohen's counsel in Connecticut.

THE PLAINTIFFS,


_____

Kenneth A. Votre
Votre & Rini, P.C.
201 Orange Street
New Haven, CT 06511
Federal Bar No. 90785601
Tel. 203.498.0065
Fax.203.821.3595

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on

this___ day of October, 2004, to the following counsel and pro se parties of record:


Andrew Hale
Rock, Fusco & Garvey
390 N. LaSalle Street, Suite 900
Chicago, IL, 60610

Kevin W. Baldwin, Esq.
Grund & Leavitt, P.C.
812 North Dearborn Street
Chicago, IL 60610
Tel: 312.640.0500

Daniel F. Konicek, Esq.
Jeffrey T. Mitchell, Esq.
Konicek & Dillon, P.C.
21 W. State Street
Geneva, IL 60134

Benjamin Berger
Katherine C. Callahan, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street, Suite 2400
P.O. Box 231277
Hartford, CT 06123-1277

Christopher P. McClancy, Esq.
1051 Post Road, Suite 3
P.O. Box 1124
Darien, CT 06820-1124

                                    _____
                                    Kenneth A. Votre, Esq.