UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY ZIMMERMAN : | CIVIL ACTION NO.: |
|     Plaintiff : | 3:02 CV 0181 (AVC) |
| : | |
| VS. : | |
| : | |
| GARY COHEN : | |
|     Defendant : | DECEMBER 9, 2004 |
| : | |

### DEFENDANT GARY COHEN'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM OF LAW AND AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

The defendant, Gary Cohen ("defendant"), hereby responds to the Motion for Leave to File Supplemental Memorandum of Law and for Reconsideration ("Motion"), dated November 8, 2004, filed by the plaintiff, Gary Zimmerman ("plaintiff"). Motions for reconsideration are appropriate only where the moving party can point to newly discovered facts, an intervening change in the law or the existence of law that the Court has failed to consider. None of these conditions are present in this matter.

In an effort to supplement his already baseless Motion for Reconsideration, plaintiff has produced responses to defendant's Request for Admissions, quotations from the depositions of the defendant, legal arguments regarding the application of CUTPA and other information wholly

379992

inappropriate for inclusion in a Motion for Reconsideration or a supplemental filing in support of such a motion.  A Motion for Reconsideration is not the proper avenue for plaintiff to "rescue" his inadequate and incomplete reply to the original Motion for Partial Summary Judgment.  Motions for Reconsideration provide the Court with an opportunity to review new issues offact which were not available at the time the underlying motion was filed and decided or to consider an intervening change in the law.  Here, plaintiff's supplemental filing simply provides the Court with facts and legal arguments that could have been presented when the underlying motion was before the Court.  A Motion for Reconsideration is not a "second bite at the apple" and plaintiff should not be permitted to supplement his inappropriate Motion for Reconsideration with additional irrelevant materials.

          RESPECTFULLY SUBMITTED,
          DEFENDANT,
          GARY COHEN

By: _____
    KATHERINE C. CALLAHAN, ESQ.
    Federal Bar Number ct06126
    BENJAMIN J. BERGER, ESQ.
    Federal Bar Number ct25555
    UPDIKE, KELLY & SPELLACY, P.C.
    One State Street
    P.O. Box 231277
    Hartford, CT  06123-1277
    Tel. No. (860) 548-2600

379992

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been mailed, postage prepaid, this 9th day of December, 2004, to all pro se parties and counsel of record as follows:

Kenneth A. Votre, Esq.
Hurwitz, Cooper, Silverman & Votre, P.C.
667 State Street
New Haven, CT  06511

BY: _____
BENJAMIN J .BERGER, ESQ.
Updike, Kelly & Spellacy, P.C.

379992

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY ZIMMERMAN<br>    Plaintiff | : | CIVIL ACTION NO.:<br>3:02 CV 0181 (AVC) |
| VS. | : | |
| GARY COHEN<br>    Defendant | : | DECEMBER 9, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM OF LAW AND AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION**

I.   BACKGROUND

The plaintiff, Gary Zimmerman ("plaintiff"), commenced this action by Writ, Summons and Complaint dated January 30, 2002 against the defendant, Gary Cohen ("defendant"), his former attorney. Complaint, First Count, ¶ 6. The gravamen of the plaintiff's Complaint against the defendant is plaintiff's sudden dissatisfaction with the outcome of his marital dissolution proceedings, during which the defendant provided legal services to him. Id., First Count, ¶ 6, 29. On or about May 6, 2003, defendant filed a Motion for Partial Summary Judgment on the Fourth, Fifth and Seventh Counts of the Complaint, sounding in intentional and reckless misrepresentation and CUTPA. On or about June 23, 2003 plaintiff filed an Objection to defendant's Motion for Partial Summary Judgment.

379992

On April 23, 2004, the Court (Covello, J), issued a Ruling on the Defendant's Motion for Partial Summary Judgment ("Ruling"). Therein, the Court granted defendant's Motion for Partial Summary Judgment as to all three counts set forth above, stating generally that the plaintiff failed to raise an issue of material fact on any of the counts. On or about April 30, 2004, plaintiff filed a Motion for Reconsideration ("Motion"), requesting that the Court review its Ruling, because "Plaintiff's counsel erroneously believed the defendant's Motion to be essentially a Federal Rules of Civil Procedure Fed R. Civ. R. (sic) 12(b)(6) motion." Motion at 10. Plaintiff further stated that "Either the plaintiff's counsel or the court misunderstood the Defendant's motion." Motion at 15. More specifically, plaintiff suggests that his response to the Motion for Partial Summary Judgment was narrow and lacking because he misunderstood the burdens required by a Motion for Summary Judgment and a response thereto.

On or about May 21, 2004, defendant filed an objection to the Motion for Reconsideration. On November 8, 2004, plaintiff requested permission from the Court to file a supplemental motion in support of the Motion for Reconsideration, and on or about November 17, 2004, the Court granted permission for plaintiff to file the supplemental motion. Defendant hereby responds to plaintiff's supplemental filing.

II.  **ARGUMENT**

   A.  **PLAINTIFF'S MOTION FOR RECONSIDERATION IS IMPROPER, AS PLAINTIFF HAS FAILED MEET ANY OF THE REQUIREMENTS FOR FILING A MOTION FOR RECONSIDERATION**

As part of the supplemental memorandum of law submitted by plaintiff in support of his Motion for Reconsideration, plaintiff has provided quotations from the depositions of the parties, documentary evidence and a sixty-five (65) paragraph supplemental affidavit signed by the plaintiff. None of these allegedly "supplemental" materials present new information for the Court's consideration. Plaintiff could have included all of the "supplemental" materials in his objection to the defendant's Motion for Summary Judgment. Plaintiff's failure to provide this information in his objection is not a defect properly salvaged by a Motion for Reconsideration.

A motion for reconsideration is neither a "second bite at the apple" nor "a vehicle for relitigating old issues, presenting the case under new theories, [or] securing a rehearing on the merits." Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Put more definitively, a party moving for reconsideration "must demonstrate that newly discovered facts exist that require consideration, that there has been an intervening change in the law, or that the court has overlooked and thus failed to consider an aspect of the law presented by the [moving party] which, if left unredressed, would resulted in clear error or cause manifest injustice." Weinstock v. Wilk, 2004 U.S. Dist. LEXIS 2844 at *3-4 (U.S. Dist. 2004) (copy attached as Exhibit A). Here, plaintiff has offered

no newly discovered facts, has indicated no changes in the law and has failed to indicate any aspect of the law overlooked by the Court. Thus, plaintiff has failed to meet a single requirement necessary to sustain a motion for reconsideration. Rather, plaintiff is hoping for a second bite of the apple in an effort to belatedly provide alleged evidentiary support for plaintiff's Objection to defendant's Motion for Partial Summary Judgment and obtain a reversal of the Court's decision.

In further support of this Reply, the defendant relies on the arguments set forth in its Objection to the defendant's Objection to Plaintiff's Motion for Reconsideration dated May 21, 2004. Should the Court grant plaintiff's Motion for Reconsideration, defendant requests that the court grant defendant the opportunity to respond on the merits to the evidence and arguments plaintiff has now submitted in opposition to the Motion for Partial Summary Judgment.

379992                                4

III.   **CONCLUSION**

For the foregoing reasons, defendant Gary Cohen respectfully requests that the Court deny plaintiff's Motion for Reconsideration.

                                      RESPECTFULLY SUBMITTED,

                                      DEFENDANT,
                                      GARY COHEN

By:_____
      KATHERINE C. CALLAHAN, ESQ.
      Federal Bar Number ct06126
      BENJAMIN J. BERGER, ESQ.
      Federal Bar Number ct25555
      UPDIKE, KELLY & SPELLACY, P.C.
      One State Street
      P.O. Box 231277
      Hartford, CT  06123-1277
      Tel. No. (860) 548-2600

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been mailed, postage prepaid, this 9th day of December, 2004, to all pro se parties and counsel of record as follows:

Kenneth A. Votre, Esq.
Hurwitz, Cooper, Silverman & Votre, P.C.
667 State Street
New Haven, CT 06511

BY: /s/ BJB
BENJAMIN J. BERGER, ESQ.
Updike, Kelly & Spellacy, P.C.