Get a Document by Citation - 2004 U.S. Dist. LEXIS 2844 Page 1 of 5

Case 3:02-cv-00181-AVC Document 61-2 Filed 12/10/2004 Page 1 of 5

Service: **Get by LEXSEE®**
Citation: **2004 U.S. Dist. LEXIS 2844**

*2004 U.S. Dist. LEXIS 2844, **

GLORIA WEINSTOCK, Plaintiff, -vs- OFFICER TIMOTHY WILK, Defendant.

Civil No. 3:02cv1326 (PCD)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2004 U.S. Dist. LEXIS 2844

February 25, 2004, Filed

**PRIOR HISTORY:** Weinstock v. Wilk, 296 F. Supp. 2d 241, 2003 U.S. Dist. LEXIS 22745 (D. Conn., 2003)

**DISPOSITION:** Defendant's motion for reconsideration granted. Prior ruling adhered to.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff sued defendant for false arrest, abuse of process, malicious prosecution, unlawful search and seizure, and intentional infliction of emotional distress. Defendant was granted summary judgment with respect to the claims of false arrest, malicious prosecution, unreasonable search and seizure, and intentional infliction of emotional distress. Defendant sought reconsideration of the court's ruling with respect to the abuse of process claim.

**OVERVIEW:** Defendant argued that the court overlooked the fact that plaintiff filed a single count complaint, not a two-count complaint, and that defendant sought summary judgment on the entire complaint. Additionally, defendant contended that there were no factual allegations supporting an abuse of process claim. Defendant failed to identify the exacting standard necessary to grant reconsideration. After contending that plaintiff could not sustain her false arrest claim because defendant had probable cause to arrest her, defendant did not explicitly address plaintiff's other claims. Defendant merely stated, without explicitly arguing, that plaintiff's abuse of process claim was unsupported by any factual allegations. Because defendant merely took issue with the court's resolution of his motion for summary judgment and did not point to any facts or controlling law in his memorandum in support of summary judgment that the court overlooked, he failed to meet the threshold requirement for a motion for reconsideration.

**OUTCOME:** Defendant's motion was granted. The court determined that the prior ruling would stand.

**CORE TERMS:** reconsideration, summary judgment, abuse of process, overlooked, false arrest, memorandum, arrest, moving party, malicious prosecution, prior ruling, party moving, scour, intentional infliction of emotional distress, reasons stated, fails to meet, exacting, seizure

**LexisNexis(R) Headnotes** ✦ Hide Headnotes

Civil Procedure > Relief From Judgment > Relief Generally
**HN1** The standard for granting a motion for reconsideration is strict. Such a motion will

Get a Document - by Citation - 2004 U.S. Dist. LEXIS 2844

Case 3:02-cv-00181-AVC    Document 61-2    Filed 12/10/2004    Page 2 of 5

Page 2 of 5

generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Consequently, the function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence. A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made. Furthermore, a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.  More Like This Headnote

Civil Procedure > Relief From Judgment > Relief Generally

HN2± A motion for reconsideration is not simply a "second bite at the apple" for a party dissatisfied with a court's ruling. Furthermore, a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, or securing a rehearing on the merits. Thus, a party moving for reconsideration must demonstrate that newly discovered facts exist that require consideration, that there has been an intervening change in the law, or that the court has overlooked and thus failed to consider an aspect of the law presented by the moving party which, if left unredressed, would result in clear error or cause manifest injustice.  More Like This Headnote

Civil Procedure > Summary Judgment > Summary Judgment Standard

HN3± It is well settled that a party moving for summary judgment must establish that there are no genuine issues of material fact in dispute. Fed. R. Civ. P. 56(c).  More Like This Headnote

Civil Procedure > Summary Judgment > Burdens of Production & Proof

HN4± Just as a district court is not required to scour the record looking for factual disputes in a motion for summary judgment, it is not required to scour the party's various submissions to piece together appropriate arguments.  More Like This Headnote

**COUNSEL:** [*1]  For Gloria Weinstock, Plaintiff: Glenn Mead Conway, Knight, Conway & Cerritelli, New Haven, CT.

For Timothy Wilk, Ofcr, Defendant: James Newhall Tallberg, Updike, Kelly & Spellacy, P.C., Hartford, CT.

**JUDGES:** Peter C. Dorsey, United States District Judge.

**OPINIONBY:** Peter C. Dorsey

**OPINION:**

**RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant Timothy Wilk moves for reconsideration of this Court's summary judgment ruling filed December, 16, 2003 [Doc. No. 26]. For the reasons stated herein, Defendant's motion [Doc. No. 27] is **granted**. On review of the issues raised, the prior ruling will stand.

**I. BACKGROUND**

In July 2002 Plaintiff filed the present action against Defendant alleging false arrest, abuse of process, malicious prosecution, unlawful search and seizure, and intentional infliction of emotional distress in violation of both federal and Connecticut laws. Defendant moved for

"Get a Document - by Citation - 2004 U.S. Dist. LEXIS 2844    Page 3 of 5

Case 3:02-cv-00181-AVC    Document 61-2    Filed 12/10/2004    Page 3 of 5

summary judgment. On December 16, 2003 this Court filed a Ruling on Defendant's Motion for Summary Judgment [Doc. No. 26] granting summary judgment against Plaintiff with respect to her allegations of false arrest, malicious prosecution, unreasonable search and seizure, and [*2] intentional infliction of emotional distress. Defendant now seeks reconsideration of the Court's Ruling with respect to Plaintiff's surviving abuse of process claim. Plaintiff has not responded.

## II. DISCUSSION

### A. Standard of Review

HN1 The standard for granting a motion for reconsideration is strict. See Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. Consequently, the function of "a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence .'" Lo Sacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993). A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc. 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal [*3] citations and quotations omitted). Furthermore, a "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

### B. Analysis

Defendant argues that the Court overlooked the fact that Plaintiff filed a single count complaint, not a two-count complaint, and that Defendant sought summary judgment on the entire complaint. Additionally, Defendant contends that there are no factual allegations that could support an abuse of process claim. Consequently, Defendant maintains that he was entitled to summary judgment on Plaintiff's entire complaint.

It is well established that a motion for reconsideration must adhere to stringent standards. HN2 A motion for reconsideration is not simply a "second bite at the apple" for a party dissatisfied with a court's ruling. See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Furthermore, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, [or] securing a rehearing on the merits ." Id. Thus, a party moving for reconsideration "must demonstrate that newly discovered [*4] facts exist that require consideration, that there has been an intervening change in the law, or that the court has overlooked and thus failed to consider an aspect of the law presented by the [moving party] which, if left unredressed, would resulted in clear error or cause manifest injustice." Metropolitan Entertainment Co. v. Koplik, 25 F. Supp. 2d 367, 368 (D. Conn. 1998) (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

As an initial matter, Defendant's Memorandum in Support of Reconsideration reads more like a summary judgment memorandum than one for reconsideration. Defendant not only fails to identify the exacting standard necessary to grant reconsideration, but his argument header "There is no Genuine Dispute of Material Fact..." resembles a summary judgment argument. Def.'s Mem. of Law in Supp. of Mot. for Recons. at 3. Assuming arguendo, however, that Defendant did properly cite the exacting standard governing motions for reconsideration, he fails to meet the requirements for reconsideration.

Defendant alleges that the Court misconstrued his original Motion for Summary Judgment and contends that he [*5] intended to move for summary judgment on Plaintiff's entire complaint. Def.'s Mem. of Law in Supp. of Mot. for Recons. at 1. Defendant's argument is misguided. Even if Defendant did intend to move for summary judgment on Plaintiff's entire

Get a Document by Citation - 2004 U.S. Dist. LEXIS 2844
Case 3:02-cv-00181-AVC Document 61-2 Filed 12/10/2004 Page 4 of 5
Page 4 of 5

complaint, <sup>HN3</sup>it is well settled that a party moving for summary judgment must *establish* that there are no genuine issues of material fact in dispute. FED. R. CIV. PROC. 56(c); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (emphasis added). Despite this burden, however, Defendant concedes that he did not brief the abuse of process claim in his initial Memorandum of Law in Support of Summary Judgment "principally because the facts here are undisputed and none of them could support an abuse of process claim." Def.'s Mem. of Law in Supp. of Mot. for Recons. at 3. While Defendant explicitly acknowledged that Plaintiff's claims included that she was deprived of her right to be free from false arrest, abuse of process, malicious prosecution and unreasonable arrest and seizure, he failed to unambiguously address each of these claims. *See* Def. **[*6]** 's Mem. of Law in Supp. of Summ. J. at 10. After contending that Plaintiff could not sustain her false arrest claim because Defendant had probable cause to arrest her, Defendant did not explicitly address Plaintiff's other claims. *Id*. Defendant did not discuss the elements to abuse of process nor did he cite any legal authority regarding abuse of process. He simply concluded, without further argument, that "If there existed probable cause at the time of the arrest, the arrest is 'privileged,' and the individual has no constitutional or statutory claim against the officer who made the arrest." *Id*. (quoting *Decker v. Campus*, 981 F. Supp. 851, 856 (S.D.N.Y. 1997)).

Thus, in both his Memorandum in Support of Summary Judgment and his Memorandum in Support of Reconsideration, Defendant merely states, without explicitly arguing, that Plaintiff's abuse of process claim is unsupported by any factual allegations. <sup>HN4</sup>"Just as a district court is not required to scour the record looking for factual disputes, it is not required to scour the party's various submissions to piece together appropriate arguments." *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). **[*7]** Consequently, because Defendant merely takes issue with the Court's resolution of his Motion for Summary Judgment and does not point to any facts or controlling law in his Memorandum in Support of Summary Judgment that the Court overlooked in reaching its decision, he fails to meet the threshold requirement for a motion for reconsideration. Accordingly, Defendant's Motion for Reconsideration is **granted** solely to permit the foregoing analysis of the grounds for it. For the reasons set forth above, the prior ruling will stand.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion for Reconsideration [Doc. No. 27] is **granted** and the prior ruling is adhered to.

SO ORDERED.
Dated at New Haven, Connecticut, February  , 2004.

Peter C. Dorsey

United States District Judge

Service: **Get by LEXSEE®**
Citation: **2004 U.S. Dist. LEXIS 2844**
View: Full
Date/Time: Thursday, December 9, 2004 - 9:06 AM EST

\* Signal Legend:
- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

Get a Document - by Citation - 2004 U.S. Dist. LEXIS 2844    Page 5 of 5

Case 3:02-cv-00181-AVC    Document 61-2    Filed 12/10/2004    Page 5 of 5

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.