02CV181(v)

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY ZIMMERMAN,           :          2005 JAN 26  P 3: 53
    Plaintiff,            :
                          :          U.S. DISTRICT COURT
v.                        :          HARTFORD, CT
                          :    Civil No. 3:02CV0181 (AVC)
GARY COHEN,               :
    Defendant.            :

## RULING ON THE PLAINTIFF'S MOTION FOR RECONSIDERATION

This is an action for damages and equitable relief brought
in connection with a failed attorney/client relationship   The
plaintiff, Gary Zimmerman, alleges that his former attorney, Gary
Cohen, engaged in attorney malpractice and breach of contract,
and knowingly misrepresented information to him in his marital
dissolution proceeding.  The complaint alleges violations of the
Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.
Stat. § 42-110(a), and common law tenets concerning legal
malpractice, breach of contract, breach of the implied covenant
of good faith and fair dealing, intentional misrepresentation,
reckless misrepresentation, and negligent misrepresentation.

The plaintiff now moves for reconsideration of the court's
April 23, 2004 ruling granting partial summary judgment to the
defendant on the causes of action sounding in intentional and
reckless misrepresentation, and under CUTPA.

The issues presented are: 1) whether reconsideration is
appropriate under the circumstances presented here; 2) whether

1

the plaintiff has raised a genuine issue of material fact that

the defendant is liable under common law precepts concerning

misrepresentation; and 3) whether the plaintiff has raised a

genuine issue of fact that the defendant's alleged conduct falls

outside of the entrepreneurial aspect of the practice of law and

is, accordingly, cognizable under CUTPA.

For the reasons that follow, the motion for reconsideration

is GRANTED.  The relief requested is also GRANTED in that the

court answers issues 2 and 3 above in the affirmative.

### FACTS

Examination of the complaint, pleadings, Local Rule 56(a)

statements, affidavits, and exhibits accompanying the motion for

summary judgment, and the responses thereto, discloses the

following undisputed, material facts.  In August of 2000, the

plaintiff, Gary Zimmerman, retained the defendant, attorney Gary

Cohen, to represent his interests in a divorce proceeding against

his wife, Joan Zimmerman (hereinafter Mrs. Zimmerman).  Zimmerman

paid Cohen an initial retainer fee of $20,000 pursuant to Cohen's

retainer agreement.  Cohen pursued an existing divorce action in

the Connecticut superior court at the request of Zimmerman.

In May of 2001, Zimmerman paid Cohen an additional retainer

fee of $25,000.  Cohen requested this fee just prior to a

scheduled mediation conference to be held in Chicago, IL.  On May

2

21, 2001, Zimmerman, Cohen, Mrs. Zimmerman, and Mrs. Zimmerman's attorney met in Chicago for a week-long mediation in an attempt to reach a divorce settlement. From May 21, 2001 to May 25, 2001, Cohen represented Zimmerman at the mediation, providing legal services in connection with the negotiation and finalization of that settlement.

Zimmerman alleges that during the course of the mediation, Cohen demanded that Zimmerman pay him a $300,000 bonus in addition to approximately $150,000 of legal fees already paid, and that if the money was not paid, he would withdrawal from the case. If Zimmerman refused to pay and hired substitute counsel, Zimmerman claims that Cohen threatened to divulge to opposing counsel that the jurisdictional basis for the Connecticut action was flawed – a defect which placed at risk Zimmerman's ability to obtain a valid property division. Zimmerman claims that Cohen also demanded that Zimmerman pay his then wife's counsel a $300,000 bonus. Zimmerman asserts that Cohen designated the 'bonus' as a fee paid for 'tax advice'."

On May 24, 2001, in a letter from Cohen to Zimmerman (hereinafter the tax letter), Cohen states:

> I want to confirm with you that prior to the
> completion of the drafting of our separation
> agreement I advised you that I am not
> providing tax advice in connection with the
> consequences of your transfer of real estate
> and cash assets to Joan Zimmerman as a part
> of the property settlement agreement. . . . I

3

have requested that you obtain independent
advice from a tax expert with respect to this
issue. I make no representations, guarantees,
promises or suggestions of any kind regarding
the actual or potential adverse consequences
to you. . .

On May 25, 2001 Zimmerman and Mrs. Zimmerman signed a
marital settlement agreement.  Zimmerman initialed each page of
the marital settlement agreement and signed the last page before
a notary public.  The marital settlement agreement states that
"both parties have entered into this Agreement without undue
influence, coercion, misrepresentation, or for any other cause
except as herein specified."

Section 5.2 of the marital settlement agreement requires the
payment of $300,000 to the attorneys for both Zimmerman and Mrs.
Zimmerman.  Section 5.2 of the marital settlement agreement
states:

> Zimmerman Properties, Inc. shall pay to Gary
> Cohen and Grund & Starkopf, P.C. [the law
> firm representing Mrs. Zimmerman] the sum of
> $300,000 each for and as attorneys fees in
> connection with services rendered to
> Zimmerman Properties, Inc. with respect to
> tax planning, counseling and in matters
> relating to advice and consultation given to
> Zimmerman Properties, Inc. and to Husband and
> Wife in conjunction with the preservation and
> disposition of income producing properties.

Section 12.3 of the marital settlement agreement, however,
states that: "the law [firm] of Gary I. Cohen . . . [was] not

4

expected to provide and, in fact, did not provide tax advice concerning this Agreement."

On May 6, 2003, Cohen moved for partial summary judgment, arguing that the record failed to support a cause of action for intentional or reckless misrepresentation, or a cause of action under CUTPA. On April 23, 2004, the court granted the motion, concluding that Zimmerman failed to provide the court with evidence sufficient to raise a genuine issue of material fact on his claims and, accordingly, Cohen was entitled to judgment as a matter of law. On April 30, 2004, Zimmerman moved for reconsideration, asserting that he failed to furnish a sufficient evidentiary record because he "erroneously believed [Cohen's] motion to be essentially a Fed. R. Civ. P. 12(b)(6) motion." With his motion for reconsideration, Zimmerman has submitted therewith his affidavit and excerpts from his deposition and the deposition of Cohen and hence, an evidentiary basis for opposing summary judgment.

### STANDARD

Reconsideration of a previous ruling is appropriate where there has been an intervening change in controlling law, new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice. United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994).

**DISCUSSION**

1.    Motion for Reconsideration

Cohen first argues that reconsideration is not authorized here because "[a] motion for reconsideration is not the proper avenue for [Zimmerman] to 'rescue' his inadequate and incomplete reply to the original motion."  In response, Zimmerman maintains that he failed to furnish a sufficient evidentiary record in his opposition to Cohen's summary judgment motion because he "erroneously believed [Cohen's] motion to be essentially a Fed. R. Civ. P. 12(b)(6) motion" and that, in any event, Zimmerman's motion for summary judgment itself was not adequately supported with a factual record.

Because Zimmerman has submitted an affidavit in support of the allegations set forth in the complaint and has furnished the court with excerpts from both his deposition and that of Cohen, the court can now consider the arguments first presented in Cohen's motion for summary judgment in the light of an evidentiary record.  Because reconsideration under these circumstances would prevent a manifest injustice, the motion is granted.

2.    Intentional Misrepresentation

In counts four and five of the complaint, Zimmerman asserts that Cohen violated common law precepts concerning

6

misrepresentation when he allegedly told Zimmerman that: 1)the jurisdictional basis for the Connecticut divorce action was flawed; 2) that if another attorney appeared for Zimmerman, Cohen would cause the mediation to fail; and 3) that a $300,000 bonus payable to Cohen was for tax advice. Specifically, in count four of the complaint, Zimmerman alleges that the above statements constitute a cause of action for intentional misrepresentation because they are factually untrue and were made to induce him into paying Cohen a "bonus" of $300,000. In count five, Zimmerman asserts that a cause of action for negligent misrepresentation is also alleged because Cohen should have known that his statements were false and acted in reckless disregard [for the truth] in making them.

In response, Cohen maintains that, because Zimmerman signed an agreement stating that he was not subject to "undue influence, coercion, [or] misrepresentation" when he agreed, among other things, to pay $300,000 to Cohen, he cannot prove any cause of action for misrepresentation.

The elements of a claim of intentional misrepresentation are:

> 1) that a false representation was made as a
> statement  of fact, 2) that it was untrue and
> known to be untrue by the party making it, 3)
> that it was made to induce the other party to
> act, and 4) that the latter did so act to its
> injury."

Wesconn Co. v. ACMAT Corp., No. CV990594760S, 2001 WL 438711, at
*3 (Conn. Super. Ct. April 11, 2001) (citing Miller v. Appleby,
183 Conn. 51, 54-55, 438 A.2d 811 (1981)). The elements
constituting a cause of action for negligent misrepresentation
are similar, with the only meaningful distinction here being that
a declarant need not know with certainty that a statement is
false at the time it is made - rather, it is sufficient for
purposes of liability if the declarant has a means of knowing,
ought to know, or has the duty of knowing the truth. Richard v.
A. Waldman & Sons, Inc., 155 Conn. 343, 346, 232 A.2d 307 (1967).

Zimmerman has furnished the court with sworn testimony that
Cohen told him that: 1) the jurisdictional basis for the
Connecticut divorce action was flawed; 2) that if another
attorney appeared for Zimmerman, Cohen would cause the mediation
to fail; and 3) that a $300,000 bonus payable to Cohen was for
tax advice. Zimmerman's affidavit attests that these statements
were not true and may be read to imply that Cohen, at the very
least, should have known that these statements were not true, and
that they were made to induce Zimmerman into paying Cohen a
"bonus" of $300,000. Accordingly, a cause of action for both
intentional and negligent misrepresentation has been sufficiently
presented. Competing against this evidence is a marital
settlement agreement signed by Zimmerman that provides for the

8

$300,000 payment for tax planning and states that the agreement
was not born of undue influence, coercion, or misrepresentation.
A genuine issue of material fact therefore exists which must be
presented to a jury for an ultimate finding[a]

3. Connecticut Unfair Trade Practices Act (CUTPA)

Cohen next argues that he is entitled to summary judgment
regarding Zimmerman's CUTPA claim because "as a matter of law,
professional negligence does not constitute a violation of
CUTPA." Specifically, Cohen contends that Zimmerman's
"recharacterization of the defendant's allegedly substandard
representation as "deceptive," "unfair" and "commercial" does not
transform the defendant's conduct into a violation of CUTPA."
Cohen argues that Zimmerman's CUTPA claim "relies on facts
imported directly from his professional negligence claim and, as
such, is concerned chiefly with the defendant's competence and
strategy, not with the entrepreneurial aspects of the practice of
law."

---

[a] Cohen has also argued that because Zimmerman signed an
agreement stating that he was not subject to "undue influence,
coercion, [or] misrepresentation" when he agreed to pay $300,000
to Cohen, Zimmerman cannot now introduce parole evidence to prove
an intent that is contrary to the plain meaning of that language.
The court, however, cannot agree. When a party claims that he
was induced to enter into a contract by misrepresentation, parole
evidence is ordinarily admissible to prove such
misrepresentation. See Presta v. Monnier, 145 Conn. 694, 699,
146 A.2d 404, 407 (1958); see also Kenney v. McClatchie, 2003 WL
21185701, *2 (Conn. Super. Ct. May 6, 2003).

Zimmerman responds that "the allegations of the [p]laintiff's complaint fall squarely within the entrepreneurial exception."  Specifically, Zimmerman contends that "[t]he claims made by the [p]laintiff, at least in part, relate to the [d]efendants' billing practices, fees, retainer agreement and the solicitation of a fee for services he acknowledged were not provided. . . . [Such conduct] deals with the business relationship between the client and attorney."

Connecticut's Unfair Trade Practice Act, Conn. Gen. Stat. §42-110b(a) states: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  CUTPA applies to the conduct of attorneys. Heslin v. Conn. Law Clinic of Trantolo & Trantolo, 190 Conn. 510, 521, 461 A.2d 938 (1983).  The Connecticut supreme court has stated:

> [W]e have declined to hold that every provision of CUTPA permits regulation of every aspect of the practice of law. . . . We have stated, instead, that only the entrepreneurial aspects of the practice of law are covered by CUTPA. . . . [W]e conclude that professional negligence--that is, malpractice--does not fall under CUTPA.

(citations omitted; internal quotation marks omitted.) Suffield Dev. Assocs. Ltd. Partnership v. Nat'l Loan Investors, 260 Conn. 766, 781 (2002).  "[T]he most significant question in considering a CUTPA claim against an attorney is whether the allegedly

10

improper conduct is part of the attorney's professional
representation of a client or is part of the entrepreneurial
aspect of practicing law." <u>Suffield Dev. Assocs. Ltd. Partnership
v. Nat'l Loan Investors</u>, 260 Conn. 766, 781 (2002).  "The
'entrepreneurial' exception is . . . a specific exception from
CUTPA immunity for a well-defined set of activities, [including]
advertising and bill collection." <u>Id.</u> at 782.

In the present action, many of Zimmerman's allegations of
improper conduct deal with Cohen's professional representation of
Zimmerman and are thus not actionable under CUTPA.  For example,
the complaint alleges that Cohen:

> failed to secure for the Plaintiff in his
> divorce any one of the family homes despite
> at least one of the four homes being
> available to the Plaintiff at the beginning
> of negotiations[.]

However, at least one act of improper conduct alleged by
Zimmerman falls within the entrepreneurial exception.
Specifically, the complaint alleges that Cohen "designated the
'bonus' as a fee paid for 'tax advice' [after Cohen] notified
[Zimmerman] in writing that no such advice was being given."
Such a bonus deals with the entrepreneurial portion of the
practice of law subject to CUTPA and, accordingly, the motion for
summary judgment is denied with respect to the CUTPA claim.

<u>CONCLUSION</u>

For the foregoing reasons, the defendant's motion for

11

reconsideration (document no. 42) is GRANTED.  The relief

requested is also granted in that the court's order of April 23,

2004 granting partial summary judgment to the defendant (document

no. 40) is VACATED.  The clerk is ordered to substitute therefore

an order that the defendant's motion for summary judgment

(document no. 26) is DENIED.

It is so ordered, this 21st day of January, 2005 at

Hartford, Connecticut.


Alfred V. Covello
United States District Judge