UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY ZIMMERMAN : | CIVIL ACTION NO.: |
| Plaintiff : | 302CV0181 (AVC) |
| : | |
| VS. : | |
| : | |
| GARY COHEN : | |
| Defendant : | FEBRUARY 10, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE**

The defendant, Attorney Gary Cohen, respectfully submits this Memorandum of Law in Support of his Motion in Limine regarding the purported expert testimony of Geoffrey C. Hazard, Jr. ("Hazard").

I.   **FACTS**

This is a claim for legal malpractice, breach of contract, breach of the covenant of good faith and fair dealing, and negligent misrepresentation brought by the plaintiff against Attorney Cohen. The case arises out of Attorney Cohen's representation of Zimmerman in divorce proceedings between Zimmerman and his then-wife, Joan Zimmerman. Zimmerman claims that on or about August 4, 2000, he retained Attorney Cohen to represent him in a divorce proceeding against his wife, Joan Zimmerman. The divorce action had already been filed by another attorney and Attorney Cohen was hired to replace Zimmerman's prior counsel. Pursuant to the written retainer agreement

385825

between Zimmerman and Attorney Cohen, Zimmerman paid Attorney Cohen an initial retainer fee in the amount of $20,000. Zimmerman thereafter paid various additional fees to Attorney Cohen pursuant to the retainer agreement. Attorney Cohen, at Zimmerman's direction, pursued the existing divorce action in the Superior Court of the State of Connecticut. Concurrent with the divorce action pending in Connecticut, a divorce action involving the same parties was pending in Nevada. Attorney Cohen represented Zimmerman in the defense of a motion to dismiss filed in Connecticut and assisted, but was not primary counsel, in prosecuting a motion to dismiss filed in the Nevada action. After both motions to dismiss were denied and both divorce actions proceeded, the parties agreed to mediate their dispute. At issue was the disposition of marital and personal estates valued at well over $100 million.

On or about May 21, 2001, the Zimmermans, with their respective counsel, met in Chicago for a one-week mediation for the purpose of reaching a divorce settlement agreement and ending the litigation proceedings in both Connecticut and Nevada. The mediation took place from May 21, 2001 to May 25, 2001. The mediation was successful and the parties reached a settlement, memorialized in the Marital Settlement Agreement executed by Zimmerman and Joan Zimmerman on May 25, 2001.

Zimmerman now claims that during the mediation Attorney Cohen failed to remain within the scope of the representation and abide by the Zimmerman's decisions concerning said representation.

Zimmerman further alleges that Attorney Cohen proceeded to represent Zimmerman despite an alleged obvious conflict of interest. Zimmerman also alleges that during the mediation the defendant made misrepresentations to him regarding fees, information about the divorce action in Connecticut, and the scope of the representation. Zimmerman alleges that the alleged misrepresentations were made negligently or recklessly or intentionally.

Zimmerman further alleges that Attorney Cohen failed to secure one of the family homes for him and failed to properly serve or to reserve and file the divorce action in Connecticut so as to properly assert personal jurisdiction over Joan Zimmerman. Furthermore, Zimmerman claims that Attorney Cohen's conduct with respect to the fees paid is a breach of contract, breach of the covenant of good faith and fair dealing, and/or legal malpractice. Zimmerman's damage claims include the alleged loss of a portion of his estate and the alleged payment of unnecessary attorney fees.

II.     **ARGUMENT**

   A.     **A Motion in Limine Is the Proper Procedural Device to Preclude the Introduction of Inadmissible Evidence**

A motion in limine is the proper vehicle to preclude the introduction of inadmissible evidence. See Applera Corp. v. MJ Research Inc., 2004 U.S. Dist. LEXIS 1072 (D. Conn., 2004) (attached hereto as Exhibit A). Federal Rules of Evidence 401 and 402 mandate that only relevant evidence is admissible at trial. Relevant evidence is defined as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

probable than it would without the evidence. Moreover, Rule 403 allows for relevant evidence to be excluded if it is substantially outweighed by the risk of confusion of the issues or misleading the jury. Because "evidence offered in support of non-viable legal claims is not relevant, and carries a substantial risk of misleading the jury, a motion in limine is an appropriate vehicle for obtaining an order of exclusion. Id. at *4, *5; See e.g. United States v. Stop & Shop Companies, Inc., 1984 U.S. Dist. LEXIS 22103 (D. Conn., 1984) (attached hereto as Exhibit B).

In the present case the Court should exclude the plaintiff from introducing any testimony or evidence from Hazard, who has been disclosed as an expert in this matter. In particular, the Court should preclude the introduction of any testimony or evidence from Hazard because (1) Hazard is not qualified to testify as to the standard of care for a matrimonial attorney and (2) Hazard's expert report fails to offer any opinion as to the appropriate standard of care for a matrimonial attorney under the particular circumstances of the instant case. Because Hazard can offer no opinions as to the applicable standards of care, any alleged breaches thereof and/or any alleged causal relationship between the alleged breach and plaintiff's alleged damages, any testimony or evidence that Hazard might offer will be irrelevant and is therefore inadmissible.

**B.    The Plaintiff Should Be Precluded from Presenting Testimony or Evidence from Hazard As an Expert Witness**

The plaintiff should be precluded from presenting the testimony or report of Hazard because he does not meet the standards for an expert witness established under Connecticut law. Generally, a

385825                                      4

plaintiff in a legal malpractice action must establish the standard of professional skill or care through expert testimony. Davis v. Margolis, 215 Conn. 408, 416 (1990); Dunham v. Dunham, 204 Conn. 303, 317 (1987); Pearl v. Nelson, 13 Conn. App. 170, 173 (1988); Bent v. Green, 39 Conn. Sup. 416, 420 (1983). The court requires expert testimony in malpractice cases "to assist lay people, such as members of the jury and the presiding judge, to understand the applicable standard of care and to evaluate the defendant's actions in light of that standard." Id. at 416 citing Fitzmaurice v. Flynn, 167 Conn 609, 617 (1975); Decho v. Shutkin, 144 Conn. 102, 106 (1956); Bent v. Green, supra. The general standard for admissibility of expert testimony in Connecticut is that the expert must demonstrate "a special skill or knowledge, beyond the ken of the average juror, that, properly applied, would be helpful to the determination of the ultimate issue." Id. (citations omitted). The Connecticut Supreme Court has held that an expert must demonstrate more than a "casual familiarity" with the standards of the specialty in question. Id.

 The plaintiff's expert is not qualified to offer any opinions regarding standards of care because he lacks anything beyond a "casual familiarity" in the field of matrimonial law. This insufficiency is demonstrated by Hazard's expert report, which completely fails to address the standard of duty and care for a matrimonial attorney.

### 1. Hazard's Testimony Should Be Excluded Because He Lacks More Than a Casual Familiarity with the Area of Matrimonial Law

The plaintiff should be precluded from presenting testimony or evidence of any kind from Hazard, including his report, because he does not possess more than a casual familiarity with the area of matrimonial law. While Connecticut does not require its attorneys to declare formal specialties, or undergo further licensing in a particular specialty, it does recognize that the relevant experience necessary to qualify one as an expert witness in a legal malpractice action "is not shared equally be every member of the bar." Young v. Rutkin, 79 Conn. App. 355 (2003). Rather, to qualify as an expert in a matter, an attorney "must possess *special knowledge,* that…would be helpful in the determination of the question of whether the defendant's actions were in accordance with the standard of care applicable to attorneys under comparable circumstances." Id. at 362.

In Young v. Rutkin, the Connecticut Appellate Court had the opportunity to decide a case factually similar to the instant action with regard to expert testimony in a matrimonial matter. The Young plaintiff sued his attorney for malpractice following the attorney's representation of the plaintiff in proceedings to modify a divorce settlement. Id. at 356. The plaintiff had agreed to surrender his interest in the marital home and expunge a cohabitation clause. Id. The plaintiff's attorney advised him the agreement could be overturned on the basis of fraud if the wife misrepresented her intentions. Id. at 357. Following the wife's admission that she was living with someone else, just three weeks after the modification of the settlement, the plaintiff attempted to set

aside the modification agreement on the basis of fraud. Id. This attempt was unsuccessful, and the plaintiff subsequently sued his attorney for malpractice.

The plaintiff presented an expert witness who was experienced in negotiations and contracts, but had little or no experience in divorce matters. In finding that the standard of care was clearly that which applied to a matrimonial matter, the court held that the expert was not qualified to testify. The court noted that the expert spent between 1 percent and 5 percent of his total work on family law, had attended two seminars on family law, and did not subscribe to any family law journals. Id. at 360-61. Even though the court found it was clear the expert had some experience in family law matters, it found the experience was insufficient to satisfy "the minimum quantum to qualify him to render an expert opinion." Id. at 362. Therefore, the expert could not demonstrate more than a casual familiarity with the relevant standard of care. Moreover, the court in Young v. Rutkin recognized the disingenuous "eleventh-hour attempt" by the plaintiff to characterize the case as a contract case to avoid the inherent problems with his expert's qualifications as to the standard of care in a matrimonial matter. Id. In fact, "the plaintiff explicitly recognized, in his disclosure of expert witnesses…that the question before the court specifically involved the standard of care applicable in a matrimonial matter." Id.

In the present case, Hazard is not a matrimonial attorney. Rather, he specializes in legal ethics. Hazard's Curriculum Vitae (attached hereto as Exhibit C) makes no mention of matrimonial

385825                                      7

or family law, and his teaching subjects include Civil Procedure, Legal Ethics, and Federal Jurisdiction, but not matrimonial law. More significantly, Hazard has never practiced in the field of matrimonial law, has never handled a divorce matter and has never drafted a marital settlement agreement. Hazard Deposition at 12, 13, 14 (Deposition Transcript attached hereto as Exhibit D). There are many parallels between the expert in Young v. Rutkin and Hazard. Both are experienced in areas tangentially related to the issue in question, but lack experience in the core issue of the case, matrimonial law. However, Hazard is actually *less* qualified to render an opinion than the expert in Young v. Rutkin, who at least had some minimal experience in family law. Hazard cannot demonstrate more than a casual familiarity with the standards of care for a matrimonial attorney. Furthermore, the plaintiff cannot attempt to disguise the issue of this case as something other than the standard of care for a matrimonial attorney, in order to qualify Hazard. The issue is not whether Attorney Cohen conformed to the state's ethical guidelines. But rather, the issue at hand is clearly the standard of care in a matrimonial matter. The plaintiff himself has provided evidence of this fact, as he has pled this case as a legal malpractice case arising out of a matrimonial matter. Any "eleventh-hour attempt" to characterize the case as something else would be a transparent scheme to bring Hazard's testimony into court.

Therefore, Hazard is wholly unqualified to, and indeed cannot, offer any opinion with respect to the applicable standards of care, any alleged breaches thereof, or any alleged injury resulting from

the alleged breaches of the standard of care. Thus, Hazard cannot be allowed to testify in support of plaintiff's legal malpractice claim.

Plaintiff, no doubt, will argue that Hazard should be permitted to testify with respect to plaintiff's claim of an alleged conflict of interest, and plaintiff's breach of contract, misrepresentation and CUTPA claims. However, there is no place for expert testimony in the presentation of these claims. The success or failure of these claims is entirely dependent upon factual determinations regarding the alleged scope of representation, the fee agreements between Mr. Cohen and his client and the representations allegedly made by Mr. Cohen to Mr. Zimmerman.

Expert testimony to the effect that the expert believes plaintiff's allegations is neither proper nor admissible. Distilled to its essence, Hazard's opinion is that a lawyer should not accept or retain a fee his client has not agreed to pay. See Hazard Report at 2. The jury is more than capable of determining what the fee agreements between the parties were, and whether Mr. Zimmerman agreed to pay the fees in dispute without expert guidance such as that proposed by Hazard. See Hazard Depo at 52-53. Indeed, the presentation of so-called expert testimony on this issue is nothing more than an attempt to provide a patina of authority and authenticity to plaintiff's version of the events in dispute. Hazard's testimony on these factual issues is not relevant and should not be allowed.

**III.    CONCLUSION**

Because Hazard is not qualified to offer an opinion regarding the standard of care for a matrimonial attorney, any testimony or evidence from Hazard would be irrelevant and therefore inadmissible. Any probative value the evidence might conceivably have is outweighed by its prejudicial effect. Moreover, any testimony from Hazard regarding any factual issues is irrelevant, and should not be permitted. Based on the foregoing, Gary Cohen, Esq. respectfully requests that this Court grant this Motion in Limine and preclude the plaintiff from introducing any testimony or evidence from Geoffrey C. Hazard Jr., Esq.

> DEFENDANT,
> GARY COHEN
>
> By: /s/ BeB
> KATHERINE C. CALLAHAN, ESQ.
> Federal Bar Number ct06126
> BENJAMIN J. BERGER, ESQ.
> Federal Bar Number ct25555
> Updike, Kelly & Spellacy, P.C.
> One State Street
> P.O. Box 231277
> Hartford, CT 06123-1277
> Tel.: (860) 548-2600
> Fax: (860) 548-2680
> kccallahan@uks.com
> bberger@uks.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent, via facsimile, and mailed, postage prepaid, on the 10th day of February 2005, to:

Kenneth A. Votre, Esq.
Votre & Rini
201 Orange Street
New Haven, CT 06510

By: _____
BENJAMIN J. BERGER, ESQ.
Updike, Kelly & Spellacy, P.C.