LEXSEE 1984 US DIST LEXIS 22103

**UNITED STATES OF AMERICA v. THE STOP & SHOP COMPANIES, INC. and WALDBAUM, INC.**

Crim. No. B 84-51

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT.

*1984 U.S. Dist. LEXIS 22103; 1985-2 Trade Cas. (CCH) P66,689*

November 8, 1984

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1]

Melvin Lublinsky, Martha Gifford, Robert Einstein, John Greene, for Plaintiff.

WALDBAUM, David Foster, Kevin O'Regan and Richard Klein; STOP AND SHOP, Peter Flemming, T. Barry Kingham, Donald Shuck, for Defendant.

**OPINIONBY:**

CABRANES

**OPINION:**

Jose A. Cabranes, United States District Judge.

ENDORSEMENT ORDER REGARDING DEFENDANTS' JOINT MOTION TO DISMISS THE INDICTMENT, DEFENDANTS' JOINT MOTION TO DISMISS THE INDICTMENT ON THE GROUND THAT THE GRAND JURY WAS NOT INSTRUCTED PROPERLY, AND THE GOVERNMENT'S MOTION TO PRECLUDE DEFENDANTS FROM OFFERING EVIDENCE OF ECONOMIC JUSTIFICATION AT TRIAL

The court is persuaded that, as a matter of substantive law, a conspiracy to discontinue double coupons is a form of price-fixing and therefore is a per se violation of the Sherman Act. See *Catalano, Inc. v. Target Sales, Inc., 446 U.S. 643, 648-650 (1980)* (per curiam); see generally *United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 223 (1940)*. There can be no doubt that the practice of issuing double coupons constitutes an important component of the price to the consumer of specific items.

The fact that double coupons also may be used as a general promotional tool, even if true, [*2] is beside the point: Defendants could not argue that a conspiracy to end discounts on a so-called "loss leader," such as milk, would not be a per se, price-fixing violation merely because the loss leader practice serves general promotional purposes. See generally *Food & Grocer Bureau of Southern California v. United States, 139 F.2d 973 (9th Cir. 1943)*. Defendants may not act to eliminate a form of price competition even if it would lead to competition in other areas (something that defendants have not, in any case, shown).

The court also is not persuaded that a "quick look" at the market effects is required in a price-fixing case such as this one. Cf. *NCAA v. Board of Regents, U.S. , 104 S.Ct. 2948 (1984)*; *Vogel v. American Society of Appraisers, 5 Trade Reg. Rep. (CCH) Para. 66,209 (7th Cir. Sept. 20, 1984)*. However, assuming arguendo that a "quick look" would be appropriate, the "quick look" is an effort to be undertaken by the court and not the jury inasmuch as it involves an issue of law. The court is

Case 3:02-cv-00181-AVC    Document 65-3    Filed 02/10/2005    Page 2 of 2

Page 2
1984 U.S. Dist. LEXIS 22103, *; 1985-2 Trade Cas. (CCH) P66,689

persuaded that a conspiracy to discontinue double coupons would be anticompetitive as a form of price-fixing.

Since a conspiracy to discontinue [*3] double coupons is a per se offense, the government need only prove the intent to effect such a conspiracy in order to convict defendants of violation of *15 U.S.C. § 1. United States v. Koppers Co., Inc., 652 F.2d 290, 293-296* (2d Cir.), cert. denied, *452 U.S. 1083 (1981); United States v. Pike Industries, Inc., 575 F. Supp. 885, 887-890 (D. Vt. 1983);* see also *United States v. United States Gypsum Co., 438 U.S. 422, 440-441 (1978).* Such a formulation of the issues in this criminal trial is not a conclusive presumption and in no way violates the Due Process Clause of the Fifth Amendment to the United States Constitution; the alleged crime is the conspiracy to discontinue double coupons, without more. See *Koppers, supra, 652 F.2d at 295, 296 & n.6.*

The indictment is clearly sufficient on its face. See *Rule 7(c), Fed. R. Crim.P.; Pike Industries, supra, 575 F. Supp. 887-890.*

Accordingly, both of defendants' motions to dismiss the indictment are denied. The Government's motion in limine is granted, provided, however, that defendants shall be free at trial, subject to more particularized motions (filed in limine or at trial) by the government, to [*4] introduce evidence of market conditions that proves that there was no conspiracy to discontinue double coupons.

It is so ordered.

Dated at Hartford, Connecticut, this 8th day of November, 1984.