UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY ZIMMERMAN : | CIVIL ACTION NO.: |
|     Plaintiff : | 3:02 cv 0181 (AVC) |
| : | |
| VS. : | |
| : | |
| GARY COHEN : | |
|     Defendant : | FEBRUARY 10, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE**

The defendant, Attorney Gary Cohen, respectfully submits this Memorandum of Law in Support of his Motion in Limine regarding the exclusion of evidence or testimony concerning the plaintiff's legal malpractice claim.

**I.    FACTS**

This is a claim for legal malpractice, breach of contract, breach of the covenant of good faith and fair dealing, and negligent misrepresentation brought by the plaintiff against Attorney Cohen. The case arises out of Attorney Cohen's representation of Zimmerman in divorce proceedings between Zimmerman and his then-wife, Joan Zimmerman. On or about August 4, 2000, Zimmerman retained Attorney Cohen to represent him in a divorce proceeding against his wife, Joan Zimmerman. The divorce action had already been filed by another attorney and Attorney Cohen was hired to replace Zimmerman's prior counsel. Pursuant to the written retainer agreement between Zimmerman

388424
35604.1

and Attorney Cohen, Zimmerman paid Attorney Cohen an initial retainer fee in the amount of $20,000. Zimmerman thereafter paid various additional fees to Attorney Cohen pursuant to the retainer agreement. Attorney Cohen, at Zimmerman's direction, pursued the existing divorce action in the Superior Court of the State of Connecticut. Concurrent with the divorce action pending in Connecticut, a divorce action involving the same parties was pending in Nevada. Attorney Cohen represented Zimmerman in the defense of a motion to dismiss filed in Connecticut and assisted, but was not primary counsel, in prosecuting a motion to dismiss filed in the Nevada action. After both motions to dismiss were denied and both divorce actions proceeded, the parties agreed to mediate their dispute. At issue was the disposition of estates valued at well over 100 million dollars.

On or about May 21, 2001, the Zimmermans, with their respective counsel, met in Chicago for a one-week mediation for the purpose of reaching a divorce settlement agreement and ending the litigation proceedings in both Connecticut and Nevada. The mediation took place from May 21, 2001 to May 25, 2001. The mediation was successful and the parties reached a settlement memorialized in the Marital Settlement Agreement executed by Zimmerman and Joan Zimmerman on May 25, 2001.

Zimmerman now claims that during the mediation Attorney Cohen failed to remain within the scope of the representation and abide by Zimmerman's decisions concerning said representation. Zimmerman further alleges that Attorney Cohen proceeded to represent Zimmerman despite an alleged obvious conflict of interest. Zimmerman also alleges that during the mediation the defendant

made misrepresentations to him regarding fees, information about the divorce action in Connecticut, and the scope of the representation. Zimmerman further alleges that Attorney Cohen failed to secure one of the family homes for him and failed to properly serve or to reserve and file the divorce action in Connecticut so as to properly assert personal jurisdiction over Joan Zimmerman. Furthermore, Zimmerman claims that Attorney Cohen's conduct with respect to the fees paid is a breach of contract, breach of the covenant of good faith and fair dealing, and/or legal malpractice. Zimmerman's damage claims include the alleged loss of a portion of his estate and the alleged payment of unnecessary attorney fees.

## II.     ARGUMENT

The plaintiff should be precluded from presenting any evidence or testimony concerning his legal malpractice claims because such evidence is irrelevant and non-probative. The plaintiff has asserted a legal malpractice claim alleging that Attorney Cohen breached the applicable standard of care in handling his divorce action. See Plaintiff's Compl., First Count. In order to sustain a cause of action for legal malpractice in Connecticut, the plaintiff is obligated to prove, through proper expert testimony, the applicable standard of care, a breach of that standard, and causation. Cooke v. Williams & Pattis, 2002 U.S. Dist. LEXIS 27412 at *11 (D.C. Conn. Aug. 27, 2002) (attached hereto as Exhibit A). The plaintiff has not disclosed any expert witness competent to testify to these elements. The plaintiff, therefore, will be unable to sustain his claim for legal malpractice. Because

the plaintiff's legal malpractice claim is non-viable, any evidence concerning this claim is irrelevant and non-probative. See Applera Corp. v. MJ Research Inc., 2004 U.S. Dist. LEXIS 1072 at *5 (D. Conn. Jan. 28, 2004) (attached hereto as Exhibit B). Moreover, permitting the jury to hear evidence or testimony of the non-viable legal malpractice claim will be unfairly prejudicial to Attorney Cohen and will confuse the jury. Therefore, Attorney Cohen's Motion in Limine should be granted and any evidence or testimony concerning the plaintiff's legal malpractice claim should be excluded.

### A.   A Motion in Limine Is the Proper Procedure for Precluding Inadmissible Evidence

A motion in limine is the proper vehicle for precluding inadmissible evidence prior to trial. See Applera, 2004 U.S. Dist. LEXIS 1072 at *5. The Federal Rules of Evidence Rules 401-403 govern the admissibility of relevant evidence. Rule 401 provides that, "[r]elevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 provides that, "[a]ll relevant evidence is admissible...Evidence which is not relevant is not admissible."

Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Rule 403 also "gives the court discretion to exclude evidence that may be potentially

388424

- 4 -

prejudicial and which substantially outweighs its probative value." U. S. v. Tracy, 12 F.3d 1186 (1993).

### B.   Evidence or Testimony Concerning the Non-Viable Legal Malpractice Claim Is Irrelevant and Should Be Excluded to Avoid Confusing the Jury

"Evidence offered in support of non-viable legal claims is not relevant, and carries a substantial risk of misleading the jury." Applera, 2004 U.S. Dist. LEXIS 1072 at *5. The plaintiff's claim of legal malpractice is not viable because he cannot present the required expert testimony to support his claim. "To prevail on a legal malpractice claim, a plaintiff must establish (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages." Lyons v. Fairfax Properties, Inc., 2004 U.S. Dist. LEXIS 5523 at *7 (D.C. Conn. March 31, 2004) (internal quotation marks and citation omitted; attached hereto as Exhibit C). Additionally, the plaintiff must also "produce expert testimony that a breach of the professional standard of care has occurred, and that the breach was the proximate cause of the injuries suffered by the plaintiff." Cooke, 2002 U.S. Dist. LEXIS 27412 at *11 (internal citations omitted).

The plaintiff cannot establish the necessary elements of the legal malpractice claim because he is unable to present the required expert testimony. The plaintiff has disclosed two experts, Geoffrey Hazard and Mary Ferrari. Neither expert will offer opinions as to the applicable standards of care for a matrimonial lawyer, breaches of those standards, or causation. Professor Hazard has specifically testified that the settlement achieved by Attorney Cohen for Mr. Zimmerman was a good

388424

- 5 -

one and that a prudent lawyer and client would have accepted the settlement. Hazard has offered no opinions regarding plaintiff's claims of the alleged loss of the family home or other portions of his estate. Hazard specifically testified he did not intend to "be an expert in the measure of damages." Depo. at 76. Mary Ferrari, plaintiff's so-called tax expert, also cannot and will not testify to the standard of care expected of a matrimonial lawyer. She will testify about the standards applicable to a federal tax law practitioner, which standards have no bearing on this case. More significantly, Ms. Ferrari offers no causation opinion in her report as she offers pure speculation about potential adverse tax consequences to Mr. Zimmerman, but does not and cannot offer the opinion that there have been such adverse consequences as a result of anything Mr. Cohen did or failed to do (Ferrari Report, attached hereto as Exhibit D). Because plaintiff is wholly unable to establish through expert testimony the applicable standard of care, any breaches thereof and, most importantly, that the alleged breaches proximately caused his alleged injuries, the legal malpractice claim is non-viable.

Because the legal malpractice claim is non-viable, any testimony or evidence concerning it is irrelevant. See Applera, 2004 U.S. Dist. LEXIS 1072 at *5. Presentation of irrelevant evidence or testimony may mislead the jury into believing that it must consider such evidence when deciding the outcome of other claims. See id. The Court is obligated to exclude evidence that has no bearing on the consequences of an action. Id. at *4. Any evidence or testimony related to the non-viable legal malpractice claim is not necessary to determine the outcome of the plaintiff's other claims. Thus, the

Court should exclude any evidence concerning plaintiff's legal malpractice claim, including the allegations contained in Paragraphs 15 and 16 of the First Count of the Complaint, any evidence of plaintiff's claim of the loss of the Redding, Connecticut residence, any evidence of plaintiff's claim of the loss of a significant portion of his estate, and any evidence of the damages claims asserted in Paragraph iii of the *ad damnum*.

### C. Evidence or Testimony Regarding the Non-Viable Legal Malpractice Claim Should Be Excluded Because It Is Unfairly Prejudicial

The Federal Rules of Evidence permit the Court discretion to exclude evidence which would unfairly prejudice the opposing party. Fed. R. Evid. 403. The non-viable legal malpractice claim contains allegations that, if heard by the jury, would unfairly prejudice Attorney Cohen. For example, the plaintiff alleges that Attorney Cohen breached the applicable standard of care in failing to obtain certain marital property, to provide tax advice and in failing to correct certain jurisdictional defects. See Compl., First Count, ¶¶ 15, 16. Testimony or evidence from Mr. Zimmerman concerning these claims, which will not be supported by expert testimony, may arouse the jury's emotions, possibly invoking negative feelings toward Attorney Cohen. Any negative feelings the jury may have toward Attorney Cohen may adversely affect the jury's decisions regarding the other claims against him, thus subjecting Attorney Cohen to unfair prejudice. Thus, the Court should exclude the irrelevant and prejudicial evidence and afford Attorney Cohen a fair trial based on relevant evidence and testimony.

### III. CONCLUSION

Attorney Cohen respectfully requests that the Court grant his Motion in Limine to exclude any evidence or testimony concerning the plaintiff's non-viable legal malpractice claim because it is irrelevant and non-probative. Further, Attorney Cohen requests that the Court grant his Motion in Limine because presentation of irrelevant evidence and testimony concerning the non-viable legal malpractice claim would be unfairly prejudicial and may mislead the jury.

> Respectfully submitted,
> DEFENDANT,
> GARY COHEN
>
> By: _/s/_____
> KATHERINE C. CALLAHAN, ESQ.
> Federal Bar Number ct06126
> BENJAMIN J. BERGER, ESQ.
> Federal Bar Number ct25555
> Updike, Kelly & Spellacy, P.C.
> One State Street
> P.O. Box 231277
> Hartford, CT 06123-1277
> Tel.: (860) 548-2600
> Fax: (860) 548-2680
> kccallahan@uks.com
> bberger@uks.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was telefax and mailed, via U.S. mails, postage prepaid, this 10th day of February, 2005, to:

Kenneth A. Votre, Esq.
Votre & Rini
201 Orange Street
New Haven, CT 06510

By: _____
BENJAMIN J. BERGER, ESQ.
Updike, Kelly & Spellacy, P.C.