



February 16, 2005. The motion is denied without prejudice to its reargument at trial.
SO ORDERED.

Alfred V. Covello, U.S.D.J.

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY ZIMMERMAN | : | CIVIL ACTION NO.: |
|     Plaintiff | : | 302CV0181 (AVC) |
| | : | |
| VS. | : | |
| | : | |
| GARY COHEN | : | |
|     Defendant | : | FEBRUARY 10, 2005 |

## DEFENDANT'S MOTION IN LIMINE

Pursuant to Federal Rules of Evidence 401, 402 and 403, defendant, Gary Cohen, Esq., moves this Court to preclude the plaintiff from introducing any testimony or evidence from Geoffrey C. Hazard Jr., Esq. ("Hazard"), who has been disclosed as an expert in this matter. In particular, the Court should preclude the introduction of any testimony or evidence from Hazard because (1) Hazard is not qualified to testify as to the standard of care for a matrimonial attorney and (2) Hazard's expert report fails to offer any opinion regarding the appropriate standard of care for a matrimonial attorney in the above-captioned case. Any testimony or evidence from Hazard would be irrelevant and therefore inadmissible. Moreover, any probative value the evidence might conceivably have is outweighed by its prejudicial effect.

For the above reasons, and as more fully discussed in the accompanying memorandum of law, Attorney Cohen respectfully requests that his motion be granted.



385825
35604.1