

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY ZIMMERMAN : | CIVIL ACTION NUMBER |
|     Plaintiff : | 3:02 cv 0181 (AVC) |
| : | |
| VS. : | |
| : | |
| GARY COHEN : | |
|     Defendant : | FEBRUARY 15, 2005 |

### DEFENDANT'S OBJECTION TO CERTAIN EXHIBITS

Pursuant to the Pretrial Order dated April 28, 2004, defendant, Gary Cohen, Esq., objects to the admission of the plaintiff's exhibits numbers 71-74, including the deposition transcripts of Attorney Cohen and the plaintiff and the curriculum vitas of the plaintiff's experts Mary Ferrari, J.D., LL.M. and Geoffrey Hazard, J.D. Attorney Cohen objects to the admission of these exhibits because they violate Federal Rules of Evidence 801, 802 and 804 concerning hearsay.

For the above reasons, and as more fully discussed in the accompanying memorandum of law, Attorney Cohen respectfully requests that his objection be sustained.

389100

        Respectfully submitted,
        DEFENDANT,
        GARY COHEN

By: _____
        KATHERINE C. CALLAHAN, ESQ.
        Federal Bar Number ct06126
        BENJAMIN J. BERGER, ESQ.
        Federal Bar Number ct25555
        Updike, Kelly & Spellacy, P.C.
        One State Street
        P.O. Box 231277
        Hartford, CT 06123-1277
        Tel.: (860) 548-2600
        Fax: (860) 548-2680
        kccallahan@uks.com
        bberger@uks.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent via telefax and mailed, via U.S. mails, postage prepaid, this 15th day of February, 2005, to:

Kenneth A. Votre, Esq.
Votre & Rini
201 Orange Street
New Haven, CT 06510
203-498-6065

By: /s/ Benjamin J. Berger
BENJAMIN J. BERGER, ESQ.
Updike, Kelly & Spellacy, P.C.

FILED

2005 FEB 15 P 3: 16

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY ZIMMERMAN : | CIVIL ACTION NO.: |
|     Plaintiff : | 3:02 cv 0181 (AVC) |
| : | |
| VS. : | |
| : | |
| GARY COHEN : | |
|     Defendant : | FEBRUARY 15, 2005 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OBJECTION TO CERTAIN EXHIBITS

The defendant, Attorney Gary Cohen, respectfully submits this Memorandum of Law in Support of his Objection to exclude the admission of plaintiffs exhibits: No. 74, Deposition of Gary Cohen; No. 75, Deposition of Gary Zimmerman; No. 76, Curriculum Vitae of Mary Ferrari J.D., LL.M.; and No. 77, Curriculum Vitae of Geoffrey Hazard, J.D., because they violate the Federal Rules of Evidence 801, 802 and 804 concerning hearsay.

Federal Rules of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Federal Rules of Evidence 802 provides that hearsay is not admissible unless it falls under one of the hearsay exceptions. Federal Rules of Evidence 804(b)(1) provides an exception to the hearsay rule permitting the admission of deposition testimony when the witness is unavailable.

389100

The deposition transcripts are hearsay under the Federal Rules of Evidence because the statements contained in the depositions were not made by Attorney Cohen and the plaintiff while testifying at the trial. Also, the plaintiff is admitting the depositions of Attorney Cohen and the plaintiff to prove the truth of the matter asserted. Further, the depositions are inadmissible under Federal Rules of Evidence 804(b)(1) because Attorney Cohen and the plaintiff are available to testify at trial. See Broga v. Northeast Utilities, 315 F. Supp. 2d 212, 219 (D. Conn. 2004) (deposition testimony inadmissible under Federal Rules of Evidence 804 because deponent available to testify).

The curriculum vitas of the plaintiff's experts are also hearsay under the Federal Rules of Evidence. The curriculum vitas are hearsay because the statements contained within them were not made by the plaintiff's experts while testifying at the trial and the statements contained in the curriculum vitas are being admitted to prove the truth of the matter asserted. The curriculum vitas are not admissible under any exceptions to the hearsay rule. Additionally, it is unnecessary to admit the curriculum vitas as exhibits because both of the plaintiff's experts are available to testify at trial regarding their qualifications.

Therefore, Attorney Cohen respectfully requests that the Court sustain his Objection to exclude the admission of the plaintiff's exhibits Nos. 74-77 because the contents of these exhibits are hearsay under the Federal Rules of Evidence 801, 802 and 804.

Respectfully submitted,
DEFENDANT,
GARY COHEN

By: /s/ BJB
KATHERINE C. CALLAHAN, ESQ.
Federal Bar Number ct06126
BENJAMIN J. BERGER, ESQ.
Federal Bar Number ct25555
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Tel.:  (860) 548-2600
Fax:  (860) 548-2680
kccallahan@uks.com
bberger@uks.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent via telefax and mailed, via U.S. mails, postage prepaid, this 15th day of February, 2005, to:

Kenneth A. Votre, Esq.
Votre & Rini
201 Orange Street
New Haven, CT 06510

By: _____
BENJAMIN J. BERGER, ESQ.
Updike, Kelly & Spellacy, P.C.