UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY ZIMMERMAN | : | NO.: 3:02 CV0181 (AVC) |
| *Plaintiff* | : | |
| | : | |
| VS. | : | |
| | : | |
| GARY COHEN | : | February 18, 2005 |
| *Defendant* | | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY OF DOUGLAS A. JOSEPH

**FACTS**

The Plaintiff, Gary Zimmerman, is currently a resident of the State of Nevada. He was formerly a resident of Connecticut. The Defendant, Gary Cohen, is an attorney duly admitted to practice in the State of Connecticut, and is, upon information and belief, a resident of the Town of Greenwich, County of Fairfield and State of Connecticut. At all times relevant herein the Defendant, Gary Cohen, maintained a law office in the Town of Greenwich, County of Fairfield and State of Connecticut.

On or about August 4, 2000, the plaintiff, Gary Zimmerman, retained attorney Gary Cohen to represent him in a divorce proceeding against his wife Joan Zimmerman. The divorce action had already been filed by another attorney. Attorney

Cohen was hired to replace Mr. Zimmerman's prior counsel. At Attorney Cohen's request, Mr. Zimmerman executed a written retainer agreement. Pursuant to the retainer agreement executed between Mr. Zimmerman and Attorney Cohen, Mr. Zimmerman paid the Defendant an initial retainer fee in the amount of $20,000. A copy of the Retainer Agreement is attached hereto as Exhibit "A." Gary Zimmerman thereafter paid various additional retainer fees to the Defendant Gary Cohen whenever requested by the Defendant. In all, Mr. Zimmerman paid over $100,000 in billed hourly fees. The Defendant, Gary Cohen, at the Plaintiff's request, pursued the existing divorce action in the Superior Court of the State of Connecticut. Shortly thereafter, however, the Plaintiff's then wife initiated a competing divorce action against the Plaintiff, Gary Zimmerman in the State of Nevada. Attorney Cohen participated in the defense of that action as well as through local counsel.

Attorney Cohen represented Mr. Zimmerman in the defense of a motion to dismiss filed in Connecticut and assisted, in defense of a motion to dismiss filed in the Nevada action. No substantive depositions were taken. However, certain depositions limited only to the issue of jurisdiction and residence were taken.

After both motions to dismiss were denied and both divorce actions proceeded, the parties agreed to "mediate" their divorce. On or about May 17, 2001, the Plaintiff

paid the Defendant an additional retainer fee of $25,000, which was requested just prior to a scheduled mediation conference to be held in Chicago, Illinois.

On or about May 21, 2001, the Plaintiff, Attorney Gary Cohen, the Plaintiff's then wife, and her attorney, met in Chicago for a one-week mediation in an attempt to reach a divorce settlement agreement, and to end the litigation proceeding in both Connecticut and Nevada (the "Chicago Mediation").  From approximately May 21, 2001 to May 25, 2001, the Defendant, Gary Cohen represented the Plaintiff, Gary Zimmerman at the mediation.

As the mediation progressed, the Defendant, Gary Cohen's representation of the Plaintiff became directly adverse to the Plaintiff's interests, in that said representation was devoid of any degree of loyalty normally afforded a client in that the Defendant's ultimate goal was to coerce  $300,000, for the Defendant and $300,000 for Mr. Zimmerman's wife's lawyers.  In addition to Mr. Cohen's breach of the applicable standard of care, the Plaintiff claims that Attorney Cohen's action in coercing additional fees from the Plaintiff constituted fraudulent conduct and a violation of CUTPA.  During this one-week mediation attempt in Chicago, Illinois, the Defendant, Attorney Gary Cohen, demanded that the Plaintiff pay him  $300,000, in addition to approximately $150,000 of legal fees already paid by the Plaintiff, or billed by the

Defendant for his representation in the divorce proceeding upon the actual or implicit threat of withdrawal of his representation unless the Plaintiff agreed. Attorney Cohen said and implied, that he would divulge to opposing counsel certain information related to the divorce action in Connecticut which would be detrimental to Mr. Zimmerman's best interests, which information was in fact withheld from the Plaintiff Gary Zimmerman, until the time of the mediation. The $300,000 is falsely in the Separation Agreement as a fee to Attorney Cohen for tax advice given to Zimmerman Properties, Inc. (a corporation at that time to be wholly owned by Mr. Zimmerman) as well as a fee to Mr. Zimmerman's ex-wife's attorney for the same services. No tax advice was given. In fact, just before the execution of the Separation Agreement Attorney Cohen told Mr. Zimmerman in writing that he was giving no tax advice.

During this one-week mediation attempt, the Defendant, Attorney Gary Cohen also demanded that the Plaintiff pay his then wife's counsel $300,000. The Defendant, Attorney Gary Cohen advised the Plaintiff and reported to others that should the Plaintiff, Gary Zimmerman fail to pay the requested sums, the Defendant, Attorney Cohen would leave Chicago, and "shelve" the mediation and possible settlement.

The Defendant's demand of $300,000 created a conflict of interest forcing the Plaintiff to retain new counsel, an attorney admitted to practice in the State of Illinois,

to represent the Plaintiff in negotiations with the Defendant Gary Cohen. When the Defendant, Gary Cohen learned that the Defendant's new counsel would represent the Plaintiff in the mediation should the Defendant leave Chicago as intimated, the Defendant threatened or intimated that he would undermine the ongoing mediation were the Plaintiff to replace him. When the Plaintiff's new counsel informed the Defendant that the Plaintiff did not wish to pay him the demanded $300,000.00, or pay his wife's attorney $300,000, the Defendant's response was that said $600,000.00 would then have to go to his wife as part of the divorce settlement. Attorney Cohen never said this to Mr. Zimmerman. These sums were misrepresented on the Settlement Agreement creating a very risky tax position in regards to Zimmerman Properties, Inc.[1]

Moreover, the Defendant, Gary Cohen, failed to secure for the Plaintiff in his divorce proceeding any one of the family homes despite at least one of the four homes being available to the Plaintiff at the beginning of negotiations. He failed to provide any substantial tax advice at all to the Plaintiff during the course of the divorce despite assessing over $300,000 in legal fees for tax advice. In fact, Attorney Cohen expressly disclaimed providing any tax advice.

---

[1] The Plaintiff bases his misrepresentation claims as well as his CUTPA claims on the fact that these alleged misrepresentations and conduct arise from the "entrepreneurial" aspects of the relationship.

Attorney Cohen has taken the position that the approximately $46,000 balance in Mr. Zimmerman's account at the conclusion of the representation was covered by this provision. As a result, Attorney Cohen retained in addition to his hourly fees and an additional fee of $300,000 the unused portion of Mr. Zimmerman's additional retainer of $46,000.

As a result of the Defendant's conduct, the Plaintiff was damaged. In particular, the Plaintiff sustained a loss of a significant portion of his estate, incurred unnecessary attorney fees, was forced into paying large sums of money under threats, misrepresentations and intimidation that he did not want to pay, has not been provided with a final accounting of the charges incurred and amounts paid to the Defendant pursuant to the Defendant's representation during the divorce proceeding, and has been deprived of over $46,000 in retainer funds which represent payment of unearned fees to the Defendant.

**ARGUMENT:**
THE PROPOSED EXPERT IS AN ACCOUNTANT AND NOT AN ATTORNEY AND IS NOT QUALIFIED TO TESTIFY AS TO THE STANDARD OF CARE APPLICABLE TO AN ATTORNEY

The Defendant has disclosed Douglas A. Joseph, Certified Public Accountant, to testify as an expert witness in this case. The issue that he has been asked to examine is "What tax benefit would have been derived by ZP (Zimmerman Properties, Inc.) or its

shareholders in paying the legal fees for services rendered to ZP?" Any testimony regarding this issue is irrelevant, misleading and inappropriate for this case. The basic premise of his opinion centers on the assumption that services were rendered to Zimmerman Properties, Inc. Mr. Joseph even admits in his report that he is unsure that any services were provided to Zimmerman Properties, Inc.

> "The only legal proceeding that the two divorce attorneys were engaged to advocate for (that I am aware of) was the divorce of Gary and Joan. If, ancillary to the divorce proceeding, ZP separately engaged one or both attorneys to consider the tax consequences of the various scenarios (e.g. the corporation transferring properties owned by it to one or both former spouses in connection with the divorce), that would qualify as an ordinary and necessary expense of the corporation. However, I am not that either divorce attorney was so engaged by the corporation."

Further, Mr. Joseph testified in his deposition that he did not have an opinion as to whether services were rendered to Zimmerman Properties, Inc.

Q. And, Attorney Cohen, we agree, provided services to Mr. Zimmerman. And I think, based on your report, we agree that those services were rendered to Mr. Zimmerman, not Zimmerman Properties; I think that was your conclusion.

A. I'm not sure that I concluded that other than—based on the fact that there's a statement in Section 5.2 that indicates that Gary Cohen did render services to Zimmerman Properties. I have no opinion as to whether or not Gary Cohen did or

did not render services to Zimmerman Properties. However, the document says that he did. Deposition of Douglas Joseph page 15 line 15-25.

Mr. Joseph again states that he is not aware of any services rendered to Zimmerman Properties.

> Q. Now, based on what I read in your report, you are not prepared to make an opinion as to whether or not, on the facts of this case, these fees are deductible or not, properly deductible?
>
> A. My analysis got into the origin of the claim. The only claim that I was aware of was the divorce.
>
> Q. Uh huh.
>
> A. I was not aware of any services that were actually rendered to Zimmerman Properties, Inc. Deposition of Douglas Joseph, page 27 lines 4-11.

The proffered testimony of Mr. Joseph, which assumes that services were rendered to Zimmerman Properties, Inc. will mislead the jury. It also assumes facts which are contrary to the facts of this case. "When an expert renders an opinion based upon a hypothetical question that does not include all relevant evidence, his testimony is permitted so long as the question does not misrepresent the facts or mislead the fact

finder." <u>Connecticut v. Shabazz</u>, 246 Conn. 746 (1998). The testimony of Mr. Joseph will not aid the trier of fact in any way and it cannot be admitted.

The Connecticut Supreme Court has held that expert testimony "should be admitted when (1) the witness has a special skill or knowledge directly applicable to a matter in issue, (2) that skill or knowledge is not common to the average person and (3) the testimony would be helpful to the court or jury in considering the issues." <u>State v. Wargo</u>, 255 Conn. 113, 123, 763 A.2d 1 (2000). The proposed testimony would not be helpful to the court or jury. There is no evidence that any legal services were provided to Zimmerman Properties, Inc. by Attorney Gary Cohen or Attorney Grund. The admission of any testimony by Mr. Joseph which is based upon the presumption that such services were provided will only confuse the jury and will not be helpful to the determination of this action.

In addition, Mr. Joseph does not have a "special skill or knowledge directly applicable to a matter in issue." <u>Id</u>. At 123. Mr. Joseph is an accountant. The issues in this case involve the standard of care owed by an attorney to his client regarding a fee agreement. It is a case of legal ethics, misrepresentations by Attorney Cohen and violations of the Connecticut Unfair Trade Practices Act. Mr. Joseph cannot testify to the appropriateness of any advice given by Attorney Cohen because he does not have the

requisite skill required to proffer such testimony. This is not a case for malpractice toward an accountant, and the testimony of Mr. Joseph should be precluded.

THE PLAINTIFF,<br>
GARY ZIMMERMAN

BY: S/ _____
Kenneth A. Votre
Votre & Rini, P.C.
201 Orange Street
New Haven, CT 06510
Tel.: 203.498.0065
Fax.: 203.821.3595
Federal Bar No. (ct05981)

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this, the __ day of February, 2005, to the following counsel of record:

Katherine C. Callahan, Esq.
Benjamin Berger, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street, Suite 2400
P.O. Box 231277
Hartford, CT 06123-1277

Christopher P. McClancy, Esq.
1051 Post Road, Suite 3
P.O. Box 1124
Darien, CT 06820-1124

                                              S/
                                      _____
                                      Kenneth A. Votre, Esq.