UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY ZIMMERMAN : | CIVIL ACTION NUMBER |
|     Plaintiff : | 3:02 cv 0181 (AVC) |
| : | |
| VS. : | |
| : | |
| GARY COHEN : | |
|     Defendant : | FEBRUARY 22, 2005 |

### **DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to Federal Rule of Civil Procedure 50(a), defendant Gary Cohen, Esq. moves for a judgment as a matter of law. As is more fully set forth in the attached Memorandum of Law, Attorney Cohen is entitled to judgment as a matter of law on all seven Counts of plaintiff's Complaint because there is no legally sufficient evidentiary basis for a reasonable jury to find for the plaintiff.

Plaintiff has failed to put forth sufficient evidence to support his claims for legal malpractice, breach of contract and breach of the covenant of good faith and fair dealing. More specifically, plaintiff has failed to prove that he has been personally damaged by the alleged conduct of Attorney Cohen. Plaintiff has only provided evidence of alleged wrongs to Zimmerman Properties, Inc. Though a shareholder/officer of Zimmerman Properties, Inc., plaintiff is not entitled to collect damages resulting from an alleged wrong to the corporation. In addition, plaintiff has failed to provide sufficient expert and factual testimony to support his allegations of negligence against Attorney Cohen.

389824

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

The allegations in plaintiff's breach of contract and breach of the covenant of good faith and fair dealing counts are simply derivative of the negligence allegations and are similarly unsupported by the evidence presented at trial.

The Fourth, Fifth and Sixth Counts of plaintiff's Complaint sound in misrepresentation. The Court must find that plaintiff has failed to provide a legally sufficient evidentiary basis as to the misrepresentation claims. Plaintiff has failed to provide sufficient evidentiary support as to all the essential elements of a claim sounding in misrepresentation. Moreover, plaintiff's claimed damages are entirely speculative. Plaintiff has not shown that he would have received the alleged $600,000.00 premium payments had they not been paid to Attorney Cohen and Attorney Grund. Connecticut law prohibits the collection of speculative damages in a claim for misrepresentation.

Plaintiff's Seventh Count alleges that Attorney Cohen's conduct violated CUTPA. However, plaintiff has failed to meet the specific proof requirements mandated by Connecticut's adoption of the "Cigarette Rule." Because plaintiff has failed to meet the three elements of this test, this Court should find in favor of Attorney Cohen as a matter of law.

For the foregoing reasons, defendant Gary Cohen, Esq., respectfully requests that judgment enter in his favor on all counts of plaintiff's Complaint.

389824

- - 3 - -

Respectfully submitted,
DEFENDANT,
GARY COHEN


By:_____
   KATHERINE C. CALLAHAN, ESQ.
   Federal Bar Number ct06126
   BENJAMIN J. BERGER, ESQ.
   Federal Bar Number ct25555
   Updike, Kelly & Spellacy, P.C.
   One State Street
   P.O. Box 231277
   Hartford, CT 06123-1277
   Tel.: (860) 548-2600
   Fax: (860) 548-2680
   kccallahan@uks.com
   bberger@uks.com

389824

- - 4 - -

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was delivered by hand and mailed, via U.S. mails, postage prepaid, this 22nd day of February, 2005, to:

Kenneth A. Votre, Esq.
Votre & Rini
201 Orange Street
New Haven, CT 06510

By: _____
BENJAMIN J. BERGER, ESQ.

389824

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY ZIMMERMAN | : | CIVIL ACTION NUMBER |
|     Plaintiff | : | 3:02 cv 0181 (AVC) |
| | : | |
| VS. | : | |
| | : | |
| GARY COHEN | : | |
|     Defendant | : | FEBRUARY 22, 2005 |

## I.  STATEMENT OF UNDERLYING FACTS

The plaintiff, Gary Zimmerman ("plaintiff"), commenced this action by Writ, Summons and Complaint dated January 30, 2002 against the defendant, Gary Cohen ("defendant"), his former attorney. Complaint, First Count, ¶ 6. The gravamen of the plaintiff's Complaint against the defendant is his sudden dissatisfaction with the outcome of his marital dissolution proceedings, during which the defendant provided legal services to him. Id., First Count, ¶ 6. On May 25, 2001, the plaintiff and his former wife, Joan Zimmerman, signed a Marital Settlement Agreement in which the plaintiff agreed to a detailed division of substantial real and personal property owned by the parties, as well as to an allocation of responsibilities for legal fees and other expenses generated by and during the divorce action. Marital Settlement Agreement dated May 25, 2001. In particular, the plaintiff agreed to transfer to Mrs. Zimmerman certain commercial properties located in Arizona and Nevada, as well as certain real property located in California, and agreed to cooperate in the sale of the

389824

- 2 -

parties' former primary residence in Redding, Connecticut. Id., at 3-5, 8. The plaintiff also agreed that the parties' jointly held corporation, Zimmerman Properties, Inc., would pay to the defendant and to Mrs. Zimmerman's attorney $300,000 each as fees for services rendered in connection with the generation of the terms and the adoption of the Marital Settlement Agreement. Id., at 8-9. The plaintiff initialed each of the Marital Settlement Agreement's twenty-four pages, and signed the last page in the presence of a notary public. Id., at 24.

In the present action, the plaintiff expressly seeks compensation from the defendant for the agreed-upon terms in his Marital Settlement Agreement, demanding from the defendant "damages in the amount of $600,000, where said amount constitutes the amount paid as 'bonuses' to the Defendant and to counsel for his then wife, pursuant to the terms of the divorce settlement agreement," and "damages in the amount of $2,000,000, where said amount constitutes the value of the Plaintiff's residences lost as a result of the Defendant's actions." Complaint, Demand for Relief, i and iii. Despite his averments to the contrary in the Marital Settlement Agreement, the plaintiff contends that he is entitled to this relief because the defendant allegedly misled him and because the defendant's conduct allegedly fell below the applicable standard of care. Specifically, the plaintiff claims that the defendant was professionally negligent in that he: (1) failed to remain within the scope of his representation; (2) failed to abide by the plaintiff's desires; (3) threatened to compromise his loyalty to the

389824

- 3 -

plaintiff if the plaintiff did not pay him a "$300,000 bonus" at the mediation; and 4) maintained an "ultimate goal . . . to coerce a 'bonus' of over $300,000 from the plaintiff." Complaint, First Count, ¶¶ 12-15. In the Fourth and Fifth Counts, the plaintiff further alleges that the defendant intentionally and recklessly misrepresented to him that: (1) the jurisdictional basis for the Connecticut divorce was flawed and that he would disclose this fact to opposing counsel; (2) he would cause the mediation to fail if another attorney appeared for the plaintiff at the mediation; and (3) the $300,000 fee for legal services rendered at the mediation could be treated as tax deductible tax advice. Id., Fourth Count, ¶ 25; Fifth Count, ¶¶ 28, 29. Finally, the plaintiff contends that the defendant's "unfair and deceptive" conduct underlying the plaintiff's professional negligence allegations "relates to the commercial aspects of the profession of law" and, therefore, constitutes a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes §§ 42-110 et seq. Id., Seventh Count, ¶ 37, 40.

## II.   ARGUMENT

### A.   STANDARD OF REVIEW

Rule 50(a)(1) of the Federal Rules of Civil Procedure provides that:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

389824

- 4 -

F.R.C.P. 50(a)(a). A motion for judgment as a matter of law (JMOL) was formerly referred to as a motion for directed verdict. See, e.g. Galdieri-Ambrosino v. National Rhy. Dev. Corp., 136 F.3d 276, 289 (2d Cir. 1998).

Generally, a motion for JMOL is granted to in two situations: 1) where there is a complete absence of pleading or proof on an issue material to the cause of action; and 2) there are no controverted issues of fact upon which reasonable persons could differ. See Hardy v. Saliva Diagnostic Systems, Inc., 995 F. Supp. 258 (D.Conn. 1997). A mere scintilla of evidence is not sufficient to present a question for the jury. See Hunter v. Knoll Rig & Equip. Co., 70 F.3d 803, 808 (5th Cir. 1995); Isenberger v. Knight-Ridder Newspaper Sales, Inc., 97 F.3d 436, 439 (11th Cir. 1996); Gardner v. Buerger, 82 F.3d 248, 254 (8th Cir. 1996); Smith v. F. W. Morse & Co., 76 F.3d 413, 425-6 (1st Cir. 1996). Thus, the court may grant the motion for JMOL if the non-moving party has failed to adduce a "legally sufficient evidentiary basis" to support his claim. Wimmer v. Suffolk County Police Department, et al., 176 F.3d 125, 134 (2d Cir. 1999).

In the present action, Attorney Cohen is entitled to judgment as a matter of law on all seven counts because there is no legally sufficient evidentiary basis for a reasonable jury to find for the plaintiff.

**B.      PLAINTIFF CANNOT ESTABLISH HIS LEGAL MALPRACTICE CLAIM**

389824

- 5 -

The First Count of plaintiff's Complaint sounds in Legal Malpractice. Paragraphs 15 and 16 of the First Count set forth Attorney Cohen's purported breaches of the applicable standard of care. At trial however, plaintiff has provided no evidentiary support for the balance of these allegations. Plaintiff has similarly failed to provide expert testimony in support of his allegations of legal malpractice.

Before examining the individual allegations in the First Count, it is important to note that plaintiff has put forth no evidence that he was individually harmed by Attorney Cohen's conduct. Rather, plaintiff has testified repeatedly that the $300,000 premium fee paid to Attorney Cohen and the $300,000 premium fee paid to Attorney Grund were paid by Zimmerman Properties, Inc., a subchapter S corporation then held by the "Gary and Joan Zimmerman Trust." Put differently, plaintiff has put forth no evidence that he was individually harmed by the payment of those premium fees. A corporation and its stockholders are separate and distinct legal entities. See Deangelis v. Commissioner of Revenue Services, 1996 Conn. Super. LEXIS 2078 at *7 (Aug. 2, 1996), See also, Hadden v. Gatlinburg, 746 S.W. 2d 687 (1988). The Marital Settlement Agreement, and the testimony heard at trial, confirm that the premium fees were paid through the operating accounts of Zimmerman Properties, Inc. No evidence has been offered that plaintiff suffered personal harm as a result of those payments.

389824

- 6 -

Neither plaintiff, nor Attorneys Hazard and Ferrari, have offered any evidence that Attorney Cohen had any lawyer/client relationship with Zimmerman Properties. Zimmerman Properties is not even a party to this action. Plaintiff is alleging a wrong done to Zimmerman Properties, and is seeking to personally collect damages for that alleged wrong. "Where parties have deliberately undertaken to do business in the corporate form…they must be held to the corporate form and they cannot shunt aside at their convenience legal entities and the legal aspects thereof." Hadden v. Gatlinburg, 746 S.W. 2d 687 (1988). The evidence in this case confirms that plaintiff is seeking to avoid this bedrock tenet of corporate law, by shunting aside Zimmerman Properties for his own gain. At the time of the alleged wrong, plaintiff was at best, a shareholder in Zimmerman Properties. It is axiomatic that a shareholder does not have standing to assert claims alleging wrong to the corporation. Jones v. Niagra Frontier Transportation Authority, et al, 836 F.2d 731 (2nd Cir. 1987).

Taken in the context of plaintiff's malpractice claim, it is obvious that plaintiff has produced no evidence that he has personally suffered any damages from Attorney Cohen's alleged breach of the standard of care regarding fees. Neither of plaintiff's expert witnesses offered any testimony that Attorney Cohen's conduct caused plaintiff a personal harm. To the contrary, the evidence at trial as provided by both parties, confirms that Attorney Cohen's performance as a matrimonial attorney allowed plaintiff to obtain an advantageous resolution of his divorce.

389824

- 7 -

With respect to the specific allegations of negligence asserted against Attorney Cohen (as set forth in Paragraphs 15 and 16 of the First Count), plaintiff has failed to offer standard of care or causation testimony from an expert as required by Connecticut law.  In order to sustain a cause of action for legal malpractice in Connecticut, the plaintiff is obligated to prove, through proper expert testimony, the applicable standard of care, a breach of that standard, and causation.  <u>Cooke v. Williams & Pattis</u>, 2002 U.S. Dist. LEXIS 27412 at *11 (D.C. Conn. Aug. 27, 2002).  More specifically, plaintiff has presented no expert testimony that Attorney Cohen breached the standard of care with respect to: the alleged conflict of interest, the alleged failure to secure the Connecticut home or other residence, the alleged failure to properly establish personal jurisdiction in the Connecticut divorce action and the alleged failure to promptly pursue the divorce action in Connecticut.  Plaintiff has further failed to offer any expert testimony that Attorney Cohen deviated from the standard of care in the provision of tax advice as part of his divorce.  Absent this required testimony, this Court should find, as a matter of law, that Attorney Cohen has not breached the applicable standard of care.

    **C.**    **THE PLAINTIFF CANNOT ESTABLISH HIS BREACH OF CONTRACT CLAIM**

389824

- 8 -

The Second Count of plaintiff's Complaint, sounding in breach of contract, simply echoes the allegations of his legal malpractice claim. The elements of a breach of contract action are "the formation of an agreement, performance by one party, breach of the agreement by the other party and damages." <u>Rosato v. Mascardo</u>, 82 Conn. App. 396, 411 (Conn. App. Ct., 2004). As is more fully set forth in the preceding section, plaintiff has not established that he personally suffered any damages from Attorney Cohen's alleged conduct. He is not entitled to collect damages for the alleged wrong done to the corporation.

Presumably, the contract at issue in this litigation is the Retainer Agreement[1]. Plaintiff has failed to offer any evidence that Attorney Cohen breached the Retainer Agreement between the parties. Plaintiff has put forth no evidence that Attorney Cohen's performance of legal services as required by the Retainer Agreement somehow gave rise to breach of that Agreement. Plaintiff alleges that Attorney Cohen, pursuant to an agreed upon term of the Retainer Agreement, took an agreed upon premium fee. An allegation that such conduct might represent breach of that Agreement defies comprehension. Plaintiff has put forth no evidence

---

[1] The Court should be aware that the Retainer Agreement sets forth the relationship between plaintiff and Gary I. Cohen, P.C. Gary I. Cohen, P.C. is not a party to this action. Corporations, even closely held corporations, are a separate legal entity from their owners and employees for purposes of taxation, liability and regulation. <u>Joe's Pizza v. Aetna Life & Cas. Co.</u>, 236 Conn. 863, 870 (1996). Plaintiff has brought this action and presented evidence against Attorney Cohen; he has presented no evidence against Gary I. Cohen, P.C.

389824

- 9 -

that Attorney Cohen breached the Retainer Agreement in his performance under the terms of the Agreement. Such evidence is the only way to prove that Attorney Cohen breached that agreement. Absent such evidence, the breach of contract claim must fail as a matter of law.

### D.    PLAINTIFF CANNOT ESTABLSISH HIS BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiff's Third Count alleges that Attorney Cohen breached the contractual duty of good faith and fair dealing. Again, as is more fully set forth above, plaintiff has not established that he personally suffered any damages from Attorney Cohen's alleged conduct. He is not entitled to collect damages for the alleged wrong done to the corporation.

### E.    PLAINTIFF CANNOT ESTABLISH HIS INTENTIONAL/RECKLESS OR NEGLIGENT MISREPRESENTATION CLAIMS

The Fourth, Fifth and Sixth Counts of plaintiff's Complaint sound in intentional, reckless and negligent misrepresentation. Liability for negligent misrepresentation is found when "one who, in the course of business, profession or employment…supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating information." Updike, Kelly & Spellacy, P.C. v. Beckett, 269 Conn. 613, 643 (2004). The plaintiff must prove the elements of a negligent misrepresentation claim by a preponderance of evidence. Beverly Hills Concepts, Inc. v. Schatz & Schatz, Ribicoff & Kotkin, LEXIS 178 at *68

389824

- 10 -

(Conn. Super. Jan. 27, 1997). "A claim of reckless or intentional misrepresentation requires the same elements as negligent misrepresentation except that the claimant must prove that the party made the misrepresentation to induce the other party to act upon it." Studio Zee, LLC v. The Edge Tattoo Co., LEXIS 948 at *9 (Conn. Super. March 25, 2002).

In the Fourth, Fifth and Sixth counts of his Complaint, plaintiff sets forth three alleged misrepresentations by Attorney Cohen; (1) that Attorney Cohen informed plaintiff that the jurisdictional basis for the Connecticut Divorce was flawed, and that he would reveal same to the opposing side; (2) that if another attorney appeared for plaintiff, Attorney Cohen would cause the mediation to fail; and (3) that the $300,000.00 premium fee can be treated as tax advice and be deducted by plaintiff. Complaint Fourth, Fifth and Sixth Counts, ¶24. Plaintiff has failed to provide a sufficient evidentiary basis to permit any of these allegations to go before the jury.

Working backwards, plaintiff's claim that Attorney Cohen misrepresented the deductibility of the $300,000.00 premium fee is contradicted by plaintiff's own testimony. More specifically, plaintiff testified that he did claim a personal tax deduction for that fee, and that he has realized the substantial benefit of that deduction. Plaintiff has failed to meet the requirement that an alleged misrepresentation be false. Plaintiff has also failed to offer any testimony that Attorney Cohen failed to exercise reasonable care or competence in providing that information.

389824

- 11 -

Plaintiff next alleges that Attorney Cohen misled the plaintiff by claiming that he would cause the mediation to fail if another attorney represented plaintiff's interests at the mediation. Plaintiff's allegation, as expressed, is absurd and utterly lacking in evidentiary support. To support this bizarre allegation, plaintiff must prove that Attorney Cohen falsely claimed that he would cause the mediation to fail if another attorney appeared on plaintiff's behalf. Attorney Cohen's alleged statements might be construed as a threat, but not as a misrepresentation. Moreover, plaintiff has put forth no evidence that he relied on Attorney Cohen's statement to his detriment.

Finally, plaintiff alleges that Attorney Cohen misrepresented that the jurisdictional basis for the Connecticut Divorce was flawed and that he would reveal this to the opposing party. Plaintiff has provided no credible evidence in support of this allegation. Plaintiff testified that he read Mrs. Zimmerman's mediation brief prior to the mediation, which addressed the jurisdictional issue. Plaintiff further testified that he was familiar with the motions and pleadings in his divorce action, including the motion to dismiss in Connecticut which addressed the jurisdictional issue and the decision of Judge Petroni establishing jurisdiction in Connecticut.

Overarching all of these alleged misrepresentations is plaintiff's absolute failure to put forward any evidence that he relied on these statements by Attorney Cohen in signing the marital settlement agreement. Plaintiff repeatedly testified that he agreed to the marital settlement agreement because it enabled him to keep Zimmerman Properties, Inc., his main objective in the dissolution of his marriage.

389824