- 12 -

Reliance is a necessary element of a misrepresentation claim. Suffield Development Associates Ltd. Partnership v. National Loan Investors, L.P., 260 Conn. 766, 777-78 (2002); Miller v. Appleby, 183 Conn. 51, 54-55 (1981). Absent evidence of reliance, plaintiff's misrepresentation claims should be eliminated as a matter of law.

In addition to plaintiff's clear failure to meet the necessary evidentiary burdens with respect to his misrepresentation claims, these claims must also fail because of his inability to prove pecuniary loss. To recover damages, a party must show that he suffered a "substantial pecuniary loss" as a result of the misrepresentation. Beik v. Thorsen, 169 Conn. 593, 594 (1975). The damages element of a misrepresentation claim must be proven by a preponderance of evidence. Kilduff v. Adams, 219 Conn. 314, 330 (1991).

The remedies available to a plaintiff who has proven his misrepresentation claim are: (1) a right to rescind the fraudulent agreement and seek restitution and (2) affirm the agreement and seek to recover money damages. E&F Construction Co. v. Stamford, 114 Conn. 250, 258 (1932). A restitution claim is not aimed at compensating the plaintiff, but forcing the defendant to disgorge benefits that it would be unjust for him to keep. Leisure Resort Tech., Inc. v. Trading Cove Assoc., No. CV 00-0164799 LEXIS 2112 at *19 (Conn. Super. Aug. 4, 2004). On the other hand, a damages recovery is to compensate the plaintiff, and pay him, theoretically, for his losses. Id. In this case, plaintiff elected the second option, and is seeking money damages.

389824

- 13 -

The plaintiff bears the burden of proving the amount of the diminution in the value of his bargain which he suffered as a result of the alleged fraud. <u>Pacelli Brothers Transportation, Inc. v. Torino Pacelli</u>, 189 Conn. 401, 410 (1983). The court does not require an exact computation of damages. <u>Id.</u> The standard for establishing damages is that they be proved with "<u>reasonable certainty</u>." <u>Id.</u> Mere speculation does not provide reasonable certainty. <u>Leisure</u>, at *18, 20. Although damages often are not susceptible to exact pecuniary computation and must be left largely to the sound judgment of the trier, the plaintiff must provide evidence that affords the trier of fact a basis for estimating the amount of damages with reasonable certainty. <u>Beverly Hills Concepts, Inc. v. Schatz and Schatz, Ribicoff and Kotkin</u>, 247 Conn. 48, 69 (1998).

Here, the plaintiff must prove with reasonable certainty that he was entitled to the $600,000 he is claiming in damages. The plaintiff is not permitted to assume that, absent the alleged misrepresentation, the $600,000 would not have been included in the divorce settlement, with either part or all of the money going to his wife. See <u>Pacelli</u>, 189 Conn. at 411. Speculation by the plaintiff that he would have been entitled to the money in his divorce settlement is insufficient to sustain his burden of proof for damages. See <u>Pacelli</u>, 189 Conn. at 411. Unfortunately for plaintiff, assumption and speculation are all he can offer in support of his damage claims. He has offered no evidence that he would have retained the $600,000.00 but for Attorney Cohen's alleged misrepresentations. To the extent any evidence has been offered at trial regarding the disposition of the $600,000.00 should

389824

- 14 -

plaintiff have failed to sign the marital settlement agreement, that evidence indicates that the money would not have gone to the plaintiff.

G. **PLAINTIFF CANNOT ESTABLISH HIS CUTPA CLAIM**

The express language of CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. §42-110a. To determine whether an act, practice or method is deceptive, unfair and violative of CUTPA, Connecticut courts have adopted the Federal Trade Commission's "cigarette rule." Under this standard, courts seek to determine:

> (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].

A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215 (1990) (quoting Conaway v. Prestia, 191 Conn. 484, 492-93 (1983)). Plaintiff has failed to put forth any evidence that a reasonable factfinder could use to find a CUTPA violation under the cigarette rule.

Under Connecticut law, a simple breach of contract is not sufficient to establish a violation of CUTPA. Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Supp. 575, 580 (1991). Connecticut Courts have also long held that professional malpractice does not fall under

389824

CUTPA.  See  Haynes v. Yale-New Haven Hospital, 243 Conn. 17 (1997).  In Heslin v. Connecticut Law Clinic of Trantolo & Trantolo, 190 Conn. 510 (1983), the Connecticut Supreme Court restated its position that the noncommercial aspects of law should be excluded from CUTPA.  As the Court noted in Haynes, if a professional fails to meet the applicable standard of care and harm results, the remedy is not one based upon CUTPA, but upon malpractice."  Id. at 39.  Plaintiff has put forth no evidence that this claim should be decided within the realm of CUTPA and beyond the bounds of simple legal malpractice.  There has been no evidence that Attorney Cohen's conduct involved the entrepreneurial aspects of the practice of law.  That the plaintiff has also inadequately put forth a claim sounding in legal malpractice does not permit him to then seek a remedy through CUTPA.  Plaintiff has failed to establish a proper claim under CUTPA, and this count should be dismissed as a matter of law.

389824

- 16 -

### III.  CONCLUSION

For the foregoing reasons, defendant Gary Cohen, Esq., respectfully requests that judgment enter in his favor on all counts of plaintiff's Complaint.

                    Respectfully submitted,
                    DEFENDANT,
                    GARY COHEN

By:_____
    KATHERINE C. CALLAHAN, ESQ.
    Federal Bar Number ct06126
    BENJAMIN J. BERGER, ESQ.
    Federal Bar Number ct25555
    Updike, Kelly & Spellacy, P.C.
    One State Street
    P.O. Box 231277
    Hartford, CT 06123-1277
    Tel.:  (860) 548-2600
    Fax:  (860) 548-2680
    kccallahan@uks.com
    bberger@uks.com

389824

- 17 -

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was delivered by hand and mailed, via U.S. mails, postage prepaid, this 22nd day of February, 2005, to:

Kenneth A. Votre, Esq.
Votre & Rini
201 Orange Street
New Haven, CT 06510

By: _____
      BENJAMIN J. BERGER, ESQ.

389824