**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GARY ZIMMERMAN<br>Plaintiff | : | CIVIL ACTION NUMBER<br>3:02 cv 0181 (AVC) |
| VS. | : | |
| GARY COHEN<br>Defendant | : | MARCH 7, 2005 |

**DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW/MOTION FOR A NEW TRIAL**

Pursuant to Federal Rules of Civil Procedure 50(a) and 59, defendant Gary Cohen, Esq. hereby renews and supplements his motion for judgment as a matter of law. As is more fully set forth in the attached Memorandum of Law, Attorney Cohen is entitled to judgment as a matter of law on the remaining two counts of plaintiff's Complaint because there is no legally sufficient evidentiary basis to sustain these claims.

Plaintiff has failed to put forth sufficient evidence to support his claims for breach of contract and breach of the covenant of good faith and fair dealing. More specifically, plaintiff has failed to prove that he has been personally damaged by the alleged conduct of Attorney Cohen. Plaintiff has only provided evidence of alleged wrongs to Zimmerman Properties, Inc. Though a shareholder/officer of Zimmerman Properties, Inc., plaintiff is not entitled to collect damages resulting from an alleged wrong to the corporation. In addition, plaintiff has failed to provide sufficient expert

and factual testimony to support any allegations that his sharehold interest in Zimmerman Properties was damaged by Attorney Cohen's conduct. Should this Court determine that plaintiff has adequately proven that he was personally damaged by the wrong done to Zimmerman Properties, Inc., this Court must find that plaintiff has put forth no supporting his damage claims as a shareholder in Zimmerman Properties, Inc.

Finally, Attorney Cohen moves for a Judgment as a Matter of Law because of certain evidence admitted by the Court in error. More specifically, the Court should not have permitted testimony by Ms. Chaffron, Mr. Crotty and Attorney Eichner regarding the substance of conversations between them and the plaintiff regarding the plaintiff's conversation with Attorney Cohen. Such evidence is double hearsay, and the admission of this evidence was prejudicial to Attorney Cohen.

For the foregoing reasons, defendant Gary Cohen, Esq., respectfully requests that judgment enter in his favor on the remaining two counts of plaintiff's Complaint. In the alternative, Attorney Cohen respectfully requests that this Court grant a new trial.

Respectfully submitted,
DEFENDANT,
GARY COHEN

By:______________________________

KATHERINE C. CALLAHAN, ESQ.
Federal Bar Number ct06126
BENJAMIN J. BERGER, ESQ.
Federal Bar Number ct25555
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Tel.: (860) 548-2600
Fax: (860) 548-2680
kccallahan@uks.com
bberger@uks.com

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed, via U.S. mails, postage prepaid, this 7th day of March, 2005, to:

Kenneth A. Votre, Esq.
Votre & Rini
201 Orange Street
New Haven, CT 06510

By: ______________________________
BENJAMIN J. BERGER, ESQ.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GARY ZIMMERMAN<br>Plaintiff | : | CIVIL ACTION NUMBER<br>3:02 cv 0181 (AVC) |
| VS. | : | |
| GARY COHEN<br>Defendant | : | MARCH 7, 2005 |

## I. STATEMENT OF UNDERLYING FACTS

The Court is respectfully referred to the underlying motion for judgment as a matter of law a review of the pertinent underlying facts.

## II. ARGUMENT

### A. STANDARD OF REVIEW

Rule 50(a)(1) of the Federal Rules of Civil Procedure provides that:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

F.R.C.P. 50(a)(a). A motion for judgment as a matter of law (JMOL) was formerly referred to as a motion for directed verdict. See, e.g. Galdieri-Ambrosino v. National Rhy. Dev. Corp., 136 F.3d 276, 289 (2d Cir. 1998).

Generally, a motion for JMOL is granted to in two situations: 1) where there is a complete absence of pleading or proof on an issue material to the cause of action; and 2) there are no controverted issues of fact upon which reasonable persons could differ. See Hardy v. Saliva Diagnostic Systems, Inc., 995 F. Supp. 258 (D.Conn. 1997). A mere scintilla of evidence is not sufficient to present a question for the jury. See Hunter v. Knoll Rig & Equip. Co., 70 F.3d 803, 808 (5th Cir. 1995); Isenberger v. Knight-Ridder Newspaper Sales, Inc., 97 F.3d 436, 439 (11th Cir. 1996); Gardner v. Buerger, 82 F.3d 248, 254 (8th Cir. 1996); Smith v. F. W. Morse & Co., 76 F.3d 413, 425-6 (1st Cir. 1996). Thus, the court may grant the motion for JMOL if the non-moving party has failed to adduce a "legally sufficient evidentiary basis" to support his claim. Wimmer v. Suffolk County Police Department, et al., 176 F.3d 125, 134 (2d Cir. 1999).

In the present action, Attorney Cohen is entitled to judgment as a matter of law on the remaining two counts because there is no legally sufficient evidentiary basis for a reasonable jury to find for the plaintiff.

## B. THE PLAINTIFF CANNOT ESTABLISH HIS BREACH OF CONTRACT CLAIM

The elements of a breach of contract action are "the formation of an agreement, performance by one party, breach of the agreement by the other party and damages." Rosato v. Mascardo, 82 Conn. App. 396, 411 (Conn. App. Ct., 2004). As is more fully set forth below, plaintiff has not established

that he personally suffered any damages from Attorney Cohen's alleged conduct. He is not entitled to collect damages for the alleged wrong done to the corporation.

Plaintiff has put forth no evidence that he was individually harmed by Attorney Cohen's conduct. Rather, plaintiff testified repeatedly that the $300,000 premium fee paid to Attorney Cohen and the $300,000 premium fee paid to Attorney Grund were paid by Zimmerman Properties, Inc., a Subchapter S Corporation then held by the "Gary and Joan Zimmerman Trust." Put differently, plaintiff has put forth no evidence that he was individually harmed by the payment of those premium fees. It is axiomatic, that "if a person decides to do business in the corporate form for tax purposes, limited liability or other reasons, that person may not at his or her convenience opt to ignore the existence of that separate legal entity." Regits v. Hutcheson, 1994 U.S. Dist. LEXIS 725 (D. Del. 1994). A corporation and its stockholders are separate and distinct legal entities. See Deangelis v. Commissioner of Revenue Services, 1996 Conn. Super. LEXIS 2078 at *7 (Aug. 2, 1996), See also, Hadden v. Gatlinburg, 746 S.W. 2d 687 (1988). The Marital Settlement Agreement, and the testimony heard at trial, confirm that the premium fees were paid through the operating accounts of Zimmerman Properties, Inc. No evidence has been offered that plaintiff suffered personal harm as a result of those payments.

The legal question presented herein is similar to the scenario in Johnson v. Fruit Belt Elec., 1993 U.S. Dist. LEXIS 4534 (W.D. Mich. 1993). In Johnson, the plaintiff sued in his own name as

the majority shareholder of a Subchapter S corporation to recover for damages to property owned by the corporation. In granting the defendant's partial motion for summary judgment, the Court confirmed that corporations and shareholders, even in the case of Subchapter S corporations, are separate and distinct legal entities. Id. at *4. As such, "any gains or losses of the corporation are solely those of the corporate entity and not the individual shareholders." Id. The plaintiff in Johnson was prohibited from recovering for damage suffered by his Subchapter S Corporation. The Court stated definitively that the plaintiff, as a shareholder, "cannot maintain an action for a property loss sustained by the corporation." Id. Similarly, Gary Zimmerman, as a separate and distinct entity from Zimmerman Properties, Inc., cannot collect for damage done to Zimmerman Properties.

The importance of maintaining a distinction between a Subchapter S Corporation and its shareholders is clearly established in Katz v. Sullivan, 791 F. Supp. 968 (E.D. NY, 1991). In Katz, the Court confirmed that a Subchapter S Corporation is most properly treated as a corporation for all purposes except taxation. Id. at *49. The Court noted that it is improper to disregard the corporate form at the whim of a shareholder who has enjoyed the benefits of that same corporate form. Id. at *50.

Neither plaintiff, nor Attorneys Hazard and Ferrari, have offered any evidence that Attorney Cohen had any lawyer/client relationship with Zimmerman Properties. Zimmerman Properties is not even a party to this action. Plaintiff is alleging a wrong done to Zimmerman Properties, and is seeking

to personally collect damages for that alleged wrong. "Where parties have deliberately undertaken to do business in the corporate form...they must be held to the corporate form and they cannot shunt it aside at their convenience legal entities and the legal aspects thereof." Hadden v. Gatlinburg, 746 S.W. 2d 687 (1988). The evidence in this case confirms that plaintiff is seeking to avoid this bedrock tenet of corporate law, by shunting aside Zimmerman Properties for his own gain. At the time of the alleged wrong, plaintiff was at best, a shareholder in Zimmerman Properties. It is axiomatic that a shareholder does not have standing to assert claims alleging wrong to the corporation. Jones v. Niagra Frontier Transportation Authority, et al, 836 F.2d 731 (2nd Cir. 1987).

Taken in the context of plaintiff's contract claim, it is obvious that plaintiff has produced no evidence that he has personally suffered any damages from Attorney Cohen's alleged breach of the standard of care regarding fees. Neither of plaintiff's expert witnesses offered any testimony that Attorney Cohen's conduct caused plaintiff a personal harm. To the contrary, the evidence at trial as provided by both parties, confirms that Attorney Cohen's performance as a matrimonial attorney allowed plaintiff to obtain an advantageous resolution of his divorce.

Should the Court determine that the plaintiff is entitled to collect money damages for a wrong done to Zimmerman Properties, the Court must then find that plaintiff has failed to prove the amount of those damages by a preponderance of the evidence. More specifically, plaintiff put forth no evidence showing the damage to his shares of Zimmerman Properties, Inc. "The general rule in breach

of contract cases is that the award of damages is designed to place the injured party, so far as can be done by money, in the same position as that which he would have been in had the contract been performed." Jacobs v. Thomas, 26 Conn. App. 305, 313 (Conn. App. Ct., 1991). Should the Court determine that the plaintiff can collect for damage done to Zimmerman Properties, the Court must then determine the actual value of that damage to plaintiff as a shareholder in Zimmerman Properties, Inc.

There are two general methods of valuing corporate entities: "(1) capitalization of earnings, or the net present value of a future income stream; and (2) net asset value, or the present sale price of the business assets less its liabilities." West Haven Sound Dev. Corp. v. West Haven, 201 Conn. 305, 329 (Conn., 1986). Plaintiff has provided no testimony utilizing either method. Any damage award to plaintiff as a shareholder of Zimmerman Properties would be wholly speculative absent such testimony. Plaintiff has provided some general evidence of the value of some of the property holdings of Zimmerman Properties, Inc., but no specific evidence of the actual value of those holdings and other Zimmerman Properties, Inc. assets. Absent that testimony, the Court cannot award plaintiff damages as a shareholder in Zimmerman Properties, Inc.

**C. PLAINTIFF CANNOT ESTABLSISH HIS BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

Plaintiff's Third Count alleges that Attorney Cohen breached the contractual duty of good faith and fair dealing. Again, as is more fully set forth above, plaintiff has not established

that he personally suffered any damages from Attorney Cohen's alleged conduct. He is not entitled to collect damages for the alleged wrong done to the corporation.

**D. THE ADMISSION OF DOUBLE HEARSAY TESTIMONY OFFERED BY MS. CHAFFRON, MR. CROTTY AND ATTORNEY EICHMAN WAS IN ERROR**

Attorney Cohen also moves for a Judgment as a Matter of Law because of the improper admission of the hearsay within hearsay testimony of Ms. Chaffron, Mr. Crotty and Attorney Eichner. These witnesses testified to the jury regarding statements made by the plaintiff regarding statements made by Attorney Cohen. Such statements are hearsay within hearsay and meet no recognized exception to the hearsay within hearsay rule.

Hearsay within hearsay is not excluded if each part of the combined statement conforms with an exception to the hearsay rule. See Fed. R. Evid. 805; See also Steinberg v. Obstetrics-Gynecological & Infertility Group, 260 F. Supp. 2d 492 (D. Conn. 2003). Examined carefully however, plaintiff's statements to the above-referenced witnesses meet no recognized exception. While it is arguable that the statements made by Attorney Cohen meet the "Admission of Party Opponent" exception to Rule 801 (d)(2), the same exception does not apply to *plaintiff's* statements to those witnesses. Rule 801(d)(2) applies to statements "offered *against a party and is the party's own statement*." Fed. R. Evid. 801(d)(2). In this case, plaintiff offered his own statements to those witnesses against Attorney Cohen on his own

behalf. Put differently, those witnesses testified that "Mr. Zimmerman told me that Attorney Cohen said" Such evidence does not fall within the recognized exceptions to the hearsay rule and was improperly admitted because only Attorney Cohen's statements are recognized by any hearsay exception.

The admission of this evidence was prejudicial to Attorney Cohen and unfairly weighted the evidence against him. Plaintiff presented three witnesses who testified to these statements, thereby improperly bolstering the plaintiff's questionable veracity. As a result, Attorney Cohen requests that the Court order a new trial.

## III. CONCLUSION

For the foregoing reasons, defendant Gary Cohen, Esq., respectfully requests that judgment enter in his favor on the remaining counts of plaintiff's Complaint. In the alternative, Attorney Cohen requests that the Court order a new trial.

Respectfully submitted,

DEFENDANT,
GARY COHEN

By:______________________________

KATHERINE C. CALLAHAN, ESQ.
Federal Bar Number ct06126
BENJAMIN J. BERGER, ESQ.
Federal Bar Number ct25555
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Tel.: (860) 548-2600
Fax: (860) 548-2680
kccallahan@uks.com
bberger@uks.com

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was delivered by hand and mailed, via U.S. mails, postage prepaid, this 7th day of March, 2005, to:

Kenneth A. Votre, Esq.
Votre & Rini
201 Orange Street
New Haven, CT 06510

By: ______________________________
BENJAMIN J. BERGER, ESQ.