## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY ZIMMERMAN and | | |
| *Plaintiff* | : | NO.: 3:02 CV0181 (AVC) |
| | : | |
| | : | |
| VS. | : | |
| | : | |
| GARY COHEN | : | March 14, 2005 |
| *Defendant.* | | |

## <u>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW[1]</u>

<u>FACTS</u>

This action was tried to a jury from February 17, 2005 to February 23, 2005. The jury deliberated nearly eight hours over a two day period. A verdict was returned late in the day on February 24, 2004 as to Counts Two and Three of the Plaintiff's Complaint. Based upon the testimony and evidence presented at trial, the jury reasonably found the following facts in favor of the Plaintiff.

---

[1] The Defendant filed his Motion for Judgment as a Matter of Law dated February 22, 2005 at the conclusion of the Plaintiff's case in chief. The Court reserved decision. Pursuant to Fed. R. Civ. P. 50(b), the Defendant renewed his Motion for Judgment as a Matter of Law. This Memorandum of Law is filed in opposition to the Renewed Motion for Judgment as a Matter of Law and incorporates all of the material contained in the Plaintiff's original objection for the Court's convenience.

The Defendant, Gary Cohen, is an attorney duly admitted to practice in the State of Connecticut. The Defendant, Gary Cohen, maintained a law office, at all times relevant herein, in the Town of Greenwich, County of Fairfield and State of Connecticut.

On or about August 4, 2000, the plaintiff, Gary Zimmerman, retained attorney Gary Cohen to represent him in a divorce proceeding against his wife Joan Zimmerman.  The divorce action had already been filed by another attorney.  Attorney Cohen was hired to replace Mr. Zimmerman's prior counsel. At Attorney Cohen's request, Mr. Zimmerman executed a written retainer agreement.  Pursuant to the retainer agreement executed between Mr. Zimmerman and Attorney Cohen, Mr. Zimmerman paid the Defendant an initial retainer fee in the amount of $20,000.  Gary Zimmerman thereafter paid various additional retainer fees to the Defendant Gary Cohen whenever requested by the Defendant.  In all, Mr. Zimmerman paid well over $100,000 in billed hourly fees.[2]  The Defendant, Gary Cohen, at the Plaintiff's request, pursued the existing divorce action in the Superior Court of the State of Connecticut.  Shortly thereafter, however, the Plaintiff's then wife initiated a

---

[2] The evidence was that he was paid nearly $150,000, but that $11,127.40 of that was an excess retainer not returned by Mr. Cohen.

competing divorce action against the Plaintiff, Gary Zimmerman in the State of Nevada.  Attorney Cohen participated in the defense of that action with the assistance of local counsel.

Attorney Cohen represented Mr. Zimmerman in the defense of a motion to dismiss filed in Connecticut and assisted, in defense of a motion to dismiss filed in the Nevada action.  No substantive depositions were taken.  However, a deposition limited only to the issue of jurisdiction and residence was taken.

After both motions to dismiss were denied and both divorce actions proceeded, the parties agreed to "mediate" their divorce.  On or about May 17, 2001, the Plaintiff paid the Defendant an additional retainer fee of $25,000, which was requested just prior to a scheduled mediation conference to be held in Chicago, Illinois.

On or about May 21, 2001, the Plaintiff, Attorney Gary Cohen, the Plaintiff's then wife, and her attorney, met in Chicago for a one-week mediation in an attempt to reach a divorce settlement agreement, and to end the litigation proceeding in both Connecticut and Nevada (the "Chicago Mediation").  From approximately May 21, 2001 to May 25, 2001, the Defendant, Gary Cohen represented the Plaintiff, Gary Zimmerman at the mediation.

As the mediation progressed, the Defendant, Gary Cohen's representation of the Plaintiff became directly adverse to the Plaintiff's interests, in that said representation was devoid of any degree of loyalty normally afforded a client in that the Defendant's ultimate goal was to coerce $300,000, for the Defendant and $300,000 for Mr. Zimmerman's wife's lawyers. During this one-week mediation attempt in Chicago, Illinois, the Defendant, Attorney Gary Cohen, demanded that the Plaintiff pay him  $300,000, in addition to approximately $150,000 of legal fees already paid by the Plaintiff, or billed by the Defendant for his representation in the divorce proceeding upon the actual or implicit threat of withdrawal of his representation unless the Plaintiff agreed.  Attorney Cohen said and implied, that he would divulge to opposing counsel certain information related to the divorce action in Connecticut which would be detrimental to Mr. Zimmerman's best interests, which information was in fact withheld from the Plaintiff Gary Zimmerman, until the time of the mediation.  The $300,000 is set forth falsely in the Separation Agreement as a fee to Attorney Cohen for tax advice given to Zimmerman Properties, Inc. (a corporation at that time to be wholly owned by Mr. Zimmerman) as well as a fee to Mr. Zimmerman's ex-wife's attorney for the

same services.  No tax advice was given.  In fact, just before the execution of the Separation Agreement Attorney Cohen told Mr. Zimmerman in writing that he was giving no tax advice.

During this one-week mediation attempt, the Defendant, Attorney Gary Cohen also demanded that the Plaintiff pay his then wife's counsel $300,000. The Defendant, Attorney Gary Cohen advised the Plaintiff and reported to others that should the Plaintiff, Gary Zimmerman fail to pay the requested sums, the Defendant, Attorney Cohen would leave Chicago, and "shelve" the mediation and possible settlement.

The Defendant's demand of $300,000 created a conflict of interest forcing the Plaintiff to retain new counsel, an attorney admitted to practice in the State of Illinois, to represent the Plaintiff in negotiations with the Defendant Gary Cohen.  When the Defendant, Gary Cohen learned that the Defendant's new counsel would represent the Plaintiff in the mediation should the Defendant leave Chicago as intimated, the Defendant threatened or intimated that he would undermine the ongoing mediation were the Plaintiff to replace him.  When the Plaintiff's new counsel informed the Defendant that the Plaintiff did not wish to pay him the demanded $300,000.00, or pay his wife's attorney

$300,000.00, the Defendant's response was that said $600,000.00 would then have to go to his wife as part of the divorce settlement.  Attorney Cohen never said this to Mr. Zimmerman.

As a result of the Defendant's conduct, the Plaintiff, Gary Zimmerman was damaged.  In particular, the Plaintiff sustained a loss of a significant portion of his estate, incurred unnecessary attorney fees, was forced into paying large sums of money under threats, misrepresentations and intimidation that he did not want to pay, has not been provided with a final accounting of the charges incurred and amounts paid to the Defendant pursuant to the Defendant's representation during the divorce proceeding, and has been deprived of $11,127.40 in retainer funds which represent payment of unearned fees to the Defendant.

The jury verdicts on Count Two sounding in breach of contract and Count Three for breach of the covenant of good faith and fair dealing are supported by the evidence presented at trial.  A reasonable jury could have found the facts to legally support the verdict.  The Defendant's motion for judgment as a matter of law should be denied.

STANDARD OF REVIEW

Fed.R.Civ.P. 50(a)(1) provides as follows:

> If following a trial by jury a party has been fully heard on an issue and <u>there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue,</u> the court may determine the issue against that party  and may grant a motion for judgment as a matter of law against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.  (emphasis added)

In deciding a motion for judgment as a matter of law, the court is to "examine the evidence and all fair inferences in the light most favorable to the plaintiff and may not consider the credibility of witnesses, resolve conflicts in testimony or evaluate the weight of the evidence."  <u>Guilloty v. Pierluisi</u>, 339 F.3d 43 (1st Cir. 2003), quoting <u>Richmond Steel, Inc. v. Puerto Rican Am. Ins. Co.</u>, 954 F.2d 19, 22 (1st Cir. 1992).  There is no question, but that the evidence presented at the trial of this case is more than sufficient to sustain the verdict.

<u>ARGUMENT</u>

1.    PLAINTIFF PROVED THAT HE WAS PERSONALLY DAMAGED BY THE ACTIONS OF ATTORNEY COHEN

The Defendant first argues that the Plaintiff has failed to prove that he was personally damaged by the actions of the Defendant.[3]  It is the claim of the Defendant that the payment of the additional fee to Mr. Cohen out of an operating account of Zimmerman Properties, Inc. renders the payment unrecoverable by Gary Zimmerman.  The Defendant claims that the "plaintiff has put forth no evidence that he was individually harmed by the payment of those premium fees."  The Defendant's position is contrary to the facts established at trial.   Mr. Zimmerman testified that he was in control of the operation of Zimmerman Properties, Inc.  The testimony of Gary Zimmerman supports the finding of the jury that the Plaintiff had complete control and domination of Zimmerman Properties, Inc., at the time of disbursement and that the disbursement was an incident of Gary Zimmerman's damages.  Based upon the testimony and evidence presented, a reasonable jury could have found that Mr. Zimmerman was personally injured by the breach of contract and breach of the

---

[3] The court must keep in mind that at this point if the Plaintiff has provided any evidence of damages the jury's verdict must be sustained.  "When considering a Rule 50 motion after the jury has returned its verdict, the district court may set aside the verdict only where there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him.  In other words, such a motion should be denied unless the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable men could have reached."  Harris v. Niagara Mohawk Power Corp., 252 F.3d 592 (2d Cir. 2001).

covenant of good faith and fair dealing of Gary Cohen.  Clearly, the jury could

reasonably conclude that the payment of $600,000 out of Mr. Zimmerman's

company diminished his assets by $600,000.[4]  Moreover, the court charged the

jury that if they found that Mr. Zimmerman had complete dominion and control

over Zimmerman Properties, Inc., the damages were his to claim.  The only

reasonable conclusion is that the jury considered the charge and found that Mr.

Zimmerman was entitled to the claimed damages.  The Defendant cannot now

seek to overturn a factual finding of the jury when there was at least some

evidence to sustain the conclusion of the jury.

    "It is well recognized that in a contract for legal services, the client, as

holder of the fiduciary duty of the attorney, has the right to enforce the contract."

Vega v. Mirsky, 2003 Conn.Super. Lexis 2857 (2003)(attached Exhibit "A").  It is

clear from the retainer agreement in existence between Gary Cohen and Gary

Zimmerman that Mr. Zimmerman was the client.  It states, "You have asked us to

represent you in connection with your matrimonial problems."  (Plaintiff's Exhibit

1).  It is clear from this letter that the scope of the representation was Mr.

---

[4] The Defendant's position at trial was that Mr. Zimmerman would not have been allowed to keep
the bonus money had it not been paid.  It is clear that the jury did not accept that argument and
concluded otherwise on the evidence.  There was more than enough evidence to do so.  As a
result, the Defendant's claim must fail as a matter of law.

Zimmerman's divorce.  "An attorney-client relationship imposes a fiduciary duty on the attorney characterized by a unique degree of trust and confidence between the parties, one of whom has a superior knowledge, skill or expertise and is under a duty to represent the interests of the other."  Updike, Kelly & Spellacy v. Beckett, 269 Conn. 613 (2004).  There is no reference in the letter to Zimmerman Properties, Inc.  Mr. Cohen did not represent Zimmerman Properties, Inc. at any time, and he owed no duty to Zimmerman Properties, Inc. The jury found that Gary Cohen breached the contract between himself and Gary Zimmerman as well as breached the covenant of good faith and fair dealing. Sufficient evidence was put forth to support the finding of the jury that Mr. Zimmerman was personally harmed by the breach and the motion for judgment should be denied.[5]

The mere payment of the additional fees by the corporation does not in any way effect the duty owed to the client.  The commentary to Rule 1.7 of the Connecticut Rules of Professional Conduct is very clear.  "A lawyer may be paid from a source other than the client, if the client is informed of that fact and

---

[5] The Defendant, in fact, admitted in his answer to the Plainitff's Complaint that Mr. Zimmerman personally retained the services of Mr. Cohen personally.  See, Answer ¶ 6.  This admission itself establishes the contractual relationship between Mr. Zimmerman and Mr. Cohen and that Mr. Cohen is the real party in interest.

consents and the arrangement does not compromise the lawyer's duty of loyalty to the client." Regardless of who paid the fee, the duty was owed to Mr. Zimmerman. It was reasonable for the jury to conclude that he was personally damaged in an amount in excess of $370,000.[6]

In addition, Gary Zimmerman is the appropriate party in a breach of contract case against Gary Cohen under a third party beneficiary theory. Under Connecticut law a third party may pursue a breach of contract claim. "The ultimate test to be applied is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party and that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties." Colonial Discount Co. v. Avon Motors, Inc., 137 Conn. 196 (1950).

There is nothing in the contract that implies Gary Cohen was assuming any obligation toward Zimmerman Properties, Inc. In fact the letter of May 24, 2001, when read in conjunction with the Marital Settlement Agreement, evidences the fact that there was no such intention. Section 5.2 of the Marital Settlement Agreement attempts to explain the payment of additional fees to

---

[6] The Defendant does not attempt to challenge in any manner the jury's calculation of damages. Clearly, $370,982.35 is reasonable in light of the more than $700,000 put in issue.

Attorney Cohen and Attorney Grund.  "Zimmerman Properties, Inc. shall pay to

Gary Cohen and Grund & Starkopf, P.C. the sum of $300,000 each for and as

attorneys fees in connection with services rendered to Zimmerman Properties,

Inc. with respect to tax planning, counseling and in matters relating to advice and

consultation given to Zimmerman Properties, Inc. and to Husband and Wife in

conjunction with the preservation and disposition of income producing

properties."  Gary Cohen further states in his letter dated May 24, 2001 that "I

make no representations, guarantees, promises or suggestions of any kind

regarding the actual or potential adverse tax consequences to you, to the 1982

Trust, or to Zimmerman Properties, Inc. as a result of these proposed transfers."

(Plaintiff's Exhibit 4).  Through his letters and the testimony of Gary Zimmerman

and Gary Cohen, there is no evidence of an intention of the parties to extend the

fiduciary duty owed to Gary Zimmerman to Zimmerman Properties, Inc.[7]

    In the Defendant's renewed Motion for Judgment as a Matter of Law/ Motion

for a New Trial, the Defendant again raises the issue that the Plaintiff was not

personally damaged.  In support of his argument, the Defendant relies on

Johnson v. Fruit Belt Elec., 1993 U.S. Dist. Lexis 4534 (W.D. Mich. 1993).  Under

---

[7] In fact, Mr. Cohen's testimony was clear that the reason Zimmerman Properties, Inc paid the
fees was to make the payment deductible, not because any work was done for Zimmerman
Properties, Inc.  At no point did Mr. Cohen testify that he represented Zimmerman Properties, Inc.

the facts of the Johnson decision, the court held that the plaintiff could not maintain an action for property loss sustained by the corporation or seek damages based upon lost opportunities of the corporation. Under the facts of that case, Mr. Johnson was not allowed to personally litigate his claim because he was not "the real party in interest."

Of course, the Johnson case is not an example of "federal common law" but a statement of the law of Michigan which is inapplicable here. But, if we follow the Defendant's logic we need to understand Michigan law. Under the law of Michigan, "It is clear that an action must be prosecuted by the real party in interest. MCR 2.201(B). A real party in interest is one vested with the right of action on a given claim, although the beneficial interest may be in another. This standing doctrine recognizes that litigation should be commenced only by a party having an interest, that will assure sincere and vigorous advocacy." Id. at *3, quoting Stillman v. Goldfarb, 172 Mich. App. 231, 431 N.W.2d 247 (1988). This is also the law of the United States District Court as well as the State of Connecticut. See, F. R. Civ. P. 17(a), Connecticut Practice Book § 9-23. The evidence put forth at trial demonstrated that Mr. Zimmerman was the real party in interest. The contract that the jury found was breached was between Gary

Zimmerman and Gary Cohen.  The scope of the representation as provided for in the contract was for Gary Cohen to provide legal services to Gary Zimmerman in marital dissolution proceedings from Joan Zimmerman.  A reasonable jury could have concluded that in coercing Mr. Zimmerman to pay an additional fee out of the Zimmerman Properties, Inc. account, that Gary Cohen breached his contract with Gary Zimmerman, and that Gary Zimmerman was personally damaged as a result.

In addition, the Defendant incorrectly applies Michigan law, which is inapplicable in any event, to the facts of this matter.  Generally actions for injuries sustained by a corporation must be brought by the corporation and not the individual shareholders.  There is an exception in Michigan law which applies directly to the facts of this case.  "An officer may bring suit in his own name only where he can show that the breach of contract violated a duty owed directly to him as an individual."  Walker v. General Tel. Co., 2001 U.S. App. Lexis 27317, (6th Cir. 2001).  Clearly, the duty owed from Gary Cohen to Gary Zimmerman was in Zimmerman's individual capacity.  Under the law of the jurisdiction relied

upon in the arguments of the Defendant, Gary Zimmerman is the real party in interest and the motion for judgment as a matter of law should be denied.[8]

Under Connecticut law, "A party is entitled to prosecute a civil action as the real party in interest when he or she establishes an actual justiciable interest in the subject matter of the litigation. A real party in interest is defined as one who has a real, direct, actual, material or substantial interest in the subject matter of the action as distinguished from one who has only a nominal, formal, technical interest or connection with the action." Hutchinson v. Belzer, CV94031298S, Judicial District of Danbury at Danbury, (Moraghan, J. 1999).

The Defendant next claims that the Plaintiff has produced no evidence that he has personally suffered any damages from Attorney Cohen's breach of the standard of care regarding fees. Whether or not Attorney Cohen allowed the Plaintiff to gain an advantageous resolution of his divorce is irrelevant to this motion. The jury found that Attorney Cohen breached the contract in existence between Gary Cohen and Gary Zimmerman and that he breached the covenant of good faith and fair dealing. Whether or not Mr. Zimmerman received a fair

---

[8] See footnote 4 infra. The Defendant already admitted that Zimmerman personally retained Cohen personally. The Defendant cannot now argue otherwise.

resolution in his divorce has no bearing on whether he was coerced into paying additional fees to Mr. Cohen contrary to the terms of the retainer agreement.[9]

The Plaintiff has put forth sufficient evidence to support the jury's finding that that Gary Zimmerman was personally damaged because of the breach by Attorney Cohen. Gary Zimmerman testified as to the level of control that he had over Zimmerman Properties, Inc. It is reasonable to conclude that the jury considered the charge as given and found that Mr. Zimmerman had complete dominion and control over Zimmerman Properties, Inc. The Plaintiff has proven that the damages caused by the breach of the retainer agreement were personal to him. The Plaintiff's motion for judgment as a matter of law should be denied.

2.    GARY COHEN IS LEGALLY LIABLE FOR BREACH OF CONTRACT

The Defendant raises for the first time in footnote one of the Motion for Judgment as a Matter of Law dated February 22, 2005 the issue that the Retainer Agreement sets forth the relationship between the Plaintiff and Gary I Cohen, P.C. It is not necessary for Gary I. Cohen, P.C. to be a party to this

---

[9] In fact, this contention is clearly proven by the Defendant's expert's testimony. The expert's entire opinion was premised on the fact that Mr. Cohen's total fee to Mr. Zimmerman was reasonable in light of the results obtained.

action because Gary Cohen is personally responsible for the breaches that were alleged. It is clear from the statutory language, in the context of professional service corporations, that Gary Cohen is personally liable for any negligent or wrongful acts or misconduct. Conn.Gen.Stat. § 33-182e reads:

> Nothing contained in this chapter shall be interpreted to abolish, repeal, modify, restrict or limit the law in effect on May 29, 1969, in this state applicable to the professional relationship and liabilities between the person rendering the professional services and the person receiving such professional service and to the standards for professional conduct; provided any officer, agent or employee of a corporation organized under this chapter shall be personally liable and accountable only for negligent or wrongful acts or misconduct committed by him, or by any person under his direct supervision or control, while rendering professional services on behalf of the corporation to the person whom such professional services were rendered…

The jury found that Gary Cohen's negligent or wrongful conduct constituted a breach of the Retainer Agreement and a breach of the covenant of good faith and fair dealing. The jury could reasonably have found that the services rendered by Attorney Cohen were negligent or wrongful and that he was personally liable to Gary Zimmerman for these actions. "Individual attorneys who are members of a professional corporation, could be held responsible for wrongful conduct only if they personally engaged in that conduct or directly controlled or supervised the legal work at issue." Russman v. Klebanoff,

Superior Court, judicial district of Hartford-New Britain at Hartford, 1997 Conn. Super. Lexis 2726, Docket No. 539762 (October 7, 1997)(Teller, J.), See also, Stephens v. Ebenstein & Ebenstein, P.C., Superior Court, judicial district of Hartford-New Britain at Hartford, 1992 Conn.Super. Lexis 1050, Docket No. 388677 (April 20, 1992)(Burns, J.); Chicago Title Ins. Co. v. Zrenda & Hinkle, Superior Court, Judicial District of New London, 1990 Conn.Super. Lexis 1573, Docket No. 515640, 2 Conn.L.Rptr. 591 (October 7, 1997)(Teller, J.).  Mr. Cohen even admits in his answer to the complaint that the Plaintiff hired him as his lawyer.

Attorney Cohen is personally liable for the breach of contract and breach of the duty of good faith and fair dealing found by the jury.  The Defendant's motion for judgment as a matter of law should be denied.

3.    PLAINTIFF HAS PUT FORTH SUFFICIENT EVIDENCE TO SUPPORT  BREACH OF THE RETAINER AGREEMENT

The final argument advanced by the Defendant's Motion for Judgment dated February 22, 2005 as to Counts Two and Three of the Plaintiff's Complaint is that the Plaintiff has put forth no evidence that Attorney Cohen's conduct constituted a breach of the Retainer Agreement.  The Retainer Agreement

states: "Our fees are charged primarily on the basis of the time spent on your behalf. In addition to the hourly charges described, we may request an additional reasonable charge for matters of extraordinary difficulty, or which require special expertise or the giving of special priority treatment. This additional charge is subject to your approval after discussion with you. It cannot be imposed unless you agree to it." (Plaintiff's Exhibit 1). The testimony of Gary Zimmerman and Andrew Eichner support the jury's conclusion that the payment of the additional fee to Mr. Cohen was not with the agreement by Gary Zimmerman. It could reasonably be concluded from the testimony that Mr. Zimmerman informed Gary Cohen that he did not want to pay the additional retainer. In addition, Gary Cohen was contacted by Attorney Andrew Eichner and was further informed that Mr. Zimmerman was not in agreement concerning the additional fee. Any conclusion by the jury that Gary Zimmerman had the additional charge imposed on him contrary to the retainer agreement is reasonable and supported by the evidence.

4.    THE ADMISSION OF TESTIMONY OF MS. SHAFRAN, MR. CROTTY AND ATTORNEY EICHNER WAS NOT IN ERROR

The Defendant also moves for Judgment as a matter of law because of the admission of the testimony of Ms. Shafran, Mr. Crotty and Attorney Eichner. Federal Rule of Evidence 805 allows for the admission of hearsay within hearsay as long as each part of the combined statement conforms to an exception to the hearsay rule. The Defendant admits that the statements made by Attorney Cohen are admissible under the admission of a party opponent exception to the hearsay rule pursuant to Fed. R. Evid. 801(d)(2). The other half of the statements contested by the Defendant are statements made by Gary Zimmerman to Ms. Shafran, Mr. Crotty and Attorney Eichner. These statements were offered to demonstrate the state of mind of Gary Zimmerman at the time that they were made. These statements are admissible under Fed. R. Evid. 803(3). "When the state of mind of the person involved in the transaction is in dispute, that person may testify directly as to his state of mind, and others may testify to the out-of-court statements of the person, as well as his acts, to prove his mental state at the time." Tait and LaPlante's Handbook of Connecticut Evidence § 11.13.1, See, State v. Savage, 161 Conn. 445 (1971).

The statements contained in the alleged double hearsay were properly admitted as exceptions to the hearsay rule. In addition, even if the statements

were admitted improperly, it would constitute harmless error. All of the information contained in the statements of the three contested witnesses was corroborative of testimony of Gary Zimmerman and Gary Cohen in this case. The admitted evidence was not prejudicial toward Gary Cohen. Therefore the defendant's request for a new trial should be denied.[10]

<u>CONCLUSION</u>

The arguments advanced by the Defendant in his motion for judgment as a matter of law as to Counts Two and Three of the Plaintiff's Complaint must fail. The Plaintiff has more than met the minimal evidentiary standards set forth in federal law to sustain the verdict of the jury. The Plaintiff respectfully moves for the Defendant's motion to be denied.

THE PLAINTIFF,
GARY ZIMMERMAN


BY:_____
        Kenneth A. Votre
        Votre & Rini, P.C.
        201 Orange Street

---

[10] Even assuming that it was error to admit the statements, the purported hearsay are Mr. Zimmerman's statements to others, each of which he testified to also. Therefore, the statements would be in evidence whether or not they were allowed through these three witnesses. The more damaging statements are those made by Mr. Cohen, which undeniably were admitted.

New Haven, CT 06510
Tel.: 203.498.0065
Fax.: 203.821.3595
Federal Bar # (05981)

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid,

on this, the _____ day of March, 2005, to the following counsel of record:

Katherine Callahan, Esq.
Benjamin Berger, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street, Suite 2400
P.O. Box 231277
Hartford, CT 06123-1277

Christopher P. McClancy, Esq.
1051 Post Road, Suite 3
P.O. Box 1124
Darien, CT 06820-1124

_____
Kenneth A. Votre, Esq.