94

2005 MAR -7 P 4: 49

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY ZIMMERMAN | : | CIVIL ACTION NUMBER |
| Plaintiff | : | 3:02 cv 0181 (AVC) |

3:02cv0181 (AVC). April 6, 2005. This is an action for damages and equitable relief brought in connection with a failed attorney/client relationship. The plaintiff, Gary Zimmerman, alleges that his former attorney, the defendant, Gary Cohen, breached his retainer agreement and violated common law precepts concerning breach of the implied covenant of good faith and fair dealing, among other theories. On February 17, 18, 22, and 23, the parties tried the claims to a jury. On February 24, 2005, the jury found for the plaintiff on the breach of contract claim and the implied covenant claim, and implicitly found that the defendant demanded and received payment for services far beyond that agreed to in the retainer agreement. The jury awarded the plaintiff $370,982.35 in compensatory damages. The defendant now renews his motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a), arguing that the plaintiff failed to offer any evidence that he was personally damaged – a material element of the claims set forth above -- as the evidence demonstrated that an entity other than the plaintiff, Zimmerman Properties, Inc., actually paid the fees to the defendant. Further, the defendant maintains that a new trial is required pursuant to Fed. R. of Civ. P. 59, because the court allowed three of the plaintiff's witnesses, Ms. Chaffron, Mr. Crotty and Mr. Eichman, to offer testimony containing double hearsay. With respect to the first contention, the court does not agree that the record lacks evidence that the plaintiff was personally damaged. The court instructed the jury that they could award the plaintiff compensatory damages if they found "that the plaintiff, Gary Zimmerman, had complete control and domination of Zimmerman Properties, Inc." The evidence supported such a finding and, hence, the conclusion that Zimmerman Properties, Inc., was the plaintiff's alter ego, that is, the assets of Zimmerman Properties, Inc., were the assets of the plaintiff, with a loss of such assets constituting damages to the plaintiff. See e.g., Libutti v. United States, 107 F.3d 110, 119 (2d Cir. 1997) (discussing principles of reverse piercing, stating that assets of a corporate entity may be used to satisfy the debts of a controlling alter ego, and stating that "we must avoid an over-rigid 'preoccupation with questions of structure. . . and apply the preexisting and overarching principle that liability is imposed to reach an equitable result.'" ). With respect to the second contention, the court notes that the defendant has not furnished the court with specific citations to the record of testimony claimed to have been admitted in error. The defendant has therefore failed to meet his burden of showing entitlement to a new trial. See Hauf v. Internal Revenue Service, 968 F. Supp. 78, 82 (N.D.N.Y. 1997). The motion is therefore DENIED. SO ORDERED.



Alfred V. Covello, U.S.D.J.